Robert A. Sparks
Law Office of Robert A. Sparks
1552 Noble Street
Fairbanks, Alaska  99701
Phone: (907) 451-0875

Attorney for Plaintiff


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA


| | | |
|---|---|---|
| DARYL MEADOWS | ) | |
| | ) | |
| Plaintiff, | ) | Case No. A05-0032 CIV |
| | ) | |
| vs. | ) | |
| | ) | |
| SCHLUMBERGER TECHNOLOGY CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| _____ | ) | |

<u>PLAINTIFF MEADOWS' MOTION AND MEMORANDUM IN LIMINE
FOR EXCLUSION OF WITNESSES AND EVIDENCE</u>

Plaintiff Daryl Meadows, by and through his counsel of record, Robert A. Sparks, the Law Office of Robert A. Sparks, files this Motion In Limine to request exclusion of evidence and witnesses Defendant intentionally failed to timely disclose from the trial of this matter.[1]  Plaintiff Meadows seeks an order striking witnesses included in Defendant's Amended and Second

---

[1] Plaintiff's attorney, Robert A. Sparks hereby certifies that he has conferred with Defendant's attorney regarding the subject of this motion and was unable to resolve the issues raised herein.

Meadows v. Schlumberger
page 1

Amended witness list that Defendant intentionally failed to disclose on its timely lay witness list. Plaintiff Meadows further seeks to exclude from evidence Defendant's supplemental medical expert witness report from Dr. Neil Pitzer, because Defendant Schlumberger intentionally failed to timely disclose the materials and information upon which the supplemental expert report was based prior to the doctor's deposition in Colorado. Plaintiff also seeks to exclude Dr. Pitzer's supplemental report because it would not be helpful to the jury.

## FACTS

_____The parties stipulated to the filing of Lay Witness Lists on December 31, 2005, and the exchange of expert witness reports and disclosures on January 31, 2006. Docket 22, 25.

Defendant Schlumberger's counsel, Shannon Martin, had negotiated the terms for Defendant's medical expert, Dr. Neil Pitzer's, deposition with Plaintiff Meadow's co-counsel, Attorney Mark Colbert from Ardmore, Oklahoma. Mr. Martin was aware that Mr. Colbert would be traveling from Oklahoma to attend Dr. Pitzer's deposition on February 7, 2006, in Colorado. See R. Sparks Affidavit.

On Monday, February 6, 2006, the day prior Dr. Pitzer's deposition, Defendant's attorney delivered via express mail (sent February 3, 2006), copies of Surveillance Reports and computer

Meadows v. Schlumberger
page 2

disks containing videotaped surveillance footage of Plaintiff Meadows. <u>See</u> R. Sparks Affidavit. Defendant also provided on February 6, 2006, a supplemental al report by Dr. Pitzer, attached hereto as Exhibit "A", which is based on the surveillance footage. <u>See</u> R. Sparks Affidavit; Exhibit "A" report.

Plaintiff's Alaska Counsel, Robert Sparks, was unable to contact Mr. Colbert by phone prior to the deposition scheduled in Colorado on Tuesday, February 7, 2006. <u>See</u> R. Sparks Affidavit. Mr. Colbert did not receive the materials at his office in Oklahoma until he had already left for Colorado. Mr. Colbert's office was unable to get in touch with him prior to Dr. Pitzer's deposition on February 7, 2006. <u>See</u> Robert Sparks Affidavit. Mr. Colbert had no opportunity to review the supplemental expert report by Dr. Pitzer or the surveillance videotapes on which it was based prior to Dr. Pitzer's deposition. <u>See</u> Robert Sparks Affidavit.

Defendant Schlumberger subsequently filed late Amended and Second Amended Witness Lists including 11 private investigators who had shot the surveillance footage. <u>See</u> documents 31, 32. Witnesses no. 4, 5, 6, 10, 15, 17, 22, 23, 44, 48 and 50 are the investigators. <u>See</u> R. Sparks Affidavit. Defendant has failed to provide Plaintiff Meadows counsel with any reasonable explanation

Meadows v. Schlumberger
page 3

as to why it did not list any of these lay witnesses on its timely filed lay witness list in this case.   <u>See</u> R. Sparks Affidavit.

Defendant Schlumberger had admitted that there is an additional video of surveillance footage that was reviewed by Dr. Pitzer in preparing his supplemental report that Defendant has not yet produced to Plaintiff's Attorneys.   <u>See</u> R. Sparks Affidavit.

**<u>LEGAL AUTHORITIES</u>**

This is not a case of an mistake or slip-up, Defendant Schlumberger intentionally failed to list lay witnesses that it intended to call at the trial of this action, in order to gain an unfair advantage over an injured oil field worker, Plaintiff Meadows.

Defendant's actions were specifically designed to prejudice Plaintiff by Schlumberger's concealment of the existence of the surveillance footage in Defendant's possession until following Plaintiff Meadows medical expert's deposition on February 3, 2006. Defendant compounded the prejudice by failing to make the intentionally withheld materials reasonably available to Plaintiff Meadow's counsel sufficiently prior to Dr. Pitzer's deposition to allow an effective cross-examination of Defendant's expert. Defendant admits that it has still failed to produce all

Meadows v. Schlumberger
page 4

of the surveillance video footage relied upon by Dr. Pitzer in preparing his supplemental report. See R. Sparks Affidavit.

Pursuant to F.R.C.P. 16(f):

If a party or party's attorney fails to obey a scheduling or pretrial order, . . ., the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B)(C),(D) . . ..

F.R.C.P. 16(f). Rule 37(b)(2)(B) provides authority for this Court to refuse "to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence." Id.

Defendant Schlumberger intentionally failed to disclose the lay witnesses it has included in its untimely filed Amended and Second Amended Witness Lists, See documents 31, 32. Defendant intentionally failed to disclose these witnesses in order to obtain an unfair advantage over Plaintiff Meadows.

Defendant intentionally failed to disclose Dr. Pitzer's supplemental expert report and intentionally failed to disclose all of the surveillance videos supporting Dr. Pitzer's supplemental report in a reasonable manner, in order to prevent Plaintiff Meadows' co-counsel, Mark Colbert, from being prepared to effectively cross-examine Dr. Pitzer on the subjects of the surveillance videos and his supplemental reports. Defendant's intentional actions also sand-bagged Plaintiff's medical expert

Meadows v. Schlumberger
page 5

witness, whose deposition was taken by the Defendant prior to any disclosures on February 3, 2006.

Dr. Pitzer's supplemental report should also be excluded, because it is not helpful to the jury in this case and invades the jury's fact-finding.  See F.R.E. 702; U.S. v. Finley, 301 F.3d 1000, 1007 (9th Cir. 2002).  Dr. Pitzer's supplemental report is attached hereto as Exhibit "A" hereto.  Dr. Pitzer's supplemental report merely relates factual descriptions of the scenes shown in the surveillance videos and includes his subjective opinions.

Dr. Pitzer concludes that:

> It would appear that Mr. Meadows does not require a cane for ambulation.  It is likely given his September 14 video that he is using a cane when in public view, but does not require a cane for ambulation.  It is likely that he is not experiencing significant leg pain as his need for a cane is clearly not indicated by the surveillance video.  I suspect there is symptom magnification or malingering present based on the video and my previous examination and his recent normal testing.

See Exhibit "A" Pitzer Supplemental Report.  Dr. Pitzer's conclusions are not medical related, they are factual opinions about Plaintiff's performance on the surveillance videos.  These are not medical conclusions, these are conclusions that are well within the province of the jury and Dr. Pitzer's opinions on these factual subjects are not helpful to the jury and should be excluded.

Meadows v. Schlumberger
page 6

Conclusion

Plaintiff Meadows respectfully requests that this Court grant Plaintiff's Motion In Limine and strike Defendant's investigators Ben Cox, Robert Cox, Scott Crowe, Ali Elner, Cody Green, Michael Hayes, Blake Honeycutt, Jon Hull, Jay Rider, Lance West and Joe Wolf from the Defendant's witness list. Plaintiff further requests that the Court strike Dr. Pitzer's supplemental report from evidence, because of Defendant's failure to timely disclose the evidence supporting the report to allow effective cross-examination at the doctor's deposition and because the report would not be helpful to the jury.

DATED this _____ day of February, 2006, at Fairbanks, Alaska.

THE LAW OFFICE OF ROBERT A. SPARKS

_____
Robert A. Sparks
Attorney for Plaintiff

1552 Noble Street
Fairbanks, Alaska 99701
(907) 451-0875
Fax: (907) 451-9385
E-mail: sparkslawoffice@yahoo.com
Membership No.: 8611139

CERTIFICATE OF SERVICE

I hereby certify that on the _15th day of February, 2006, a copy of forgoing was served by E-Mail on:
Shannon W. Martin

Meadows v. Schlumberger
page 7

Lane Powell LLC
and by regular mail to:
Mark Colbert, Esq

By: /s/ Robert A. Sparks

_____