Robert A. Sparks
Law Office of Robert A. Sparks
1552 Noble Street
Fairbanks, Alaska  99701
Phone:  (907) 451-0875

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DARYL MEADOWS ) | |
| ) | |
| Plaintiff, ) | Case No. A05-0032 CIV |
| ) | |
| vs. ) | |
| ) | |
| SCHLUMBERGER TECHNOLOGY ) | |
| CORPORATION ) | |
| ) | |
| Defendant. ) | |
| _____) | |
| _____) | |

PLAINTIFF MEADOWS' REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION IN LIMINE FOR EXCLUSION
OF WITNESSES AND EVIDENCE

Defendant Schlumberger Technology Corporation's Opposition to Plaintiff Meadows Motion In Limine fails to address the issues raised in Plaintiff Meadows' Motion regarding exclusion of 11 lay witnesses Defendant intentionally failed to list in its lay witness list in this case and exclusion of other expert evidence that was not timely disclosed to Plaintiff.

There is no dispute lay witness discovery in this case ended during November 2005 and that the parties' final lay witness

Meadows v. Schlumberger
page 1

lists in this case were due to be filed on January 6, 2006. Docket 22. Defendant Schlumberger admits that it intentionally did not disclose to Plaintiff Meadows or list 11 private investigators on its lay witness list and intentionally withheld that information until Defendant filed its amended witness lists 31 and 33 days following the lay witness list deadline.

Further, Defendant admits providing additional information to its medical expert, Dr. Pitzer, subsequent to his completion of his expert witness report in this case, and does not deny that it did not make the supplemental report and information upon which the supplemental report was based reasonably available to Plaintiff Meadow's counsel prior to Dr. Pitzer's discovery deposition in this case. See Defendant's Opposition at p. 5-6.

**ARGUMENT**

Pursuant to F.R.C.P. 16(f):

> If a party or party's attorney fails to obey a scheduling or pretrial order, . . ., the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B)(C),(D) . . ..

F.R.C.P. 16(f). Rule 37(b)(2)(B) provides authority for this Court to refuse "to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence." Id.

Defendant Schlumberger has admitted that it intentionally

Meadows v. Schlumberger
page 2

failed to timely list 11 private investigator lay witnesses on its lay witness list in this case, because it intended to conceal the investigation of Plaintiff.  Defendant Schlumberger also refused Plaintiff Meadows' attorney's reasonable offer that Defendant Schlumberger pay the additional costs and attorney's fees of producing and deposing Defendant's late listed witnesses. See Defendant's Exhibit "M" Sparks letter to Martin 2/9/06; Defendant's Exhibit "N" Martin Letter to Sparks 2/10/06.

Plaintiff Meadows has been prejudiced by Defendant's actions in failing to timely list its investigator witnesses, because lay discovery has and continuing with lay witness discovery regarding the defendant's new witnesses at this late date will be time-consuming and expensive, because the witnesses are located outside of Alaska.

Defendant's bad faith and wilful conduct in failing to list lay witnesses of which it was aware on the date the final lay witness lists were due was a bad faith intentional violation of the Court's Pre-trial order and the court should preclude Defendant from calling its late listed witnesses.  See Wong v. Regents of University of California, 410 F.3d 1052, 1060-61 (9th Cir. 2005).

The Ninth Circuit in Wong considered on appeal a district court order sanctioning the plaintiff by exclusion of a late

disclosed expert witness. Id. at 1060-61. The Ninth Circuit held that where the Plaintiff should have been reasonably aware of the necessity of an expert to prove the essential elements of his case, that "[i]t was not unfair for the district court to expect him to prepare to do so, and to identify the witnesses he needed for that purpose, on a timely basis." Id. Defendant's intentional conduct in the present case presents even more compelling justification why Defendant's late listed witnesses should be excluded.

Defendant also intentionally delayed the production of its medical expert witness, Dr. Neil Pitzer's supplemental expert report, and intentionally failed to timely disclose all of the surveillance videos in its possession that allegedly supported Dr. Pitzer's supplemental report, in order to prevent Plaintiff Meadows' counsel from being prepared to effectively cross-examine Dr. Pitzer on the subjects of the surveillance videos and his supplemental reports at the discovery deposition for Dr. Pitzer on February 7, 2006 and to sand-bag Plaintiffs medical expert Dr. Schade at his discovery deposition February 3, 2006.

Defendant Schlumberger obtained an unfair advantage by failing to reveal its surveillance evidence and Dr. Pitzer's supplemental report, in a reasonable manner prior to Dr. Pitzer's deposition. Defendant had an obligation to fully disclose its

Meadows v. Schlumberger
page 4

expert report and supporting materials, prior to its taking Dr. Schade's discovery deposition.

Defendant should not be allowed to profit from its abusive discovery practices and this court should exclude the undisclosed surveillance videos, prohibit Defendant from using Dr. Schade's discovery deposition at trial and exclude from trial Dr. Pitzer's supplemental report. The only reasonable alternative to exclusion of Dr. Pitzer's supplemental report, would be to require Defendant to bear the costs and attorney's fees involved in Plaintiff Meadow's travel to Colorado to re-depose Dr. Pitzer regarding his supplemental report.

Conclusion

Plaintiff Meadows respectfully requests that this Court grant Plaintiff's Motion In Limine and strike Defendant's 11 private investigators[1] from the Defendant's late filed witness lists. Plaintiff further requests that the Court strike Dr. Pitzer's supplemental report from evidence, because of Defendant's failure to timely disclose the evidence supporting the report to allow effective cross-examination at the doctor's deposition and because the report would not be helpful to the jury.

---

[1] Ben Cox, Robert Cox, Scott Crowe, Ali Elner, Cody Green, Michael Hayes, Blake Honeycutt, Jon Hull, Jay Rider, Lance West and Joe Wolf

Meadows v. Schlumberger
page 5

DATED this \_\_\_\_\_ day of March, 2006, at Fairbanks, Alaska.
THE LAW OFFICE OF ROBERT A. SPARKS

/s/ Robert A. Sparks
Robert A. Sparks
Attorney for Plaintiff
1552 Noble Street
Fairbanks, Alaska 99701
(907) 451-0875
Fax: (907) 451-9385
E-mail: sparkslawoffice@yahoo.com
Membership No.: 8611139

CERTIFICATE OF SERVICE

I hereby certify that on the _23rd day of March, 2006, a copy of forgoing was served by E-Mail on:
Shannon W. Martin
Lane Powell LLC
and by regular mail to:
Mark Colbert, Esq

By: /s/ Robert A. Sparks