Brewster H. Jamieson, ASBA No. 8411122
Shannon W. Martin, ASBA No. 0105028
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone:  907-277-9511
Facsimile:  907-276-2631
Email:   martins@lanepowell.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DARYL MEADOWS,<br><br>                              Plaintiff,<br><br>v.<br><br>SCHLUMBERGER TECHNOLOGY COPORATION, a foreign corporation,<br><br>                              Defendant. | Case No. 3:05-cv-00032-TMB<br><br>**MOTION TO PERMIT PRESENTATION OF WITNESS (JIM WOOD'S) TESTIMONY IN OPEN COURT BY CONTEMPORANEOUS TRANSMISSION FROM OKLAHOMA; OR, IN THE ALTERNATIVE, TO ALLOW MR. OWEN'S TRIAL TESTIMONY TO BE CAPTURED BY VIDEOTAPE DEPOSITION PRIOR TO TRIAL** |

Defendant Schlumberger Technology Corporation, by and through counsel, hereby moves the Court pursuant to FRCP 43(a) for an order allowing the testimony of Jim Wood to be presented in open court at trial by contemporaneous video or audio transmission from Mr. Wood's home-state of Oklahoma.  Because of Mr. Wood's work schedule, it will not be possible for him to travel from Oklahoma to Anchorage in order to present his testimony in person at trial.  In the alternative, Schlumberger moves to be allowed to take the videotaped deposition of Mr. Wood in Oklahoma to be presented at trial.

## **FACTS**

Submitted herewith are the declarations of Mr. Wood and Shannon Martin, which establish the following:

Mr. Wood was employed by Nabors Alaska Drilling, Inc. in October, 2003, and was present on Nabors' Rig 33E when plaintiff was allegedly injured.  (Wood Dec., ¶ 3; Martin Dec., ¶ 6).  Mr. Wood's current residence is in Fairland, Oklahoma, and he currently works as a Toolpusher in Wheeler, Texas.  (Wood Dec., ¶¶ 2, 5).  Mr. Wood's work schedule is "week on/week off" and he

is scheduled to go back to work on Wednesday, August 16, 2006. (Wood Dec., ¶ 4). He will be off work from Wednesday, October 4, 2006, through Wednesday, October 11, 2006, and will return to work from Wednesday, October 11, 2006, through October 18, 2006. (*Id.*). Mr. Wood drives from his home in Oklahoma 420 miles to his work in Wheeler, Texas, a trip which takes 7 hours each way. (Wood Dec., ¶ 5; *and see* Martin Dec., ¶ 3). Because of Mr. Wood's work schedule, it will not be possible for him to appear in Anchorage for the trial in this matter. (Wood Dec., ¶ 6).

In an August 15, 2006, telephone conversation with Schlumberger counsel Shannon Martin, Mr. Wood informed Mr. Martin of his work schedule as set out above. In light of Mr. Wood's current work schedule, the only two days that he will not be working or driving to or from work during the trial in this matter are Tuesday, October 10, 2006, and Thursday, October 19, 2006. (Martin Dec., ¶ 4). It would be impractical for Mr. Wood to travel from Anchorage to Oklahoma to testify at trial and then return to Oklahoma under these time constraints. (Martin Dec., ¶ 5).

However, Mr. Wood is willing and able to testify in open court at trial in this case by contemporaneous video or audio transmission from Miami, Oklahoma or Oklahoma City, at a mutually agreed time and place. (Wood Dec., ¶ 6; Martin Dec., ¶ 5). In the alternative, Mr. Wood is also willing and able to have his videotaped deposition taken in Miami, Oklahoma prior to trial, again at a mutually agreed time and place. (Wood Dec., ¶ 6; Martin Dec., ¶ 5).

Mr. Wood's testimony is very important to Schlumberger's defense, as he was formerly employed by Nabors and was the Driller on duty on the rig at the time of plaintiff's alleged injury. (Martin Dec., ¶ 6). Mr. Wood's testimony is highly relevant to the issue of liability, as his testimony will be indispensable to Schlumberger's claim that Nabors is responsible for the incident that allegedly caused Mr. Meadow's injuries. (Martin Dec., ¶ 6).

## **ARGUMENT**

FRCP 43(a) provides that this Court may "for good cause shown in compelling circumstances and upon appropriate safeguards, permit presentation of testimony in open court by contemporaneous transmission from a different location." The "good cause" and "compelling

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Motion to Permit Presentation of Witness (Jim Wood's) Testimony in Open Court
by Contemporaneous Transmission From Oklahoma, or, in the Alternative, to Allow
Mr. Owen's Trial Testimony to be Captured By Videotape Deposition Prior to Trial**
**Daryl Meadows v. Schlumberger Technology Corporation** (Case No. A05-0032 CV (JKS))   Page 2 of 5

circumstances" in this matter are that it will not be possible for Mr. Wood to travel to Anchorage in October to attend trial in person.

The Advisory Note Committee Note to the 1996 Amendment to FRCP 43(a) (which added the "contemporaneous transmission" provision) provides in part: "Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.  The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons."  However, the Ninth Circuit and other courts have indicated that "geographical limitation" is a sufficient cause to allow contemporaneous transmission under Rule 43(a).  *See Beltran-Tirado v. Immigration and Naturalization Service*, 213 F.3d 1179, 1186 (9th Cir. 2000) (holding that there was "reason" to arrange for telephonic testimony because the witness lived in Missouri while the hearing was held in San Diego, and finding that the testimony would have been admissible in a civil proceeding under Rule 43(a)); *Federal Trade Commission v. Swedish Match North America, Inc.*, 197 F.R.D. 1, 2 (D.D.C. 2000) (good cause for contemporaneous video transmission was shown by serious inconvenience of requiring the witness, a resident of Oklahoma, to appear at a hearing in Washington, D.C.; the court also noting that the Ninth Circuit "has already suggested that geographic limitation is sufficient cause").  The circumstances in this matter are just as, if not more, "compelling" than the situations in *Beltran* and *Federal Trade Commission* where the courts allowed testimony at trial by contemporaneous transmission.

Moreover, in this case it is not merely "inconvenient" for Mr. Wood to attend trial in Anchorage from his home in Oklahoma.  Schlumberger was informed on August 15 that Mr. Wood's work schedule would not allow him time to travel to Anchorage for trial.  This is through no fault of Schlumberger.  Thus, even under the language of the Advisory Committee Note to Rule 43(a), contemporaneous transmission is justified in this case.

Regarding the nature of the contemporaneous transmission, the Advisory Committee Notes state that Rule 43 allows both video transmission or audio transmission without video images, although "[v]ideo transmission ordinarily should be preferred when the cost is reasonable in relation to the matters in dispute, the means of the parties, and the circumstances that justify transmission."

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska  99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Motion to Permit Presentation of Witness (Jim Wood's) Testimony in Open Court
by Contemporaneous Transmission From Oklahoma, or, in the Alternative, to Allow
Mr. Owen's Trial Testimony to be Captured By Videotape Deposition Prior to Trial**
*Daryl Meadows v. Schlumberger Technology Corporation* (Case No. A05-0032 CV (JKS))   Page 3 of 5

Schlumberger would prefer that Mr. Wood appear by video transmission; this will give the jury and the court the opportunity to directly observe the demeanor, emotions and expressions of Mr. Wood. However, Schlumberger would accept audio transmission as an alternative if it is not possible to arrange video transmission.

Finally, should the Court determine that contemporaneous video or audio transmission of Mr. Wood's testimony at trial is not warranted, then in the alternative the Court is requested to order that Mr. Wood's videotaped deposition may be held in Oklahoma so that the video may be presented at trial. Although Mr. Wood was previously deposed in this case, it was a discovery deposition only, and was not meant to be a perpetuation of his trial testimony. (Martin Dec., ¶ 7).

Through no fault of Schlumberger, Mr. Wood will not be available to be present at trial. Schlumberger will be greatly prejudiced if the highly relevant and important testimony of this out-of-state witness cannot be presented to the jury simply because his work schedule prevents him from attending trial in person. Schlumberger should not be foreclosed from presenting this important testimony to the jury because of these completely unforeseen circumstances. Therefore, if the court is not inclined to grant Schlumberger's motion for contemporaneous transmission, then, in the alternative, the Court should exercise its discretion and allow Schlumberger to capture Mr. Wood's testimony by videotaped deposition in Oklahoma prior to trial.

Schlumberger has not been dilatory in bringing this motion, nor will this motion prejudice the plaintiff in any way. Trial is still nearly two months away, and there will be plenty of time to arrange the details of the contemporaneous transmission, or to travel to Oklahoma to take Mr. Wood's videotaped deposition (if that alternative is ordered by the Court).

## CONCLUSION

Schlumberger should not have to forfeit its right to present live testimony to the jury, especially when Mr. Wood is willing and able to testify live in open court through contemporaneous video or audio transmission, or by videotaped deposition prior to trial. Therefore, for the reasons stated above, Schlumberger respectfully requests that the Court grant its motion for contemporaneous video transmission from Oklahoma. In the alternative, Schlumberger respectfully

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

**Motion to Permit Presentation of Witness (Jim Wood's) Testimony in Open Court
by Contemporaneous Transmission From Oklahoma, or, in the Alternative, to Allow
Mr. Owen's Trial Testimony to be Captured By Videotape Deposition Prior to Trial**
*Daryl Meadows v. Schlumberger Technology Corporation* (Case No. A05-0032 CV (JKS))     Page 4 of 5

requests that the Court allow Mr. Wood's trial testimony to be captured by videotaped deposition prior to trial.

DATED this 18th day of August, 2006.

LANE POWELL LLC
Attorneys for Defendant

By_ s/ Brewster H. Jamieson
Brewster H. Jamieson, ASBA No. 8411122
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-277-9511
Facsimile:  907-276-2631
Email:  jamiesonb@lanepowell.com

I certify that on August 18, 2006, a copy of the foregoing was served by ECF on:

Robert A. Sparks  sparkslawoffice@yahoo.com

and by mail on:
Mark Colbert, Esq.

 s/Brewster H. Jamieson
115223.0018/156204.1
**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska  99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631
**Motion to Permit Presentation of Witness (Jim Wood's) Testimony in Open Court
by Contemporaneous Transmission From Oklahoma, or, in the Alternative, to Allow
Mr. Owen's Trial Testimony to be Captured By Videotape Deposition Prior to Trial**
*Daryl Meadows v. Schlumberger Technology Corporation* **(Case No. A05-0032 CV (JKS))**          Page 5 of 5