1 | Shannon W. Martin
ASBA No. 0105028
2 | GRACE HOLLIS LOWE HANSON & SCHAEFFER, LLP
One Ridgegate, Ste. 215
3 | Temecula, CA 92590
(951) 676-3445
4 | (951) 676-9294- Fax
smartin@gracehollis.com
5 |
6 | Attorneys for Defendant
7 |
8 |               IN THE UNITED STATES DISTRICT COURT
9 |          FOR THE DISTRICT OF ALASKA AT ANCHORAGE
10 |

11 | DARYL MEADOWS,                     )   Case No. 3:05-cv-00032-TMB
                                        )
12 |                 Plaintiff,         )
                                        )   **DECLARATION OF SHANNON W.**
13 | vs.                                )   **MARTIN**
                                        )
14 | SCHLUMBERGER TECHNOLOGY            )
CORPORATION, a foreign                  )
15 | corporation,                       )
                                        )
16 |                 Defendant.         )
                                        )
17 | _____)

18 |      I, Shannon W. Martin, declare as follows:

19 |      1.   I have personal knowledge of all items stated in this

20 | declaration.  This declaration is being submitted in connection

21 | with defendant Schlumberger's Motion to Permit Presentation of

22 | Witness (Jim Wood's) Testimony in Open Court by Contemporaneous

23 | Transmission from Oklahoma, or, In the Alternative, to Allow Mr.

24 | Wood's Trial Testimony to be Captured by Videotape Deposition Prior

25 | to Trial.

26 |      2.   I am co-counsel of record on behalf of defendant

27 | Schlumberger.  I have spoken with Jim Wood by telephone on a couple

28 | of occasions in connection with this lawsuit, including most

1

**DECLARATION OF SHANNON W. MARTIN**

recently on August 15, 2006.

3.   During our most recent conversation, Mr. Wood informed me that his current job site is in Wheeler, Texas, or approximately 420 miles from his home in Fairland, Texas.   Therefore, Mr. Wood must drive roughly 7 hours to and from work on a weekly basis, and Wednesdays are essentially devoted to driving to and from work. Mr. Wood informed me that he works week on/week off, and that he is scheduled to return to work on Wednesday, August 16, 2006. Therefore, given his current work schedule, Mr. Wood will be off work from Wednesday, October 4, 2006, through Wednesday, October 11, 2006, and will return to work from Wednesday, October 11, 2006, through October 18, 2006.

4.   In light of Mr. Wood's current work schedule, the only two days that he will not be working (or driving to or from work) during this trial, are Tuesday, October 10, 2006, and Thursday, October 19, 2006.   However, arranging for Mr. Wood to travel from Oklahoma to Anchorage, and to return to Oklahoma, under these time constraints would be impracticable.

5.   Mr. Wood stated that he is willing to testify in open court by contemporaneous video transmission from Miami, Oklahoma, or Oklahoma City (whichever is more feasible), or in the alternative, prior to trial by videotape deposition conducted in Miami, Oklahoma, at a mutually agreed time and place.

6.   Mr. Wood's testimony is very important to the defense as he was formerly employed by Nabors Alaska Drilling, Inc., and was the Driller on duty on Nabors Rig 33E on October 16, 2006, at the

2

DECLARATION OF SHANNON W. MARTIN

1  time that plaintiff Meadows was allegedly injured.  Mr. Wood's

2  testimony is indispensable to Schlumberger's claim that Nabors is

3  responsible for the incident that allegedly caused Mr. Meadows

4  injuries.

5       7.    Finally, although Mr. Wood previously testified by

6  videotape deposition, this was a discovery deposition and was not

7  intended to perpetuate Mr. Wood's trial testimony.  Schlumberger

8  should not have to forfeit its right to present live testimony to

9  the jury, especially when Mr. Wood is willing and able to testify

10  live in open court through contemporaneous transmission from

11  Oklahoma, or prior to trial, by videotape deposition at a mutually

12  agreed time and place.

13       I declare under penalty of perjury under the laws of the United

14  States of America that the foregoing is true and correct.

15       Executed this ___16th___ day of August, 2006 in Temecula,

16  California.


                                          _____
                                          SHANNON W. MARTIN

**DECLARATION OF SHANNON W. MARTIN**