Brewster H. Jamieson, ASBA No. 8411122
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone:  907-277-9511
Facsimile:  907-276-2631
Email:       martins@lanepowell.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DARYL MEADOWS,<br><br>                                      Plaintiff,<br><br>v.<br><br>SCHLUMBERGER TECHNOLOGY COPORATION, a foreign corporation,<br><br>                                      Defendant. | Case No. 3:05-cv-00032-TMB<br><br>**MOTION TO PERMIT PRESENTATION OF WITNESS (GRANT OWEN'S) TESTIMONY IN OPEN COURT BY CONTEMPORANEOUS TRANSMISSION FROM OKLAHOMA; OR, IN THE ALTERNATIVE, TO ALLOW MR. OWEN'S TRIAL TESTIMONY TO BE CAPTURED BY VIDEOTAPE DEPOSITION PRIOR TO TRIAL** |

Defendant Schlumberger Technology Corporation, by and through counsel, hereby moves the Court pursuant to FRCP 43(a) for an order allowing the testimony of Grant Owen to be presented in open court at trial by contemporaneous video or audio transmission from Mr. Owen's home-state of Oklahoma. Because of Mr. Owen's work schedule, it will not be possible for him to travel from Oklahoma to Anchorage in order to present his testimony in person at trial. In the alternative, Schlumberger moves to be allowed to take the videotaped deposition of Mr. Owen to be presented at trial.

## FACTS

Submitted herewith are the declarations of Grant Owen and Shannon Martin, which establish the following:

Mr. Owen is the Project Manager for Fenix Constructors, Inc., which is located in Ardmore, Oklahoma. (Owen Dec., ¶ 2). Plaintiff Darryl Meadows worked for Fenix Constructors between July 1998, and September 2001 as a Project Superintendent; during that time, Mr. Owen was Mr. Meadows' supervisor. (Owen Dec., ¶ 3). Mr. Owen will testify regarding his personal knowledge of Mr. Meadows' work habits, dependability, skills, etc., and will also testify regarding

whether Mr. Meadows' is eligible for rehire with Fenix Constructors in a same or similar position to that which he previously held with Fenix. (Owen Dec., ¶ 3; Martin Dec., ¶ 5).

In his earlier conversations with Schlumberger counsel Shannon Martin, Mr. Owen assured Mr. Martin that he would be available to testify at trial in this case. (Owen Dec., ¶ 6). Mr. Martin reasonably understood Mr. Owen to mean that he would be available to appear in person at trial. (Martin Dec., ¶ 4). Mr. Owen did not mention to Mr. Martin that he would not be able to testify in person at trial. (Owen Dec., ¶ 6; Martin Dec., ¶ 4). In Mr. Martin and Mr. Owen's most recent telephone conversation on August 10, 2006, Mr. Owen stated that he assumed his trial testimony would be conducted telephonically from Ardmore, Oklahoma, and that under no circumstances could he appear in person at trial. (Owen Dec., ¶ 6; Martin Dec., ¶ 4). Because of Mr. Owen's job commitments, it will be impossible for him to travel to Anchorage in October to provide live trial testimony in this case. (Owen Dec., ¶ 4; Martin Dec., ¶ 3).

However, Mr. Owen is willing and able to testify in open court at trial in this case by contemporaneous video or audio transmission from Ardmore, Oklahoma, at a mutually agreed time and place. (Owen Dec., ¶ 5; Martin Dec., ¶ 3). In the alternative, Mr. Owen is also willing and able to have his videotaped deposition taken in Ardmore, Oklahoma prior to trial, again at a mutually agreed time and place. (Owen Dec., ¶ 5; Martin Dec., ¶ 3).

As can be seen from the above declarations, Mr. Owen has crucial testimony to offer in this case. He was plaintiff's supervisor for three years and can testify regarding his personal observations of plaintiff's work habits, skills, and other aspects of plaintiff's work and will state an opinion to this at trial; Mr. Owen will also testify regarding plaintiff's eligibility for rehire by Fenix Constructors. (Martin Dec., ¶ 5). This testimony will be highly relevant and important to Schlumberger's defense in this case regarding the nature and extent of plaintiff's alleged damages, and failure to mitigate damages. (*Id.*). Schlumberger will be prejudiced if the jury is not permitted to listen to Mr. Owen's important testimony. (*Id.*).

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

## ARGUMENT

FRCP 43(a) provides that this Court may "for good cause shown in compelling circumstances and upon appropriate safeguards, permit presentation of testimony in open court by contemporaneous transmission from a different location." The "good cause" and "compelling circumstances" in this matter are that there was a misunderstanding with Mr. Owen about his availability to travel to Anchorage for trial in October. Mr. Owen is now certain that because of his work schedule it would be impossible for him to travel to Anchorage to attend the trial in October.

The Advisory Note Committee Note to the 1996 Amendment to FRCP 43(a) which added the "contemporaneous transmission" provision provides in part: "Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial. The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons." However, the Ninth Circuit and other courts have indicated that "geographical limitation" is a sufficient cause to allow contemporaneous transmission under Rule 43(a). *See Beltran-Tirado v. Immigration and Naturalization Service*, 213 F.3d 1179, 1186 (9th Cir. 2000) (holding that there was "reason" to arrange for telephonic testimony because the witness lived in Missouri while the hearing was held in San Diego, and finding that the testimony would have been admissible in a civil proceeding under Rule 43(a)); *Federal Trade Commission v. Swedish Match North America, Inc.*, 197 F.R.D. 1, 2 (D.D.C. 2000) (good cause for contemporaneous video transmission was shown by serious inconvenience of requiring the witness, a resident of Oklahoma, to appear at a hearing in Washington, D.C., and noting that the Ninth Circuit "has already suggested that geographic limitation is sufficient cause"). The circumstances in this matter are just as, if not more, "compelling" than the situations in *Beltran* and *Federal Trade Commission* where the courts allowed testimony at trial by contemporaneous transmission.

Moreover, in this case it is not merely "inconvenient" for Mr. Owen to attend trial in Anchorage from his home in Oklahoma; his work schedule simply will not permit him to do so. Further, it was not expected by Schlumberger that Mr. Owen would not be able to be physically present at trial. It was only on August 10, 2006, that Schlumberger learned for the first time that

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

**Motion to Permit Presentation of Witness (Grant Owen's) Testimony in Open Court
by Contemporaneous Transmission From Oklahoma, or, in the Alternative, to Allow
Mr. Owen's Trial Testimony to be Captured By Videotape Deposition Prior to Trial**
*Daryl Meadows v. Schlumberger Technology Corporation* (Case No. A05-0032 CV (JKS))   Page 3 of 5

**LANE POWELL** LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

Mr. Owen could not attend trial in Anchorage. Prior to that time Schlumberger reasonably (although mistakenly) believed, based on conversations with Mr. Owen, that he could attend trial. That such is not now the case was not something anticipated by Schlumberger, and Schlumberger promptly filed this motion when it found out on August 10 that Mr. Owen could not attend trial. Thus, even under the language of the Advisory Committee Note to Rule 43(a), contemporaneous transmission is justified in this case.

Regarding the nature of the contemporaneous transmission, the Advisory Committee Notes state that Rule 43 allows both video transmission or audio transmission without video images, although "[v]ideo transmission ordinarily should be preferred when the cost is reasonable in relation to the matters in dispute, the means of the parties, and the circumstances that justify transmission." Schlumberger would prefer that Mr. Owen appear by video transmission; this will give the jury and the court the opportunity to directly observe the demeanor, emotions and expressions of Mr. Owen. However, Schlumberger would accept audio transmission as an alternative if it is not possible to arrange video transmission.

Finally, should the Court determine that contemporaneous video transmission of Mr. Owen's testimony at trial is not warranted, then in the alternative the Court is requested to order that Mr. Owen's videotaped deposition may be held in Oklahoma so that the video may be presented at trial. Because it was believed that Mr. Owen would be able to be physically present at trial, his testimony was not perpetuated in a videotaped deposition. Schlumberger will be greatly prejudiced if the highly relevant and important testimony of this out-of-state witness cannot be presented to the jury simply because his work schedule prevents him from attending trial in person. Schlumberger should not be foreclosed from presenting this important testimony because of these completely unforeseen circumstances. Therefore, if the court is not inclined to grant Schlumberger's motion for contemporaneous transmission, then, in the alternative, the Court should exercise its discretion and allow Schlumberger to capture Mr. Owen's testimony by videotaped deposition in Oklahoma prior to trial.

**Motion to Permit Presentation of Witness (Grant Owen's) Testimony in Open Court
by Contemporaneous Transmission From Oklahoma, or, in the Alternative, to Allow
Mr. Owen's Trial Testimony to be Captured By Videotape Deposition Prior to Trial**
*Daryl Meadows v. Schlumberger Technology Corporation* (Case No. A05-0032 CV (JKS))   Page 4 of 5

Schlumberger has not been dilatory in bringing this motion, nor will this motion prejudice the plaintiff in any way. Trial is still nearly two months away, and there will be plenty of time to arrange the details of the contemporaneous transmission, or to travel to Oklahoma to take Mr. Owen's videotaped deposition (if that alternative is ordered by the Court).

## **CONCLUSION**

Schlumberger should not have to forfeit its right to present live testimony to the jury, especially when Mr. Owen is willing and able to testify live in open court through contemporaneous video or audio transmission, or by videotaped deposition prior to trial. Therefore, for the reasons stated above, Schlumberger respectfully requests that the Court grant its motion for contemporaneous video transmission from Oklahoma. In the alternative, Schlumberger respectfully requests that the Court allow Mr. Owen's trial testimony to be captured by videotaped deposition prior to trial.

DATED this 18th day of August, 2006.

        LANE POWELL LLC
        Attorneys for Defendant


        By   s/ Brewster H. Jamieson
          301 West Northern Lights Boulevard, Suite 301
          Anchorage, Alaska  99503-2648
          Tel: 907-277-9511
          Fax: 907-276-2631
          Email:  jamiesonb@lanepowell.com
          ASBA No. 8411122

I certify that on August 18, 2006, a copy of the foregoing was served by ECF on:

Robert A. Sparks  sparkslawoffice@yahoo.com

and by mail on:
Mark Colbert, Esq.

   s/Brewster H. Jamieson
115223.0018/156185.1

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Motion to Permit Presentation of Witness (Grant Owen's) Testimony in Open Court
by Contemporaneous Transmission From Oklahoma, or, in the Alternative, to Allow
Mr. Owen's Trial Testimony to be Captured By Videotape Deposition Prior to Trial**
*Daryl Meadows v. Schlumberger Technology Corporation* **(Case No. A05-0032 CV (JKS))**      Page 5 of 5