Robert A. Sparks
Law Office of Robert A. Sparks
1552 Noble Street
Fairbanks, Alaska  99701
Phone:  (907) 451-0875

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DARYL MEADOWS ) | |
| ) | |
| Plaintiff, ) | Case No. A05-0032 CIV |
| ) | |
| vs. ) | |
| ) | |
| SCHLUMBERGER TECHNOLOGY ) | |
| CORPORATION ) | |
| ) | |
| Defendant. ) | |

PLAINTIFF MEADOWS' MOTION AND MEMORANDUM IN LIMINE
FOR EXCLUSION OF WITNESSES AND EVIDENCE

Plaintiff Daryl Meadows, by and through his counsel of record, Robert A. Sparks, the Law Office of Robert A. Sparks, files this Motion In Limine to request exclusion of evidence and witnesses from the trial of this matter.

Plaintiff Meadows seeks to exclude from trial the following evidence:

1. Any testimony by Plaintiff Meadow's employer Nabors Drilling as to their percentage of negligence, because Nabors' representative refused to answer questions on that subject at its

Meadows v. Schlumberger
page 1

30(b)(6) deposition in this case.

2.  Any testimony or evidence about the extent of injuries or failure to return to work by Plaintiff's co-worker who was injured in the same incident as Plaintiff Meadows.

3.  Exclude any evidence regarding Plaintiff Meadow's allegedly broken leg or prior symptoms of cold hand and feet, because there is no evidence that either of these conditions could have contributed in any way to this incident or the causation of Plaintiff Meadows current injuries and introduction of evidence on this point would constitute collateral impeachment of Plaintiff Meadows.

## FACTS

Plaintiff Meadows was injured while working on a drill rig at North Star Island outside of Prudhoe Bay, Alaska on October 16, 2003, when Defendant Schlumberger's employees failed to open a bleed valve on a piece of equipment, a Blow Out Preventer ("BOP"), prior to attempting to disassemble the equipment. See Plaintiff's Exhibit "2" Incident Report at 8 -9.  A co-worker of Mr. Meadows was also injured in the incident.  Plaintiff Meadows subsequently developed Reflex Sympathetic Dystrophy (RSD) as result of his injuries received in the incident. See Exhibit 13, Dr. Schade deposition at 108.

At the 30(b)(6) deposition of Nabor's Alaska Drilling, the

employer's representative Johnie N. Haynes, refused to answer Plaintiff Meadows attorney's question about what percentage of negligence that Nabors was responsible for.  See Plaintiff's Exhibit 151, 30(b)(6) deposition of Nabors, at page 82, line 10.

Defendant asked questions of Plaintiff's expert medical witness, Dr. C.M. Schade M.D. at Dr. Schade's deposition about prior reports that Plaintiff had broken his leg and had suffered from coldness in his hands and feet, years prior to the incident in this case.  Dr. Schade clearly stated in his testimony at his deposition that there is no connection between these conditions and development of RSD by Plaintiff Meadows.  See Plaintiff's Exhibit 13, Dr. Schade deposition, page 108, line 3 -14.

## Argument

Plaintiff Meadows' employer, Nabors Alaska Drilling should not be allowed to testify as to any percentage of negligence, since they refused to answer that question at their 30(b)(6) deposition in this case.

Plaintiff Meadows respectfully requests that any evidence as to the current condition or work status of his injured co-worker be excluded from the trial of this matter, because it is believed that his co-worker, Kenny Lewis, has not returned to work.  This evidence is not relevant to this matter and could be highly prejudicial to Plaintiff Meadows.  It is anticipated that the

Defendant may want to interject this evidence into the trial to create suspicion about Plaintiff's credibility, when it has nothing to do with Mr. Meadows injuries in this case, or his credibility. Evidence regarding Mr. Lewis current condition or legal claims should be excluded from the trial as being irrelevant and any relevancy is outweighed by undue prejudice to Plaintiff.

There is no evidence that any prior broken leg by Plaintiff Meadows or his suffering from cold hands and feet in the past had anything to do with Plaintiff's development of the RSD condition that he currently suffers from. This evidence should be excluded from the trial of this matter as being irrelevant. To the extent that there is any relevance of this evidence to credibility of Mr. Meadows, introduction of documents or extrinsic evidence would be collateral impeachment, because there is no connection to the development of the RSD condition.

## Conclusion

Plaintiff Meadows respectfully requests that testimony by Nabors Drilling as to its percentage of negligence should be excluded, because their witness refused to answer that question at the 30(b)(6) deposition of Nabors in this case. Any evidence as to the injuries suffered by Plaintiff's co-worker, or legal claims brought by, Kenny Lewis should similarly be excluded from

the trial of this matter, because that evidence is irrelevant to any issues in this case and could be unduly prejudicial to Plaintiff Meadows.

Finally, there is no evidence that any prior broken leg years in the past or years prior symptoms of cold hands and feet had anything to do with Plaintiff's development of RSD. To allow the jury to receive this evidence and speculate as to its value would be unduly prejudicial to Plaintiff Meadows. Any relevance of evidence as to Plaintiff Meadow's prior broken leg or cold hands and feet symptoms is unduly prejudicial, because there is no medical evidence that either of these conditions had any involvement in the development of Plaintiff Meadows RSD. Finally, any extrinsic evidence as to either a broken leg in the past or cold hands and feet would constitute collateral impeachment of Plaintiff Meadows, because there is no evidence that either of these conditions is related in any way to development of RSD.

DATED this 18th day of August, 2006, at Fairbanks, Alaska.

THE LAW OFFICE OF ROBERT A. SPARKS

/s/ Robert A. Sparks
Robert A. Sparks
Attorney for Plaintiff
1552 Noble Street
Fairbanks, Alaska 99701
(907) 451-0875
Fax: (907) 451-9385
E-mail: sparkslawoffice@yahoo.com
Membership No.: 8611139

CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of August, 2006, a copy of forgoing was served by E-Mail on:
Shannon W. Martin

and by regular mail to:
Mark Colbert, Esq

By: /s/ Robert A. Sparks

Meadows v. Schlumberger
page 6