Brewster H. Jamieson, ASBA No. 8411122
Shannon W. Martin, ASBA No. 0105028
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone:  907-277-9511
Facsimile:  907-276-2631
Email:     martins@lanepowell.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DARYL MEADOWS,<br><br>                              Plaintiff,<br><br>v.<br><br>SCHLUMBERGER TECHNOLOGY COPORATION, a foreign corporation,<br><br>                              Defendant. | Case No. 3:05-cv-00032-TMB<br><br>**OBJECTIONS TO PLAINTIFF'S EXHIBITS** |

  COMES NOW Defendant, by and through counsel, and hereby objects to plaintiff's exhibits as follows:

  1. <u>Exhibit 6</u>:  Object under Fed. R. Evid. 403 and Fed. R. Civ. P. 32.  Defendant has subpoenaed Mr. Wood to testify live.  Because Mr. Wood is unavailable to appear live, defendant has moved the Court to allow Mr. Wood's testimony in open court by contemporaneous video transmission from Oklahoma, or by videotape deposition prior to trial.  *See* Defendant's Motion to Permit Mr. Wood's Testimony in Open Court by Contemporaneous Transmission From Oklahoma, or in the alternative, to Allow Mr. Wood's testimony to be captured by videotape deposition prior to trial.  If defendant's motion is granted, then use of Mr. Wood's video deposition would be cumulative under Fed. R. Evid. 403, and would not meet the requirements for use of a deposition in court under Fed. R. Civ. P. 32.

  2. <u>Exhibits 13, 16, 20</u>:  Defendant objects to the admissibility of deposition exhibits from expert depositions to the extent that any such exhibits have been separately identified in the

plaintiff's exhibit list, and may correspond to any exhibits identified separately herein. The basis for defendant's objection to any depositions exhibits shall be the same as set forth herein.

3. <u>Exhibits 15, 18, 22</u>: Defendant objects to introduction of expert CV's under Fed. R. Evid. 401, 403, and 801. Expert CVs alone are not substantively relevant to any factual dispute in this action. Moreover, Expert's CVs would be cumulative of expert trial testimony as to qualifications. Finally, expert CVs would constitute hearsay and are not covered under any exceptions to the hearsay rule.

4. <u>Exhibits 23, 41</u>: Defendant objects to the admissibility of expert reports under Fed. R. Evid. 403 and 801. Expert reports would be cumulative of expert trial testimony. Moreover, expert reports constitute hearsay and are not covered under any exceptions to the hearsay rule.

5. <u>Exhibits 26, 65, 89-94, 98, 100, 117</u>: Defendant objects to the use of all medical summaries, and any and all billing records for Dr. Schade, including related facilities (i.e., referrals through Dr. Schade). The basis for the objection is Fed. R. Evid. 403. Also, Dr. Schade is the plaintiff's paid medical expert; he provided a course of treatment to Mr. Meadows while having a direct financial interest in the outcome of this litigation, and therefore, his treatment protocol was not reasonable and necessary. The large majority of the medical bills incurred to date have been through Dr. Schade and/or Dr. Schade referral facilities. These summaries and billing records will thus have the tendency to mislead the jury into believing that Dr. Schade's treatment should be grouped in with treatment provided by actual treating physicians. Plaintiff should not be allowed to mislead the jury into believing that Dr. Schade provided reasonable and necessary medical treatment. The probative value of these summaries is outweighed by their prejudicial effect on the jury.

It is also worth noting that plaintiff's employer has controverted Dr. Schade's medical bills under the Worker's Compensation Act. AS 23.30.395 defines "medical and related benefits" as those "physicians' fees, nurses' charges, hospital services, hospital supplies, medicine and prosthetic devices, physical rehabilitation, and treatment for the fitting and training for use of such devices as may reasonably be required which arises out of or is necessitated by an injury." And, in *Bockness v. Brown Jug,* 980 P.2d 462, 466 (Alaska 1999), the court wrote, "We have stated that the state's interests in passing the Act and associated regulations include the 'legitimate interest in curbing

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

abuse by health providers and claimants, discouraging needless or fruitless treatments . . . and, in general, ensuring the delivery of reasonable and necessary medical benefits to injured workers.'"

*See also Bockness v. Brown Jug,* 980 P.2d 462, 466 (Alaska 1999) ("We have stated that the state's interests in passing the Act and associated regulations include the 'legitimate interest in curbing abuse by health providers and claimants, discouraging needless or fruitless treatments . . . and, in general, ensuring the delivery of reasonable and necessary medical benefits to injured workers.'")

If the court is inclined to allow the medical summaries, then defendant would ask that any reference to treatment and billing provided by Dr. Schade and/or any related referral facilities be redacted and separately itemized so the jury is able to clearly distinguish between treatment and billing provided by treating physicians versus by and through Dr. Schade.

6. <u>Exhibit 63</u>:  Defendant has no objection to the admissibility of Sherri Hall's videotaped deposition.  However, the video must be played, and the transcript alone may not be read into the record.  *See* Fed. R. Civ. P. 32 (a)(3).

7. <u>Exhibits 102-116</u>:  Defendant objects to the admissibility of post-surgical photos under Fed. R. Evid. 403 as the probative value of the photos is outweighed by the prejudicial effect on the jury.  These photos depict post-surgical scarring for surgery performed by plaintiff's medical expert, Dr. Schade, who is not a treating physician.  These photos may mislead the jury to believe that surgery was performed by a treating physician, which Dr. Schade is not, and that the surgery was reasonable and necessary medical care, which it was not.  Alternatively, plaintiff is seeking to admit 15 photos, which constitutes a needless presentation of cumulative evidence.  It should not take this many photos to depict Meadows' post-surgical scarring and bruising.

8. <u>Exhibit 118</u>:  Object to hearsay under Fed. R. Evid. 801 and 901.  The author's notes have not been authenticated or identified in this case as belonging to Dave Hendrick.  Moreover, the author's notes are hearsay and are not covered under any hearsay exception.

9. <u>Exhibits 124-25</u>:  Object to relevance under Fed. R. Evid. 401.  Deposition notices have no tendency in reason to prove or disprove any fact of consequence in this action.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

10. <u>Exhibit 129</u>:  Object to relevance under Fed. R. Evid. 401.  The letter to Mr. Williams with subpoena has no tendency in reason to prove or disprove any fact of consequence in this action.

11. <u>Exhibits 134, 149</u>:  Object to admissibility under Fed. R. Evid. 401 and 403.  BPXA is not a party to this action, and the BPXA-Nabors contract, including amendment, have no tendency in reason to prove or disprove a fact of consequence in this action.  Any limited relevance to this document is overcome by the danger that it will cause confusion and waste time.

12. <u>Exhibits 144-146</u>:  Object to hearsay under Fed. R. Evid. 801 and 901.  The author(s) of these notes have not been authenticated or identified in this case.  Moreover, these notes constitute hearsay and are not covered under any hearsay exception.

13. <u>Exhibit 150</u>:  Object to admissibility under Fed. R. Evid. 403, as the probative value of this evidence is outweighed by its prejudicial impact.  Plaintiff gives no indication of the source of the information contained in this illustration, nor is there any evidence on record to substantiate that the illustration accurately represents the condition, symptoms, and treatment protocol for Daryl Meadows.  Therefore, there is a significant risk that this illustration may mislead the jury into believing that it accurately represents Daryl Meadows' medical condition, and there is simply no evidence of this.

14. <u>Exhibits 151-152, 155, 156, 157-160</u>:  Defendant objects to the use of video depositions if witnesses will be appearing live.  Defendant has subpoenaed (or otherwise scheduled) Herb Williams (defense expert), John Haynes, Robert Tilbury, and James Lott to testify live at trial.  If these witnesses appear live at trial, any use of their <u>video</u> depositions would be cumulative under Fed. R. Evid. 403, and would not meet the requirements for use of depositions in court under Fed. R. Civ. P. 32.

15. <u>Exhibit 153</u>:  Object under Fed. R. Evid. 32.  Mr. Enslow's deposition was not videotaped and therefore, any use in court of his deposition must meet the requirements of Civil Rule 32.  If Mr. Enslow does not testify live at trial, then his deposition transcript may not be used for any purpose under Civil Rule 32.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

  16. <u>Exhibit 154</u>: Defendant has no objection to the admissibility of the videotaped deposition of Schlumberger's 30b6 deponent, Graeme Lawrie. However, the video must be played, and the transcript alone may not be read into the record. *See* Fed. R. Civ. P. 32 (a)(3).

| | |
|---|---|
| DATED this 25th day of August, 2006. | LANE POWELL LLC<br>Attorneys for Defendant |

I certify that on August 25, 2006, a copy of the foregoing was served by E-Mail on:

Robert A. Sparks  sparkslawoffice@yahoo.com

and by mail on:
Mark Colbert, Esq.

 s/Brewster H. Jamieson
115223.0018/156311.1

By  s/ Brewster H. Jamieson
 Brewster H. Jamieson, ASBA No. 8411122
 301 West Northern Lights Boulevard, Suite 301
 Anchorage, Alaska 99503-2648
 Telephone: 907-277-9511
 Facsimile:  907-276-2631
 Email:  jamiesonb@lanepowell.com

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska  99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631