Brewster H. Jamieson, ASBA No. 8411122
Shannon W. Martin, ASBA No. 0105028
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone:  907-277-9511
Facsimile:   907-276-2631
Email:         martins@lanepowell.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DARYL MEADOWS,<br><br>         Plaintiff,<br><br>v.<br><br>SCHLUMBERGER TECHNOLOGY COPORATION, a foreign corporation,<br><br>         Defendant. | Case No. 3:05-cv-00032-TMB<br><br>**OBJECTIONS TO PLAINTIFF'S FINAL WITNESS LIST AND DEPOSITION DESIGNATIONS** |

  General objection: Plaintiff has failed to comply with The Order for Pretrial Proceedings and Final Pretrial Conference dated March 24, 2006, which specifies that "Witnesses whose depositions will be offered in lieu of live testimony will be identified." Plaintiff has filed both a Final Witness List and Deposition Designations. Defendant is unable to discern what witnesses plaintiff intends to call live, and for which witnesses plaintiff intends to offer deposition testimony in lieu of live testimony. Defendant assumes that plaintiff intends to present deposition testimony in lieu of live testimony where witnesses are listed in both the Final Witness List and in plaintiff's Deposition Designations.

  1. <u>Witness Nos. 1, 4, 10-13</u>:  Ruth Germany Bice, Graeme Lawrie, Sherri Hall, Dr. Schade, Margaret Kelsay, Donald Jackson (video-taped depositions).

  Plaintiff has designated only select portions of each of these witness' deposition testimony, and thus defendant objects for lack of completeness. Defendant hereby counter-designates the entire video-taped deposition for each of these witnesses.

2. <u>Witness No 2:</u>  Don Enslow, BPXA deponent (deposition not videotaped).

Plaintiff has listed BPXA 30b6 witness, Don Enslow, on his witness list, yet plaintiff has also designated Mr. Enslow's deposition testimony.  Plaintiff did not videotape Mr. Enslow's deposition and thus, defendant objects to the designation of any portion of Mr. Enslow's deposition.  Mr. Enslow's deposition may be used at trial only as permitted under Fed. R. Civ. P. 32, *i.e.,* for impeachment purposes provided that Mr. Enslow testifies in open court.

3. <u>Witness Nos. 3, 5, 6, 7:</u>  Robert Tilbury, John Haynes, Jim Wood, James Lott (video-taped depositions)

Defendant objects to the use of video-taped depositions if witnesses will be testifying at trial.  Defendant has subpoenaed each of these witnesses to appear at trial.  Regarding Mr. Wood, defendant has moved to allow Mr. Wood's testimony in open court through contemporaneous transmission from Oklahoma.  *See* Defendant's Motion to Permit Mr. Wood's Testimony in Open Court by Contemporaneous Transmission From Oklahoma, or in the alternative, to Allow Mr. Wood's testimony to be captured by videotape deposition prior to trial.   If these witnesses appear live at trial, then any use of their <u>video</u> depositions would be cumulative under Fed. R. Evid. 403, and would not meet the requirements for use of depositions in court under Fed. R. Civ. P. 32.

Assuming, however, that any of these witnesses are not able to provide testimony in open court (live or through contemporaneous transmission), then defendant wishes to have their video-taped depositions played for the jury, and thus, defendant objects to plaintiff's designation of only select portions of these witness' depositions for lack of completeness.  To account for the contingency that any of these witnesses will not be able to appear live at trial, defendant hereby counter-designates the entire videotaped deposition for each of these witnesses.

4. <u>Witness Nos 8, 9, 14-16, 18, 19</u>: Dr. Noe, Dr. Frazier, Jeff Hoppert, Jody Hoppert, Jackie Davis, Marion Meadows, Ron Downing.

None of these witnesses have been deposed in this case, and all witnesses reside outside of Alaska.  Plaintiff does not specify whether such witnesses will be appearing live at trial, nor has plaintiff timely moved for contemporaneous transmission of testimony from an out-of-state location under Fed. R. Civ. P. 43.  According to The Order for Pretrial Proceedings and Final Pretrial

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Conference dated March 24, 2006, "this final witness list will disclose those witnesses whom the party will in fact call at trial." Therefore, defendant must assume that plaintiff will in fact be calling each of these out-of-state witnesses to appear in Alaska for trial. Any motion for contemporaneous transmission from an out-of-state location at this time (as to these witnesses) would be untimely. If plaintiff does not <u>in fact</u> intend to call each of these witnesses to appear in Alaska for the trial in October, then plaintiff should be required to amend his witness list and remove any such witness.

Furthermore, regarding Witness Nos. 14-16, and 19 (Jeff Hoppert, Jody Hoppert, Jackie Davis, and Marion Meadows), plaintiff lists each of these witnesses as testifying regarding plaintiff's pain and suffering and physical limitations. Evidence from four different witnesses on this same issue would be cumulative under Fed. R. Evid. 403.

DATED this 25th day of August, 2006.

I certify that on August 25, 2006, a copy of the foregoing was served by E-Mail on:

Robert A. Sparks  sparkslawoffice@yahoo.com

and by mail on:
Mark Colbert, Esq.

   s/Brewster H. Jamieson
115223.0018/156328.1

LANE POWELL LLC
Attorneys for Defendant


By  s/ Brewster H. Jamieson
   Brewster H. Jamieson, ASBA No. 8411122
   301 West Northern Lights Boulevard, Suite 301
   Anchorage, Alaska 99503-2648
   Telephone: 907-277-9511
   Facsimile:  907-276-2631
   Email:  jamiesonb@lanepowell.com

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631