Robert A. Sparks
Law Office of Robert A. Sparks
1552 Noble Street
Fairbanks, Alaska  99701
Phone:  (907) 451-0875

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| DARYL MEADOWS | ) | |
| | ) | |
| Plaintiff, | ) | Case No. A05-0032 CIV |
| | ) | |
| vs. | ) | |
| | ) | |
| SCHLUMBERGER TECHNOLOGY | ) | |
| CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S DEPOSITION DESIGNATIONS**

Plaintiff Daryl Meadows, by and through his attorney, Robert A. Sparks, hereby provides Plaintiff Daryl Meadows' objections to Defendant's deposition designations for the trial of this case:

Plaintiff objects to the Defendants' failure to comply with the pretrial order by designating entire depositions, instead of "the inclusive pages from the deposition which are proposed to be offered."  Defendant's actions should be construed as waiving any and all objections to any of the testimony designated by Plaintiff Meadows.

Plaintiff Meadows further objects to playing of video

depositions to the jury that contain any objections by counsel. All objections, to the extent possible, should be edited out and excluded from any portions of the depositions played to the jury.

Plaintiff makes the following objections to the testimony of witnesses designated by Defendant:

Don A. Enslow

| page | line |
|---|---|
| 158 | 6 - 12 |
| 164 | 11 - 19 |
| 165 | 14 - 21 |
| 166 | 17 - 19 |

page 168/line 1 - 7 Defendant stipulates to pointing out section of the report to the witness while off record and that the witness did not find that section himself while off the record.

| page | line |
|---|---|
| 177 | 18 - 19 |
| 178 | 11 - 13 |
| 178 | 20 - 21 |
| 179 | 23 - 24 |
| 180 | 16 - 17 |
| 180 | 20 - 21 |
| 181 | 21 |
| 181 | 25 - |
| 182 | 1 |
| 182 | 14 - 16 |
| 185 | 15 - 16 |
| 186 | 18 -22 |
| 187 | 8 - 9 |
| 191 | 6 - 18 |
| 192 | 20 - 25 |
| 194 | 21 - 22 |
| 217 | 16 -17 |

Ruth Germany-Bice:
    none.


Johnie N. Haynes
page      line

Meadows v. Schlumberger
page 2

```
71        16 -19
```

Donald L. Jackson:
Page 30, line 1

Margaret Kelsay:
    None.

Graeme Lawrie
```
Page      Line
124       5 -11
```

James Lott
```
Page      Line
17        16 -18, 24 -25
19        2-5, 12 -16
20        7-8, 12-13
21        12-13
27        20-21
38        4 - 11
40        9 - 12
40        17 -18
40        21 -
41        10
43        7 -13
```

Neil Pitzer, M.D.
```
Page      Line
60        20
61         9
63        23
68         7
68        21
```

Dr. Schade:
```
Page      Line
 75        7
 75       14
 75       24
 76        3
 76       14
 79       12
 79       17
 84       15
```

Meadows v. Schlumberger
page 3

```
 85      20
 88      16
 88      25
 89      14
 89      21
 90      19
 91       1
 92      12
 94       8
 95      19
 99      20
100      12
100      20
101      23
102       5
102      22
103       9
104      17
105     1,5
105      17
106      11
108       9
113      4, 13
117      17
122      21
123       4
123      25
124      16
125      17
125      19
126      13
126      19
127     1,5
```

Robert C. Tilbury
```
page     line
94       1-2, 5-6, 20-22.
95       22-
96       1, 10-11
96       25 -
97       1
112      11-12
114      5-7
114      25 -
115      5
```

Meadows v. Schlumberger
page 4

<u>Jim Wood</u>:
page 56, line 22
page 63, line 18
page 85, line 9
page 88, line 3
page 88, line 15

<u>Roy H. Williams</u>

    Plaintiff objects to any testimony from Mr. Williams under <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed. 2nd 469 (1993)

    In <u>Kumho Tire Company, Ltd v. Carmichael</u>, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed. 2nd 238 (1999) the U.S. Supreme Court ruled that the <u>Daubert</u> standard for admission of scientific or technical evidence applies to technical or other specialized knowledge. The U.S. Supreme Court emphasized that the focus was on ensuring that expert testimony was both relevant and reliable. <u>Id</u> 526 U.S. at 141. The Court stated that "[n]or on the other hand does the presence of <u>Daubert's</u> general acceptance factor help show that an expert's testimony is reliable where the discipline itself lacks reliability, as, for example, do theories grounded in any so-called generally accepted principles of astrology or necromancy." <u>Kumho Tire</u>, 526 U.S. at 151. The U.S. Supreme Court stated that Rule 702 and <u>Daubert</u>, "'establishes a standard of evidentiary reliability'" and that "[i]t requires a valid . . . connection to the pertinent inquiry

Meadows v. Schlumberger
page 5

as a precondition to admissibility." Id. at 149 (quoting Daubert). The U.S. Supreme Court specifically held that trial courts considering the admission of any technical opinion testimony may consider several specific Daubert factors, including:

> --Whether a "theory or technique . . . can be (and has been tested)";
>
> –Whether it "has been subjected to peer review and publication";
>
> --Whether, in respect to a particular technique, there is a high "known or potential rate of error" and whether there are "standards controlling the technique's operation"; and
>
> –Whether the theory or technique enjoys" 'general acceptance' within a 'relevant scientific community."

Kumho Tire, 526 U.S. at 149.

Turning to the tire failure analyst's opinion in Kumho Tire, the U.S. Supreme Court affirmed the trial judge's decision excluding the expert's opinion, because the trial judge "excluded the testimony because, despite those qualifications, it initially doubted and then found unreliable, 'the methodology employed by the expert in analyzing the data obtained in the visual inspection and the scientific basis, if any for such an analysis.'" Kumho Tire, 526 U.S. at 153. The Supreme Court noted that the trial court's decision found that the tire expert's testimony did not meet any of the Daubert factors indicating

Meadows v. Schlumberger
page 6

reliability, the court's own analysis revealed no countervailing factors operating in favor of admissibility which could outweigh those identified in Daubert and the Plaintiff failed to identify any such factors in its brief. Id. at 156. The Supreme Court specifically commented on the Plaintiff's tire expert's "repeated reliance on the subjectiveness of his mode of analysis in response to questions seeking specific information regarding how he could differentiate between a tire that actually had been overdeflected and a tire that had merely looked as though it had been." Id. at 155.

Similarly, Mr. Williams analysis in the instant case is founded on incomplete information and investigation and intentional ignorance of safety policies of two of the three entities working at the rig at the time of the incident.

Mr. Williams testified as follows at his deposition in this case:

> Q: And.  Did you review any of Schlumberger's regulations or procedures to see whether they had any written procedures for management of simultaneous operations on a drill rig?
>
> A:  No I did not.  And I doubt that they would.

Page 18/line 15 - 20.

> Q: Have you looked at Schlumbergers' – have you looked at Vetco Gray's HSE policies to see whether they required that the Vetco Gray hand check in with the driller before he begins his work?

>A: No.

page 24/line 11 - 16.

>Q: So, you have no idea whether there was any – any training or any programs that were given to any of the Schlumberger employees that were involved in this case involving the eight golden rules of safety is that correct.
>
>A: I have no personal knowledge of – of those people being given the golden rules of safety. I don't know.
>
>Q: Have you reviewed any training records of any – have you reviewed any training records for any Schlumberger employee that was involved in this incident?
>
>A: No.
>
>Q: Have you reviewed any of Schlumberger's health, safety or environmental policies with regard to this incident?
>
>A: Only as what's produced in the document list that I attached to my report.
>
>Q: Okay. And what documents did you review as far as Schlumberger's health, safety and environmental policies?
>
>A: I don't know if I reviewed any with regard to Schlumberger. I believe they were all Nabors. That's correct. They were all Nabors.
>
>Q: And who provided you with the documents that you reviewed in this case?
>
>A: Mr. Martin.
>
>Q: And whose – is it your understanding he's the attorney for Defendant Schlumberger?
>
>A: Yes.
>
>Q: And did you ask him for any additional documents to review?

Meadows v. Schlumberger
page 8

>A: No, I did not.

Page 16/line 2 - page 17/line 9.

>Q: And does Schlumberger – do you know if Schlumberger has any health, safety, or environmental policies, or any written procedures concerning what they should do when they have air coming out of a lubricator bleed?
>
>A: I don't know.
>
>Q: They should have a policy, shouldn't they?
>
>A: I'm not familiar with their policies and procedures. I couldn't comment one way or another.

Page 18/line 15 - 20.

>Q: Have you looked at this from the standpoint of what the health, safety and environmental regulations from Nabors required Mr. Wood to do, but you haven't looked at it from the standpoint of what Schlumberger health, safety and environmental regulations required the Schlumberger crew to do?
>
>A: That's correct.
>
>Q: You haven't looked at what the Vetco Gray health, safety and environmental regulations required them to do either, have you?
>
>A: No.  Only as Nabors is the prime contractor.

Page 42/line 22 - page 43/line 9.

>Q: Do you have any documents concerning safety policies, guidelines, or procedures of Defendant Schlumberger that are in your possession, custody or control?
>
>A: No.
>
>Q: So you've never looked at those?
>
>A: No.

Meadows v. Schlumberger
page 9

Page 52/line 18 - 24.

    Q: Did you do any work to determine whether Schlumberger had complied with any of its HSE policies prior to this incident as far as training of the employees?

    A: No.

Page 84/lines 9 - 14

    Q: But you haven't looked at what Schlumberger did in this situation, did you, whether complied with their policies?

    A: No.

    Q: That's because you haven't been asked to do that correct?

    A: That's correct.

Page 88/line 15 - 21.

    Q: You haven't been asked to determine whether Vetco Gray complied with their HSE policies either, have you?

    A: No.

page 89/line 1-4.

    Q: Have you looked at the – any requirements – you haven't looked at any roles and responsibilities of anybody that works for Schlumberger, correct?

    A: No.

    Q: You haven't looked at any roles or responsibility of anybody that worked for Vetco Gray, correct?

    A: No.

Page 92/line 21 - page 93/line 4.

    Q: What specifically were you asked to do?

Meadows v. Schlumberger
page 10

> A: to review the documents that were provided, and render an opinion as to what I thought was the cause of this incident.

Page 96/line 14 -17.

It is extremely doubtful than any legitimate expert in the field of oil field safety would investigate any incident causing personal injury to a worker to determine the cause of the incident and would fail to review any of the safety policies or training records for two of the three parties directly involved in the incident, Schlumberger and Vetco Gray.  There is no evidence that the methodology followed by Mr. Williams is generally accepted in his field or would produce any type of accurate or relevant result.

Plaintiff Meadows also states the following objections to Mr. Williams testimony:

| page | line |
|---|---|
| 99 | 12-13 |
| 103 | 4-5 |
| 105 | 14 -15 |
| 105 | 23-25 |
| 106 | 16 -21 |
| 106 | 22 - |
| 107 | 9 |
| 107 | 10 - 16 |
| 108 | 5-9 |
| 108 | 16-17 |
| 109 | 10- 12 |
| 110 | 4 - 5 |
| 110 | 11 - 24 |
| 114 | 1-6 |
| 114 | 12 -16 |
| 116 | 13 -22 |
| 116 | 23 - |

Meadows v. Schlumberger
page 11

```
117     2
118     24 -
119     1
119     17 -
120     2
```

DATED this 25th day of August, 2006, at Fairbanks, Alaska.

THE LAW OFFICE OF ROBERT A. SPARKS

/s/ Robert A. Sparks
Robert A. Sparks
Attorney for Plaintiff
1552 Noble Street
Fairbanks, Alaska 99701
(907) 451-0875
Fax: (907) 451-9385
E-mail: sparkslawoffice@yahoo.com
Membership No.: 8611139

CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of August, 2006, a copy of forgoing was served by E-Mail on:
Shannon W. Martin
Brewster Jamieson
and by regular mail to:
Mark Colbert, Esq

By: /s/ Robert A. Sparks