Robert A. Sparks
Law Office of Robert A. Sparks
1552 Noble Street
Fairbanks, Alaska  99701
Phone:  (907) 451-0875

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

DARYL MEADOWS                        )
                                     )
         Plaintiff,                  )     Case No. A05-0032 CIV
                                     )
     vs.                             )
                                     )
SCHLUMBERGER TECHNOLOGY              )
CORPORATION                          )
                                     )
         Defendant.                  )
_____)
_____)

PLAINTIFF'S OBJECTION TO DEFENDANT'S EXHIBITS

     Plaintiff Daryl Meadows, by and through his counsel, hereby

submits his objections to Defendant's exhibits:

Exhibit B: See Plaintiff's objections to Defendant's designation

of this deposition.

Exhibit I: See Plaintiff's objections to Defendant's designation

of this deposition.

Exhibit U: See Plaintiff's objections to Defendant's designation

of this deposition.

Exhibit X: This exhibit was never produced during discovery and

Objection to Defendant's Exhibits
Meadows v. Schlumberger
page 1

no opportunity to inspect this exhibit was ever provided to Plaintiff Meadows during discovery in this case.

Exhibit AP: Plaintiff objects to Defendant's use of Dr. Pitzer's deposition for the reasons stated in Plaintiff's Motion in Limine regarding Dr. Pitzer's supplemental report and the surveillance video evidence. Plaintiff withdraws his objection to admission of the surveillance videos themselves, Defendant's exhibits BN - BR, but continues his objection to Dr. Pitzer's supplemental report and testimony on that subject. See also Plaintiff's objections to Dr. Pitzer's deposition.

Exhibit AR: this report is inconclusive as to the cause of Plaintiff's symptoms and any relevancy is outweighed by risk of confusion of the jury and unfairness to Plaintiff Meadows. F.R.E. 401, 402, 403;

Exhibit AS: This report is also inconclusive as to the cause of Plaintiff's symptoms and any relevancy is outweighed by risk of confusion of the jury and unfairness to Plaintiff Meadows. F.R.E. 401, 402, 403;

Exhibit AT: This is the supplemental report that is addressed in Plaintiff Meadow's Motion in Limine. The information on which this supplemental report was based, the surveillance videos, were not timely disclosed to Plaintiff's attorneys prior to Dr. Pitzer's deposition and Plaintiff's attorneys had no reasonable

Objection to Defendant's Exhibits
Meadows v. Schlumberger
page 2

opportunity to cross-examine Dr. Pitzer on the surveillance materials that were the basis for this report.

Exhibit AU: Plaintiff objects to the admission of Dr. Pitzer's expert CV under Fed. R. Evid. 401, 403, and 801.  The CV would be cumulative of any trial testimony on qualification of the expert.

Exhibit AV: See Plaintiff's objections to Defendant's Deposition Designations.

Exhibit BA: See Plaintiff's objections to Defendant's Deposition Designations.

Exhibit BH: Plaintiff objects under Fed. R. Evid. 403 and Fed. R. Civ. P. 32 to Defendant's Exhibit BH, Fenix Construction Records on the basis that the statements in the exhibit constitute hearsay and because the evidence is irrelevant and that any relevance is outweighed by undue prejudice to Plaintiff Meadows and risks of confusion and speculation by the jury.  F.R.E. 401, 402, 403; 801©); 802.

The subject of the proposed exhibit, Plaintiff's prior work history and work duties with Fenix, are irrelevant to the issue as to Plaintiff's economic losses in this case and Plaintiff's present vocational and physical abilities following his injury in this case.  Defendant seeks to introduce these records from one prior employer and have that employer testify that it would provide Plaintiff with some type of employment in the future,

Objection to Defendant's Exhibits
Meadows v. Schlumberger
page 3

without any retraining of Plaintiff Meadows, apparently to impeach the testimony of Plaintiff's vocational expert Margaret Kelsay and Plaintiff's medical expert Dr. C.M. Schade, M.D., Ph.D. P.E..

There is no medical evidence that Plaintiff Meadows can currently perform any of the work that is discussed in the Defendant's proposed exhibit and there is no vocational expert that will testify that Plaintiff Meadows can currently perform any of the former job duties that Fenix had formerly assigned to Plaintiff Meadows.

Admission of this exhibit would also constitute improper collateral impeachment of Plaintiff Meadows and his experts proposed testimony.  See U.S. v. Andujar, 49 F.3d 16, 26 (1st Cir. 1995)("It is well settled that a party may not present extrinsic evidence of specific instances of conduct to impeach a witness on a collateral matter. 'A matter is considered collateral if the matter itself is not relevant in the litigation to establish a fact of consequence. . ..'" (Internal quotes omitted).  The evidence is collateral and not relevant to the litigation, because there is no evidence that Plaintiff Meadows has the physical ability to perform the same type of work duties as he formerly did in his employment with Fenix.  Defendant will waste time at trial introducing and attempting to use this

Objection to Defendant's Exhibits
Meadows v. Schlumberger
page 4

evidence in a manner that reasonably likely to be very unfair to Plaintiff Meadows and unduly prejudicial and likely to confuse the jury as to the issues being litigated and Plaintiff Meadows' current physical condition and his vocational abilities.

Any possible relevance of this evidence would be greatly outweighed by its high risk of unfair prejudice to Plaintiff Meadows, confusion of the issues and potential to mislead the jury as to Plaintiff Meadow's current vocational and physical abilities. <u>See</u> F.R.E. 401, 402, 403. The proposed evidence also constitutes collateral impeachment of Plaintiff and his expert's testimony as to Plaintiff's current physical condition and vocational abilities. Defendant's Exhibit BH should be excluded from trial.

DATED this _____ day of August, 2006, at Fairbanks, Alaska.

THE LAW OFFICE OF ROBERT A. SPARKS

<u>/s/ Robert A. Sparks</u>
Robert A. Sparks
Attorney for Plaintiff
1552 Noble Street
Fairbanks, Alaska 99701
(907) 451-0875
Fax: (907) 451-9385
E-mail: <u>sparkslawoffice@yahoo.com</u>
Membership No.: 8611139

Objection to Defendant's Exhibits
Meadows v. Schlumberger
page 5

CERTIFICATE OF SERVICE

I hereby certify that on the _24th day of August, 2006,  a copy of forgoing
was served by E-Mail on:

Shannon W. Martin

Brewster Jamison
Lane Powell LLC

and by regular mail to:
Mark Colbert, Esq

By: /s/ Robert A. Sparks

_____

Objection to Defendant's Exhibits
Meadows v. Schlumberger
page 6