Shannon W. Martin, ASBA 0105028
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-277-9511
Facsimile: 907-276-2631
Email: martins@lanepowell.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

DARYL MEADOWS,

                Plaintiff,

v.

SCHLUMBERGER TECHNOLOGY COPORATION, a foreign corporation,

                Defendant.

Case No. A05-0032 CV (JKS)

**DEFENDANT'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SECOND DISCOVERY REQUESTS**

    Defendant, by and through counsel, provides the following supplemental responses to Plaintiff's Second Discovery Requests, dated August 24, 2005.

    INTERROGATORY NO. 6: Please state in detail the factual basis for each opinion each of defendant's expert witnesses are expected to testify about at trial.

    ANSWER: Please see expert reports of Herb Williams and Dr. Neil Pitzer. The detailed factual basis for each expert's opinion is set forth in their respective reports.

    INTERROGATORY NO. 7: If any expert witness retained to testify by defendant in this case has been retained to testify on behalf of any client represented by defendant's attorneys within the past ten years, please identify each such expert, state the name and case number of each case in which the expert was retained to testify and state the details of the compensation arrangement with the witness and total amount the expert was paid for work in each case.

    ANSWER: Objection. This request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's request would entail researching expert invoicing dating back ten years on cases with different clients and inapposite facts. Without

EXHIBIT K
PAGE 1 OF 4

waving the foregoing objection, defendant responds as follows. Dr. Neil Pitzer has never been previously retained by defendant's attorneys to testify on behalf of any client. Please see Dr. Pitzer's CV for his current compensation schedule. Defendant's attorneys have previously retained safety expert Herb Williams on behalf of other clients; however, this is the first case in which Mr. Williams has been retained by defendant's attorneys to testify on behalf of Schlumberger. Please see Mr. Williams' CV for a list of cases in which Mr. Williams has been retained to testify. Mr. Williams' current compensation schedule has been requested and will be supplemented in advance of Mr. Williams' deposition on February 21, 2006.

INTERROGATORY NO. 8: Please provide a summary of the testimony defendant expects to elicit from each witness listed in defendant's Rule 26 disclosures.

ANSWER: Please see defendant's expert disclosure for short "summaries" of each expert's expected trial testimony. Please see the expert reports of Dr. Pitzer and Herb Williams for more comprehensive "summaries" of expected trial testimony.

REQUEST FOR PRODUCTION NO. 9: Please produce copies of each and every document which was provided to any expert witness defendant expects to call at trial, regarding defendant's retention of such expert to testify in this case and any and all documents provided to such expert for review by the expert following the expert's retention by defendant in this case.

RESPONSE: Regarding expert retention, please see the attached documents labeled DEF 01298-01308. Please see page 5 of Mr. Williams expert report for a complete listing of documents provided to Mr. Williams for his review in connection with this case. With the exception of depositions and pleadings, all items listed on page 5 of Mr. Williams' report have been exchanged in the ordinary course of discovery. The following documents were provided to Dr. Pitzer following retention, all of which have been exchanged in the ordinary course of discovery:

1. Deposition of Daryl Meadows, dated August 11, 2005;
2. Nabor's Incident Report, DEF 00001-27
3. Plaintiff's Initial Disclosures with Doc. Nos. 000001-115;
4. Plaintiff's Responses to First Discovery Requests w/medicals;
5. Plaintiff's Responses to Second Discovery Requests, w/docs;
6. Medical records from Northern Adjusters DEF 00204-314;
7. Baylor University Medical Center, DEF 00798-928;
8. Dallas Orthopedic Center, DEF 00929-01016;
9. Oklahoma Sports Science and Orthopaedics, DEF 01017-1025;

EXHIBIT K
PAGE 2 OF 4

Reponses to Plaintiff's Second Discovery Requests (dated August 24, 2005)
*Daryl Meadows v. Schlumberger Technology Corporation* (Case No. A05-0032 CV (JKS))    Page 2 of 4

10. Medical Arts Clinic of Ardmore, DEF 01026-1041;
11. Valley View Regional Hospital, DEF 01042-1048;
12. Ardmore Physical Therapy, DEF 01049-1056;
13. Preferred Community Choice PPO, DEF 01057-1066;
14. Marietta High School Transcript, DEF 01067-1069;
15. Murray State College Transcript, DEF 01070-1071;
16. Fenix Construction Employment Records, DEF 01072-1083;
17. Dolese Employment Records, DEF 01084-1108;
18. Oklahoma Steel & Wire Employment Records, DEF 01109-1126;
19. T.A.S. Commercial Concrete & Const. Employment Records, DEF 01127-1150;
20. Valero Employment Application Records, DEF 01151-1188;
21. CNR response from Grady Memorial Hospital, DEF 01189-1192;
22. Mercy Memorial Hospital medical records, DEF 01193-1203; and
23. Video clips and investigative reports of surveillance on Mr. Meadows.

With regard to Item No. 23 above, please see defendant's Supplemental Disclosure dated February 3, 2006, and see defendant's Disclosure of Dr. Pitzer's Supplemental Report dated February 6, 2006.

REQUEST FOR PRODUCTION NO. 10: For each witness identified by defendant in response to Interrogatory No. 6, please produce a copy of each expert witness report prepared by the witness in each prior case that you have identified.

RESPONSE: Objection. The request is vague and ambiguous; Interrogatory No. 6 does not request that defendant "identify" experts. Defendant presumes that plaintiff intended to refer to experts listed in response to Interrogatory No. 7, in which case the request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's request would entail researching expert reports dating back ten years irrespective of the differences between this case and prior cases. Moreover, plaintiff's request seeks to uncover expert reports drafted on behalf of clients who have no involvement in this case, and which may contain confidential or proprietary information respecting clients that have been released, dismissed and forever discharged without admissions of liability under confidential settlement agreements.

EXHIBIT K
PAGE 3 OF 4

DATED this 6th day of February, 2006.

                LANE POWELL LLC
                Attorneys for Defendant

                By *(signature)*
                Shannon W. Martin, ASBA 0105028

I certify that on February 6, 2006, a copy of
the foregoing was served by fax and mail on:

Robert A. Sparks, Esq.
1552 Noble Street
Fairbanks, Alaska 99701-6225

115228.0018/150174.1

EXHIBIT K
PAGE 4 OF 4

Reponses to Plaintiff's Second Discovery Requests (dated August 24, 2005)
*Daryl Meadows v. Schlumberger Technology Corporation* (Case No. A05-0032 CV (JKS))  Page 4 of 4