
# LANE POWELL
ATTORNEYS & COUNSELORS

Shannon W. Martin, Esq.
Direct Dial (907) 264-3318
MartinS@LanePowell.com

February 10, 2006

Robert A. Sparks, Esq.  **VIA FACSIMILE ONLY**
1552 Noble Street
Fairbanks, Alaska 99701-6225

Mark H. Colbert, Esq.
Colbert Law Firm
200 Stanley
Post Office Box 2169
Ardmore, Oklahoma 73402

Re: *Meadows v. Schlumberger Technology Corporation*
    Case No. A05-0032 CV (JKS)
    Our File No. 115223.18

Dear Counsel:

This letter responds to Mr. Sparks' scathing letter dated February 9, 2006. Your demands are patently unreasonable and are hereby rejected.

To be absolutely clear, Schlumberger has not taken the position that the surveillance tapes (or even the surveillance reports) are not discoverable under Rule 26(b). However, the plaintiff has never propounded affirmative discovery requests asking about or seeking disclosure of these tapes. These tapes have independent significance beyond supporting or impeaching any expert's opinion in this case, and impeachment evidence is expressly exempted from mandatory disclosures and need not be disclosed in advance of trial *unless* affirmatively requested in prior discovery. *Compare Chaisson v. Zapata Gulf Marine Corp.*, 988 F.2d 513 (5th Cir. 1993), *cert. Denied*, 114 S.Ct. 1536 (1994) (finding videotape inadmissible where the defendant had refused to respond completely to a specific interrogatory propounded by plaintiff asking about videotapes.). The tapes directly contradict Mr. Meadows' testimony regarding his physical abilities and limitations (*i.e.*, Mr. Meadows' testimony that he must use a cane to walk; that his daily routine consists of sitting on the back deck and throwing a ball to the dog; that he cannot work.). *Compare Id.* (where surveillance video was not considered impeachment evidence because it did not directly contradict anything in the plaintiff's testimony about her pain).

As to the notion that Schlumberger should have disclosed the tapes in response to plaintiff's prior discovery request for "documents" provided to any experts, Dr. Pitzer was provided with only one tape in early December (the tape marked September 22, 2005), but it was not until February 2, 2006, two days after he issued his expert report, that Dr. Pitzer was provided with a comprehensive package of video "links" for his review and comment. And then, in advance of Dr. Pitzer's deposition, Schlumberger supplemented with the tapes, a supplemental expert report (setting forth Dr. Pitzer's assessment of the tapes), and supplemental discovery responses (which included all "documents" previously requested). Such disclosures were made within a week of the expert report deadline, which had to be extended because your client failed to show up for his scheduled diagnostic testing. These tapes did not change Dr. Pitzer's opinion that Mr. Meadows' demonstrates a high likelihood

WWW.LANEPOWELL.COM    LANE POWELL LLC              LAW OFFICES
T. 907.277.9511       SUITE 301                    ANCHORAGE, AK . OLYMPIA, WA
F. 907.276.2631       301 W. NORTHERN LIGHTS BLVD. PORTLAND, OR . SEATTLE, WA
                      ANCHORAGE, ALASKA 99503-2648 LONDON, ENGLAND

EXHIBIT 1
PAGE 1 OF 2

pdf->clients 2/10



Robert A. Sparks, Esq.
Mark H. Colbert, Esq.
February 10, 2006
Page 2

of symptom magnification and/or somatization, but merely confirmed his suspicions regarding the validity of his current pain complaints.

Schlumberger has fully complied with its disclosure obligations, and a trial date has not been set by the court. Your client has sufficient opportunity between now and trial to review all of the unedited tapes and to cross-examine Dr. Pitzer at trial regarding his findings and opinions. It is your client's perjurous testimony that "sandbagged" his medical expert, and not Schlumberger's conduct, which falls squarely within the discovery rules. Schlumberger had no duty to disclose the tapes in advance of Dr. Schade's deposition.

We hope that you will reconsider your decision to file for a protective order.

Very truly yours,

LANE POWELL LLC

Shannon W. Martin

SWM:jaj
cc: Clients
115223.0018/153587.1

EXHIBIT _N_
PAGE _2_ OF _2_

WWW.LANEPOWELL.COM  LANE POWELL LLC  LAW OFFICES

T. 907.277.9511  SUITE 301  ANCHORAGE, AK . OLYMPIA, WA
F. 907.276.2631  301 W. NORTHERN LIGHTS BLVD.  PORTLAND, OR . SEATTLE, WA
ANCHORAGE, ALASKA 99503-2648  LONDON, ENGLAND