Robert A. Sparks
Law Office of Robert A. Sparks
1552 Noble Street
Fairbanks, Alaska  99701
Phone:  (907) 451-0875

Attorney for Plaintiff


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA


| | |
|---|---|
| DARYL MEADOWS                         )<br>                                       )<br>         Plaintiff,                    )<br>                                       )<br>    vs.                                )<br>                                       )<br>SCHLUMBERGER TECHNOLOGY                )<br>CORPORATION                            )<br>                                       )<br>         Defendant.                    )<br>_____)<br>_____) | Case No. A05-0032 CIV |


### PLAINTIFF'S OPPOSITION TO DEFENDANT'S
### MOTIONS REGARDING WOOD AND OWEN TESTIMONY

Plaintiff Daryl Meadows, by and through his Counsel, hereby opposes the Motions filed hereby by Defendant Schlumberger Technology Corporation relating to testimony by Grant Owen and James Wood.  There is no showing that Defendant's counsel had any reasonable belief that either witness would appear in Alaska to testify at trial in this case and no showing of "good cause" sufficient to allow the extraordinary alternative of allowing testimony by "contemporaneous transmission" has been demonstrated

Opposition to Defendant's
Motion regarding Testimony of Wood and Owen
Meadows v. Schlumberger
page 1

by Defendant for either witness.  Jim Wood's deposition was taken by Plaintiff Meadows and the transcript and video of his prior testimony are available for trial.  There is no showing by Defendant Schlumberger that any testimony by Grant Owen would be relevant to any issues at the trial in this case.  The Defendant's Motions should be denied in all respects.

FACTS

It is clear from the timing of Defendant's Motions to allow live transmission that Defendant intended to raise this issue at the last possible moment, in order to produce the greatest prejudicial impact on Plaintiff Meadows, Plaintiff's presentation of his case and Plaintiff's trial preparation.

The Scheduling and Planning Order entered in this case during May 2005, stated explicitly that:

> (11) The deadline for completion of discovery is applicable to all depositions, <u>including what some lawyers call "perpetuation" depositions. A deposition may be taken after the close of discovery only by leave of court obtained upon a showing of good cause why the deposition was not taken prior to the close of discovery</u>.

Docket 9, Scheduling and Planning Order at page 3, para. 11 (emphasis added).

As Defendant is well aware, Plaintiff Meadows complied with the Court's Scheduling and Planning Order and has taken video

Opposition to Defendant's
Motion regarding Testimony of Wood and Owen
Meadows v. Schlumberger
page 2

depositions of Plaintiff's experts and lay witnesses that he intends to present at trial that cannot physically travel to Anchorage Alaska to attend the trial, including Jim Woods, and Plaintiff's expert witnesses.  Plaintiff Meadows did so without any knowledge or idea that Defendant intended to wait until the last possible minute to attempt to present other lay witness testimony via live transmission or to force Plaintiff Meadows attorneys to attend video-depositions in this case during September, instead of allowing them to prepare for the October trial in this case.

Defendant relies in its motion on a contrived misunderstanding that somehow its highly experienced defense attorney, Mr. Martin, did not "understand" that two witnesses who have lived and worked in Oklahoma during the pendency of this case would not be willing or available to travel to Anchorage, Alaska to attend the trial in this case.  Such a questionable factual justification does not constitute "good cause" to seriously disturb the parties' preparation for the rapidly approaching trial in this case or to allow Defendant the advantage in presenting live testimony that it seeks to gain by its conduct.

Furthermore, Defendant has failed to show that its proposed

Opposition to Defendant's
Motion regarding Testimony of Wood and Owen
Meadows v. Schlumberger
page 3

witness Grant Owen has any testimony that is relevant or admissible at the trial.  Defendant's proffer of Mr. Owen's testimony is that he was formerly Plaintiff's supervisor at a construction company prior to Plaintiff Meadows going to work for Defendant and being injured at North Star Island in the incident forming the basis of this action.  Defendant fails to specify exactly what knowledge that Mr. Owen has that is important for Defendant to present at trial.

Plaintiff suspects that Defendant seeks to present Mr. Owen as some type of quasi-expert to attempt to prove Plaintiff Meadows could obtain employment without the retraining recommended by Plaintiff's Vocational Expert. However, Mr. Owens is not qualified to determine Plaintiff Meadows' medical limitations or to offer opinions as to the vocational abilities of Plaintiff Meadows, i.e. whether Mr. Meadows could perform the work he formerly performed at Fenix and whether that type of work would be harmful to Mr. Meadows current condition and possibly cause further injury to Plaintiff Meadows.

There is no vocational expert or medical expert that has testified that any work that Mr. Meadows formerly performed for Fenix is within Plaintiff Meadows' current vocational or medical limitations.  Any possible relevancy of the proposed testimony by

Opposition to Defendant's
Motion regarding Testimony of Wood and Owen
Meadows v. Schlumberger
page 4

Mr. Owens is greatly outweighed by its unfairness to Mr. Meadows and its potential to confuse the jury as to Mr. Meadow's physical and medical limitations.

As to Jim Woods, Defendant's attorney was present at Mr. Wood's deposition and was allowed to cross-examine Mr. Wood. Defendant has not explained why presentation of Mr. Wood's testimony through showing the videotape of his prior deposition or reading the transcript of the testimony would not be sufficient for presentation of Mr. Wood's testimony at the trial of this case. Plaintiff Meadows has provided deposition designations for Mr. Wood's video-deposition and intends to present Mr. Wood's testimony at trial through the deposition.

<u>LEGAL AUTHORITIES</u>

_____The decision about whether to allow either Mr. Owens or Mr. Wood to testify via simultaneous transmission or to allow Defendant to take its proposed late video-depositions are issues that are clearly with the discretion of this Court.

_____The Advisory Committee Notes to the amendments to Rule 43 state that:

> [3] Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances. The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling.

Opposition to Defendant's
Motion regarding Testimony of Wood and Owen
Meadows v. Schlumberger
page 5

The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.

[4] The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place.  Contemporaneous transmission may be better than an attempt to reschedule the trial, particularly if there is a risk that other – and perhaps more important-witnesses might not be available at a later time.

[5]  Other  possible  justifications  for  remote transmission must be approached cautiously. Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond reach of a trial subpoena, or of resolving difficulties in scheduling a trial that can be attended by all witnesses. . . .

. . .

[7]  A  party  who  could  reasonably  foresee  the circumstances  offered  to  justify  transmission  of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances.

1996 Advisory Committee Notes to FRCP 43

The  present  circumstances  involve  a  party,  Defendant Schlumberger,  who  should  have  reasonably  foreseen  the circumstances  now  relied  upon  to  justify  transmission  of  the proposed  testimony.   The  fact  that  two  witnesses  living  and working  in  Oklahoma  are  unable  to  attend  trial  in  Anchorage, Alaska,  does  not  present  either  "good  cause"  or  "compelling circumstances" to allow late depositions or live transmission of

Opposition to Defendant's
Motion regarding Testimony of Wood and Owen
Meadows v. Schlumberger
page 6

their testimony.

Defendant Schlumberger further erroneously relies on a Ninth Circuit case that it mistakenly claims establishes "geographical limitation" as "sufficient cause to allow contemporaneous transmission." Defendant's Motion at page 3 of 5. Defendant fails to recognize that the issue raised by the Defendant in Beltran v. Immigration ad Naturalization Service, 213 F.3d 1179, 1186 (9th Cir. 2000) is clearly distinguishable from the issue raised herein by Defendant.

The Ninth Circuit in Beltran approved of the trial judge's exercise of his discretion to allow the presentation of a witnesses by the government in an INS proceeding against the Defendant. Beltran stands for the proposition that such questions are committed to the discretion of the trial court based on the facts in each case. Id.

Beltran can be distinguished because it involved a INS proceeding, not a civil trial that was proceeded by formal discovery and the opportunity to take depositions. Id. Second, there is no discussion in Beltran whether either party had the opportunity or obligation to take the proposed witnesses' video-deposition prior to the hearing or trial, and had unreasonably failed to do so. Id. at 1185-86. Third, the basis of decision

Opposition to Defendant's
Motion regarding Testimony of Wood and Owen
Meadows v. Schlumberger
page 7

in <u>Beltran</u> was whether allowing the remote testimony had violated an INS statute and was "fair" to the Defendant under the circumstances presented in that case. <u>Id</u>. at 1186.

The Federal Circuit has recently approved of a trial judge's exercise of discretion denying a party's motion to allow testimony by simultaneous transmission in circumstances more similar to the present case. <u>Air Turbine Technology v. Atlas Copco AB</u>, 410 F.3d 701, 713 (Fed. Cir. 2005). In <u>Air Turbine Technology</u> the Federal Appellate Court ruled that:

> Third, we do not think the district court abused its discretion in denying ATT's motion to order testimony via video teleconference. Even assuming the district court had the power to issue such an order, the motion involved a matter expressly reserved to the sound discretion of the trial court. <u>Fed.R.Civ.P. 43(a)</u> ("The court *may* for good cause shown in compelling circumstances . . . permit presentation of testimony in open court by contemporaneous transmission from a different location." (emphasis added)). The district court stated that ATT should not have waited until one month before trial to file its motion and that requiring ATT to read the deposition transcripts of the foreign witnesses would not give Atlas an unfair tactical advantage because "[t]his circumstance occurs all the time" in civil litigation. We cannot say that the district court abused its discretion on this point.

<u>Air Turbine Technology</u>, 410 F.3d at 713.

The issue of allowing testimony from a remote location via simultaneous transmission or allowing a late video-deposition is committed to the sound discretion of this Court. Defendant

Opposition to Defendant's
Motion regarding Testimony of Wood and Owen
Meadows v. Schlumberger
page 8

Schlumberger had no reasonable belief that it could compel either witness to attend trial in Alaska, and hence Defendant had notice that video-depositions for trial were necessary to be sure that it could present Mr. Owen and Mr. Wood's testimony. There is no showing that either witness specifically agreed to come to Alaska to testify in this case. Instead, the evidence is that Defendant's counsel, who was aware that both witnesses could not be subpoenaed to attend trial, had an unreasonable belief that the witnesses might be willing to travel to Anchorage, Alaska for trial, without specifically discussing that issue with either witness.

Further, Defendant provided no timely notice to Plaintiff prior to close of discovery in this case that Defendant intended to call any witnesses via contemporaneous transmission. By allowing Defendant to call witnesses by video-transmission, the Court is giving Defendant an advantage in presenting this testimony.

Finally, trial is scheduled to begin in this case on October 10, 2006. Defendant's dilatory approach to compliance with the court's scheduling and planning order in this case does not present good cause to require Plaintiff Meadow's attorneys to delay completion of trial preparation while they travel across

Opposition to Defendant's
Motion regarding Testimony of Wood and Owen
Meadows v. Schlumberger
page 9

the country completing depositions that Defendant reasonably knew it should have taken prior to the close of discovery in this case.

While Defendant is represented by a large firm of attorneys in Anchorage and another large firm of attorneys in California, there are only two individual attorneys who represent Plaintiff. Plaintiff's attorney's have tried to comply with the Court's orders and the local rules and they respectfully request that the Court require Defendant's attorney's to comply with the same orders and rules.

Defendant has failed to show that any testimony that it proposes to present from Mr. Owens is relevant to any issue in this case. Furthermore, it reasonably appears that the testimony that Defendant seeks to elicit from Mr. Owens is beyond Mr. Owen's personal knowledge and any possible relevance of the proposed testimony is greatly outweighed by unfairness and undue prejudice to Plaintiff Meadows.

Opposition to Defendant's
Motion regarding Testimony of Wood and Owen
Meadows v. Schlumberger
page 10

Defendant's Motions should be denied in all respects.

DATED this 28th day of August, 2006, at Fairbanks, Alaska.

THE LAW OFFICE OF ROBERT A. SPARKS

/s/ Robert A. Sparks
Robert A. Sparks
Attorney for Plaintiff
1552 Noble Street
Fairbanks, Alaska 99701
(907) 451-0875
Fax: (907) 451-9385
E-mail: sparkslawoffice@yahoo.com
Membership No.: 8611139

CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of August, 2006,  a copy of forgoing was served by E-Mail on:

Shannon W. Martin

Brewster Jamison
Lane Powell LLC

and by regular mail to:
Mark Colbert, Esq

By: /s/ Robert A. Sparks

Opposition to Defendant's
Motion regarding Testimony of Wood and Owen
Meadows v. Schlumberger
page 11