Robert A. Sparks
Law Office of Robert A. Sparks
1552 Noble Street
Fairbanks, Alaska  99701
Phone:  (907) 451-0875

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| DARYL MEADOWS | ) | |
| | ) | |
| Plaintiff, | ) | Case No. A05-0032 CIV |
| | ) | |
| vs. | ) | |
| | ) | |
| SCHLUMBERGER TECHNOLOGY CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFF MEADOWS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S SECOND MOTION IN LIMINE FOR EXCLUSION OF WITNESSES AND EVIDENCE

Evidence regarding any possible history of a broken leg sustained by Plaintiff Meadows or any prior medical symptoms of cold hands and feet, should be excluded from the trial because there is no evidence that such medical conditions have any relevance to Plaintiff Meadows diagnosis of CRPS I.  Defendant Schlumberger failed to produce any expert report disclosing to Plaintiff Meadows that it intended to have its expert Dr. Pitzer provide any testimony to "corroborate these theories and to

Meadows v. Schlumberger
page 1

establish a lack of causation between the oilfield accident and the onset of CRPS I." See Defendant's Opposition, document 85 at page 13. Nabors' witnesses should not be allowed to testify to matters that it refused to respond to at Nabors 30(b)(6) deposition, where it was represented by Defendant's attorney. Any evidence regarding the extent of Kenny Lewis' injuries or current medical condition should be excluded from the trial.

1. The Medical Symptom Evidence Should Be Excluded as Collateral

Defendant Schlumberger admits that its medical expert, Dr. Neil Pitzer, failed to include in any of his expert reports in this case any expert opinions as to whether any prior symptoms of cold hands and cold feet or possible history of a broken leg could be relevant to Plaintiff Meadows' development of either RSD or CRPS I. See Defendant's Opposition document 85 at p 13; Exhibit 1, Pitzer report 9-13-05, Exhibit 2, Pitzer Supplemental Report 1/18/06; Exhibit 3, Pitzer 2nd Supplemental Report 2/4/06.

Contrary to Defendant's factual representations in its Opposition, Plaintiff's medical expert, Dr. C.M. Schade, M.D., testified at his deposition in this case on March 30, 2006, that Plaintiff Meadows suffers from complex regional pain syndrome, type one right lower extremity, and chronic contracted pain secondary to crush injury of the right leg, anxiety, depression, myalgia and myositis. See Exhibit 4, Dr. Schade deposition at

page 21. Dr. Schade testified that these conditions were a direct result of the October 16, 2003, incident that is the subject of this litigation. See Exhibit 4, Dr. Schade deposition at page 21. Dr. Schade testified extensively at his deposition as to treatment that he had performed and future treatment that he planned to provide to Plaintiff Meadows, including a temporary spinal cord simulator implant during March 2006. See Exhibit 4, Dr. Schade deposition at page 21-30, 25-26. Dr. Schade testified that two weeks following the deposition an operation was planned to implant a permanent spinal cord simulator into Plaintiff Meadows back. See Exhibit 4, Dr. Schade deposition at pages 28-29.

Any evidence as to any prior medical symptoms of cold hands or cold feet or any possible medical history as to a prior broken leg, are not relevant to Plaintiff Meadows development of CRPS I and these issues are not material to the case and thus should be excluded as collateral impeachment, alternatively, an probative value is greatly outweighed by dangers of confusion of the jury and undue prejudice to Plaintiff Meadows.

Plaintiff's Medical Expert Dr. Schade testified:

Q: Dr. Schade, can you say, to a reasonable degree of medical certainty, in light of the fact that Mr. Meadows previously broke his leg, exhibited cold hands and feet on prior occasions to October 16th, 03, that his condition results from the accident on October 16th, 2003?

Meadows v. Schlumberger
page 3

> Q: [Mr. Colbert] Objection, assumes facts not in evidence.
> A: Yes.
> Q: You can still say that to this day?
> A: Yes.

Exhibit 4, Dr. Schade deposition, at 108.

> Q: Do the cold feet and hands, that he complained about in the medical records prior to this accident, whether speaking of his working in Alaska, does that have anything to do with this diagnosis of reflex sympathetic history – dystrophy and chronic regional pain syndrome?
>
> A: In my professional opinion, within reasonable medical probability, it does not. It doesn't meet the criteria for regional complex pain syndrome. It's not related at all.
>
> Q: Okay.
>
> A: People can have cold feet and doctors don't think of complex regional pain syndrome.
>
> Q: Would a broken leg at some point years before have anything to do with – with your diagnosis and his current symptoms of chronic regional pain syndrome?
>
> A: No, it would not. There' no sequelae, and the incidence of CRPS after that kind of trauma is very low.

Exhibit 4, Dr. Schade Deposition at p. 127 -128.

Defendant has failed to demonstrate any admissible medical evidence to show any relation between a medical history of a broken leg years earlier or prior medical symptoms of cold hands and cold feet, to development of CRPS I. Defendant admits that it wishes to introduce this evidence for the purpose of creating doubt in the jury about the causation of Plaintiff's CRPS I

Meadows v. Schlumberger
page 4

medical condition.  See Opposition document 85 at 10.  However, Defendant has failed to show that the doubt it intends to create is supported by any medical reasonable possibility that these two prior conditions would have any effect on development of RSD or CRPS I of the lower extremity.  To allow Defendant the ability to introduce this evidence to create doubt without any medical evidence supporting its theory would constitute undue prejudice to Plaintiff Meadows and any relevance would be greatly outweighed by this prejudice and risk of jury confusion.

Since there are no expert medical reports or other admissible evidence to show any connection between defendant's proposed impeaching evidence, allowing introduction of that evidence would be improper and would constitute collateral impeachment.  The impeachment would be collateral, because there is no medical testimony to connect this evidence to causation of Plaintiff's CRPS I medical condition.  Defendant should also be prohibited from arguing its attorney-derived theory of medical causation to the jury in this case.

Defendant seeks to confuse and unduly prejudice the jury to disbelieve Plaintiff Meadows expert medical testimony by making a mountain out of a molehill over insignificant discrepancies in Plaintiff's medical histories.  Any evidence as to any prior symptoms of cold hands and cold feet or a possible prior broken

Meadows v. Schlumberger
page 5

leg should be excluded as collateral impeachment, and any possible relevance of that evidence is greatly outweighed by possible jury confusion, waste of time and undue prejudice to Plaintiff Meadows.

Further, Defendant's admitted plan to elicit additional expert medical opinions from Dr. Pitzer that have not been previously disclosed to Plaintiff Meadows, should be precluded as well.  See FRCP 26(a)(2)(B).  Dr. Pitzer has provided 3 reports to Plaintiff's attorney's in this case.  See Exhibit 1, Dr. Pitzer Report 9/13/05; Exhibit 2, Dr. Pitzer Supplemental Report 1/18/06 and Exhibit 3 2/4/06, Dr. Pitzer 2nd Supplemental Report. Dr. Pitzer's reports in this case do not mention or discuss any issue as to any pre-existing condition that could possibly have caused Plaintiff Meadows RSD or CRPS I of the lower extremity. The reports do not raise any issue as to whether the CRPS diagnosis for Mr. Meadows could be related in any manner to the allegedly prior broken leg or the prior medical symptoms of cold hands and cold feet.  Defendant's expert should be restricted to testimony on opinions actually discussed in his 3 reports in this case.

2. Nabors Testimony Should be Restricted

The designated Nabors Drilling Representative at its 30(b)(6) deposition failed to have any opinion at the time of the

30(b)(6) deposition as to the percentage of fault, if any that should be allocated to Nabors Drilling for the incident harming Plaintiff Meadows. <u>See</u> Exhibit 8, Nabors 30(b)(6) deposition at 82. Nabors was represented by Shannon Martin from Lane Powell at the deposition, the same attorney who represents Defendant Schlumberger in this case. <u>See</u> Exhibit 8, Nabors 30(b)(6) deposition at 81.

The Alaska Supreme Court held in <u>Wasserman v. Bartholomew</u>, 923 P.2d 806, 812 (Alaska 1996, that:

> We do not mean to suggest that the trial court was without power to address the situation confronting it on the fourth day of trial when counsel for the plaintiffs announced his intent to call the previously recalcitrant witness. (FN14)  Trial courts have the power to regulate the manner in which evidence is discovered and disclosed at trial.  In extreme circumstances, a trial court may properly conclude that only exclusion of a non-party witness's testimony can redress the unfairness of the situation.  (FN15)

<u>Id.</u> As the Court further explained in footnote 15:

>  For example, where the record is clear that a party has induced the non-party witness's non-cooperation with discovery, and the exigencies of the trial schedule would not permit a mid-trial deposition, exclusion may well be appropriate. Exclusion in these circumstances would be imposed not to sanction the witness nor pursuant to Civil Rule 37, but to prevent undue prejudice to the party against whom the testimony was offered and who had no opportunity to prepare for the testimony.

<u>Id.</u> 923 P.2d at 817 n. 15. It would be unduly prejudicial to Plaintiff Meadows to have any Nabors employee take the stand and

state that Nabors believes it should be assessed any specific percentage of fault, where Nabors' 30(b)(6) representative failed to have an opinion on that issue at Nabors' 30(b)(6) deposition in this case.  Plaintiff would be prejudiced by this evidence, because he would have had inadequate opportunity to prepare for such testimony.  Exclusion of this evidence to avoid undue prejudice Plaintiff Meadows would be particularly appropriate in this case, where the Nabors 30(b)(6) representative was represented at the deposition by the exact same attorney, Shannon Martin, representing Defendant Schlumberger in this case.

3.  Evidence Regarding Kenny Lewis Injuries Should Be Excluded

Defendant agrees that any evidence as to the extent of injuries suffered by Plaintiff's co-worker Kenny Lewis is irrelevant to any issues in this case and should be excluded from evidence.  This evidence would tend to confuse the jury and is potentially prejudicial to Plaintiff Meadows.

4.  Conclusion

There is no evidence linking any prior possible broken leg or medical symptoms of cold hands and cold feet years prior to the incident in this case, to any legitimate issue as to medical causation of CRPS 1 in Plaintiff Meadows.  Defendant's admission that it intends to elicit undisclosed medical testimony from its expert medical witness Dr. Pitzer to tie Defendant's attorney's

Meadows v. Schlumberger
page 8

"theories" together violates Defendant's Rule 26(a) disclosure requirements.  Defendant should be precluded from introduction of any medical opinions or theories that have not been disclosed in a prior timely expert report provided to Plaintiff Meadows. Any proposed testimony by any Nabors employee as to any specific percentage of fault to be attributed to Nabors in this incident, should be precluded on the grounds of undue prejudice to Plaintiff Meadows, because Nabors refused to take a position on that issue at Nabors 30(b)(6) deposition.  Finally, any evidence as to the medical condition or work status of Plaintiff Meadow's co-worker Kenny Lewis should be excluded from trial.

DATED this 31st day of August, 2006, at Fairbanks, Alaska.

THE LAW OFFICE OF ROBERT A. SPARKS

/s/ Robert A. Sparks
Robert A. Sparks
Attorney for Plaintiff
1552 Noble Street
Fairbanks, Alaska 99701
(907) 451-0875
Fax: (907) 451-9385
E-mail: sparkslawoffice@yahoo.com
Membership No.: 8611139

CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August, 2006,  a copy of forgoing was served by E-Mail on:
Shannon W. Martin
Grace Hollis

Brewster Jamieson
Lane Powell LLC

and by regular mail to:
Mark Colbert, Esq

By: /s/ Robert A. Sparks
    _____

Meadows v. Schlumberger
page 10