```
 1              IN THE UNITED STATES DISTRICT COURT
 2                   FOR THE DISTRICT OF ALASKA
 3   DARYL MEADOWS,                  )
                                     )
 4               Plaintiff,          )
                                     )
 5     vs.                           )
                                     )
 6   SCHLUMBERGER TECHNOLOGY         )
     CORPORATION,                    )
 7                                   )
                 Defendant.          )
 8   _____)
     Case No. A05-032-CV
 9

10      30(b)(6) VIDEOTAPE DEPOSITION OF NABORS ALASKA DRILLING
                          JOHNIE N. HAYNES
11
     APPEARANCES:
12
        FOR THE PLAINTIFF:         MR. ROBERT A. SPARKS
13                                 Law Office of Robert A. Sparks
                                   1552 Noble Street
14                                 Fairbanks, Alaska 99701
                                   (907) 451-0875
15
        FOR THE DEFENDANT:         MR. SHANNON W. MARTIN
16                                 Lane Powell PC
                                   Attorneys at Law
17                                 301 West Northern Lights Blvd.
                                   Suite 301
18                                 Anchorage, Alaska 99503
                                   (907) 264-3318
19

20

21

22

23

24

25
```

81

| | | |
|---|---|---|
| 1 | A | No. |
| 2 | Q | You're being represented today by the attorney -- the |
| 3 | | same attorney that's representing Schlumberger in this |
| 4 | | case, aren't you? |
| 5 | A | Yes. |
| 6 | Q | And he's representing you as your attorney at the |
| 7 | | deposition today? |
| 8 | A | Yes. |
| 9 | Q | Wouldn't you agree that Schlumberger -- well, the -- |
| 10 | | Mr. Tilbury was in the best position to know what the |
| 11 | | -- what the -- what the work and the risk involved in |
| 12 | | changing out the rams was? |
| 13 | A | Yes. |
| 14 | Q | And he could have called a safety meeting at anytime if |
| 15 | | -- if he thought that there was any issues that needed |
| 16 | | to be addressed, couldn't he? |
| 17 | A | That's correct. |
| 18 | Q | And the problem with the simultaneous operations is is |
| 19 | | that there's a possibility that -- that when they're |
| 20 | | doing this work down in the cellar that if they don't |
| 21 | | know that there's somebody up -- working up above that |
| 22 | | they might turn on a valve and release some pressure, |
| 23 | | correct? |
| 24 | A | Correct. |
| 25 | Q | And -- and in the case that we're talking about right |

82

| | | |
|---|---|---|
| 1 | | now, to -- all the information that we know is that |
| 2 | | there was no valve that was opened and that there was |
| 3 | | nothing done by Vetco-Gray in the cellar to cause any |
| 4 | | pressure to go up into the lubricator or the BOP at the |
| 5 | | time of the incident, correct? |
| 6 | A | That's correct. |
| 7 | Q | So that's just a possible danger as far as a sime op, |
| 8 | | isn't it? |
| 9 | A | Correct. |
| 10 | Q | What percent of fault do you think for -- should be |
| 11 | | assigned to Nabors for this incident, from one to a |
| 12 | | hundred? |
| 13 | A | Boy, you know, I don't know if I'm the one to really |
| 14 | | tell -- say who -- who's at fault or what amount of |
| 15 | | fault,..... |
| 16 | | MR. MARTIN: I'm just going to object, that |
| 17 | calls..... | |
| 18 | A | ..... you know, I --..... |
| 19 | | MR. MARTIN: .....for a legal conclusion. |
| 20 | A | .....I'm an investigator, and I don't try to fix blame |
| 21 | | or fault or -- and I -- like I said earlier, you know, |
| 22 | | we try to learn from this incidents, you know, we put |
| 23 | | all the findings together and hopefully we can prevent |
| 24 | | it from happening again. So..... |
| 25 | Q | (By Mr. Sparks)  Would you agree that the -- the -- |