1  Shannon W. Martin
   ASBA No. 0105028
2  GRACE HOLLIS LOWE HANSON & SCHAEFFER, LLP
   One Ridgegate, Ste. 215
3  Temecula, CA 92590
   (951) 676-3445
4  (951) 676-9294- Fax
   smartin@gracehollis.com
5

6  Attorneys for Defendant

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE DISTRICT OF ALASKA AT ANCHORAGE

10

11  DARYL MEADOWS,                    )   Case No. 3:05-cv-00032-TMB
                                      )
12             Plaintiff,             )
                                      )
13  vs.                               )   **Defendant's Response to**
                                      )   **Objections to Defendant's**
14  SCHLUMBERGER TECHNOLOGY           )   **Deposition Designations**
    CORPORATION, a foreign            )
15  corporation,                      )
                                      )
16             Defendant.             )
    _____   )
17

18       Defendant Schlumberger Technology Corporation hereby responds

19  to plaintiff's Objections to Defendant's Deposition Designations.

20  In general (with the exception of Sherri Hall who resides out of

21  state and whose deposition was video-taped), defendant intends to

22  call every witness on its witness list to provide live testimony in

23  open court.   Defendant will seek to introduce deposition testimony

24  only if certain witnesses should become unavailable to testify in

25  person for unexpected reasons.   To account for this contingency,

26  defendant has designated entire video-taped depositions for each

                                   1

1 person on its witness list because defendant believes the jury
2 should hear unedited deposition testimony rather than piecemeal/one-
3 sided excerpts as proposed by the plaintiff. *See* Fed. R. Civ. P.
4 32(a)(4).

5     Additionally, plaintiff argues that "All objections, to the
6 extent possible, should be edited out and excluded from any portions
7 of the depositions played to the jury." Plaintiff is proposing
8 carte blanche exclusion then of "objections" in general without
9 regard to the underlying basis for specific objections or the
10 context in which objections were stated on the record. The Court
11 cannot simply exclude portions of deposition testimony without an
12 underlying legal basis for exclusion.

13     Lastly, plaintiff argues that "defendant's actions [in
14 designating entire depositions] should be construed as waiving any
15 and all objections to any of the testimony designated by plaintiff
16 Meadows." Objections, at 1. Defendant agrees and hereby waives any
17 specific legal objections stated on the record as to any deposition
18 testimony designated by the plaintiff. However, pursuant to Fed. R.
19 Civ. P. 32(a)(4), defendant reserves its right to require the
20 plaintiff to introduce all other parts to such depositions in the
21 interest of fairness and completeness.

22     Plaintiff's objections to defendant's deposition designations
23 are further addressed below.

24     <u>Don Enslow</u>: Defendant did not designate Don Enslow's deposition
25 testimony, and thus, plaintiff's objections are moot. To the extent
26 that plaintiff is objecting to defendant's counter-designations (as
27 set forth in Defendant's Objections to Plaintiff's Final Witness

28

2

1  List and Deposition Designations), defendant responds as follows:

2      Don Enslow is an employee of BPXA Exploration Alaska, Inc., and

3  BPXA designated Mr. Enslow as its Rule 30b6 corporate representative

4  in response to plaintiff's 30b6 deposition notice of BPXA.

5  Plaintiff conducted Mr. Enslow's deposition but did not record Mr.

6  Enslow's deposition using audio or video technology.  Thus, Mr.

7  Enslow's deposition transcript would have to be read into the record

8  or submitted to the jury for reading and review.

9      Pursuant to Fed. R. Civ. P. 32(c), "On request of any party in

10  a case tried before a jury, deposition testimony offered other than

11  for impeachment purposes shall be presented in nonstenographic form,

12  if available, unless the court for good cause orders otherwise.

13      Though Mr. Enslow's deposition is not available in

14  nonstenographic form, BPXA has informed counsel for Schlumberger

15  that Mr. Enslow is available to testify in open court during the

16  first week of trial by contemporaneous transmission from Atlanta

17  where he will be traveling that week,[1] or alternatively, he is

18  available to appear in person during the second week of trial as he

19  returns to Alaska on October 15, 2006.  Again, defendant has not

20  listed Mr. Enslow on its witness list or designated Mr. Enslow's

21  deposition testimony, however, if the plaintiff wishes to introduce

22

23      [1]Defendant's counsel, Shannon Martin, advised plaintiffs' counsel
that Schlumberger would non-oppose a motion to allow Mr. Enslow to
24  testify by contemporaneous transmission from Atlanta on condition that
plaintiff's counsel would non-oppose Schlumberger's Motions to allow
25  contemporaneous transmission of testimony for Grant Owen and Jim Wood
from Oklahoma.  Plaintiffs' counsel declined the offer and insinuated
26  that Mr. Enslow's absence was procured by Schlumberger.  See Letters
and emails between counsel on this issue attached hereto as Exhibit
27  A.

28

**DEFENDANT'S RESPONSE TO OBJECTIONS TO DEFENDANT'S DEPOSITION DESIGNATIONS**
**Daryl Meadows v. Schlumberger Technology Corporation (Case No.3:05-cv-00032-TMB)**

1  testimony from Mr. Enslow, defendant urges the court to require

2  plaintiff to call Mr. Enslow to testify live, as live testimony is

3  far superior to testimony being read into the record.

4      <u>John Haynes, James Lott, Robert Tilbury:</u> Defendant did not

5  designate deposition testimony for these witnesses as defendant has

6  subpoenaed each of these witnesses to testify live at trial.   Thus,

7  plaintiff's objections are moot.   To the extent that plaintiff is

8  objecting to defendant's counter-designations (as set forth in

9  Defendant's Objections to Plaintiff's Final Witness List and

10  Deposition Designations), defendant responds as follows:

11      Fed. R. Civ. P. 32 (a)(4) specifically provides that "If only

12  part of a deposition is offered in evidence by a party, an adverse

13  party may require the offeror to introduce any other part which

14  ought in fairness to be considered with the part introduced, and any

15  party may introduce any other parts."

16      If Schlumberger is unable to procure the attendance of these

17  witnesses by subpoena, then the entire depositions for each witness

18  should be played to the jury.   Plaintiff's piecemeal designation of

19  these witness' deposition testimony is exceedingly unfair and

20  prejudicial to the defendant as plaintiff is seeking to introduce

21  only those parts that are beneficial to his case, and seeking to

22  exclude those parts that are not beneficial and/or which are

23  detrimental to his case.

24      Additionally, plaintiff objects to page and line excerpts for

25  each of these witness, yet plaintiff fails to actually specify the

26  legal objections for the page and line excerpts sought to be

27

28

4

1  excluded.    Presumably then, plaintiff would have the court sift

2  through deposition transcripts to find the legal bases upon which

3  the plaintiff is objecting, yet plaintiff has failed to attach

4  deposition    excerpts    for    the    court's    review.    This    fact

5  notwithstanding,    the    court    should    not    have    to    read    through

6  deposition transcripts to ferret out the underlying legal basis for

7  objections stated on the record.  Plaintiff's so-called "objections"

8  to deposition testimony of these witnesses are without merit.

9      Plaintiff's experts: Donald Jackson, Margaret Kelsay, Dr.

10  Schade:

11      Defendant    did    not    designate    deposition    testimony    for

12  plaintiff's experts Jackson, Kelsay, or Schade.    Thus, plaintiff's

13  objections are moot.  To the extent that plaintiff is objecting to

14  defendant's    counter-designations    (as    set    forth    in    Defendant's

15  Objections    to    Plaintiff's    Final    Witness    List    and    Deposition

16  Designations), defendant responds as follows:

17      Fed. R. Civ. P. 32 (a)(4) specifically provides that "If only

18  part of a deposition is offered in evidence by a party, an adverse

19  party may require the offeror to introduce any other part which

20  ought in fairness to be considered with the part introduced, and any

21  party may introduce any other parts."

22      If plaintiff offers video-taped deposition testimony for his

23  experts Jackson, Kelsay, and Schade, then the entire video-taped

24  deposition for each such expert should be played for the jury.

25  Plaintiff's    piecemeal    designation    of    his    experts'    deposition

26  testimony is exceedingly unfair and prejudicial to the defendant as

27

28

**DEFENDANT'S RESPONSE TO OBJECTIONS TO DEFENDANT'S DEPOSITION DESIGNATIONS**
**Daryl Meadows v. Schlumberger Technology Corporation (Case No.3:05-cv-00032-TMB)**

1  plaintiff is seeking to introduce only those parts that are
2  beneficial to his case, and seeking to exclude those parts that are
3  not beneficial and/or which are detrimental to his case.

4      Additionally, plaintiff objects to page and line excerpts, yet
5  plaintiff fails to actually specify the legal objections for the
6  page and line excerpts sought to be excluded.    Presumably then,
7  plaintiff would have the court sift through Jackson, Kelsay, and
8  Schade's depositions to find the legal basis upon which the
9  plaintiff is objecting, yet plaintiff has failed to attach
10 deposition excerpts for the court's review.    This fact
11 notwithstanding, the court should not have to read through
12 deposition transcripts to ferret out the underlying legal basis for
13 objections stated on the record.  Plaintiff's so-called "objections"
14 to the cross-examination of his experts are without merit, and any
15 legal objections should be deemed waived.

16     <u>Graeme Lawrie:</u> Defendant did not designate deposition testimony
17 for Graeme Lawrie, and thus, plaintiff's objections are moot.    To
18 the extent that plaintiff is objecting to defendant's counter-
19 designations (as set forth in Defendant's Objections to Plaintiff's
20 Final Witness List and Deposition Designations), defendant responds
21 as follows:        Fed. R. Civ. P. 32 (a)(4) specifically provides
22 that "If only part of a deposition is offered in evidence by a
23 party, an adverse party may require the offeror to introduce any
24 other part which ought in fairness to be considered with the part
25 introduced, and any party may introduce any other parts."
26 / / /

27

28
                                    6

1    If plaintiff offers video-taped deposition testimony for Graeme
2  Lawrie, then the entire video-taped deposition for Mr. Lawrie should
3  be played for the jury.  Plaintiff's piecemeal designation of Mr.
4  Lawrie's deposition testimony is exceedingly unfair and prejudicial
5  to the defendant as plaintiff is seeking to introduce only those
6  parts that are beneficial to his case, and seeking to exclude those
7  parts that are not beneficial and/or which are detrimental to his
8  case.

9    Additionally, plaintiff objects to page and line excerpts, yet
10 plaintiff fails to actually specify the legal objections for the
11 page and line excerpts sought to be excluded.  Presumably then,
12 plaintiff would have the court sift through Mr. Lawrie's deposition
13 to find the legal basis upon which the plaintiff is objecting, yet
14 plaintiff has failed to attach deposition excerpts for the court's
15 review.  This fact notwithstanding, the court should not have to
16 read through deposition transcripts to ferret out the underlying
17 legal basis for objections stated on the record.  Plaintiff's so-
18 called "objection" to Mr. Lawrie's deposition testimony is without
19 merit.

20 <u>Dr. Neil Pitzer:</u> Dr. Pitzer is defendant's medical expert.
21 Defendant did not designate deposition testimony for Dr. Pitzer as
22 defendant will call Dr. Pitzer  to testify live at trial.  Thus,
23 plaintiff's objections are moot.

24    Fed. R. Civ. P. 32 (a)(4) specifically provides that "If only
25 part of a deposition is offered in evidence by a party, an adverse
26 party may require the offeror to introduce any other part which
27
28

7

1 ought in fairness to be considered with the part introduced, and any

2 party may introduce any other parts."

3      If for some reason unknown at this time Dr. Pitzer is unable to

4 appear at trial, then his entire video-taped deposition should be

5 played for the jury.  Plaintiff's piecemeal designation of Dr.

6 Pitzer's deposition testimony is exceedingly unfair and prejudicial

7 to the defendant as plaintiff is seeking to introduce only those

8 parts that are beneficial to his case, and seeking to exclude those

9 parts that are not beneficial and/or which are detrimental to his

10 case.

11      Additionally, plaintiff objects to page and line excerpts, yet

12 plaintiff fails to actually specify the legal objections for the

13 page and line excerpts sought to be excluded.  Presumably then,

14 plaintiff would have the court sift through Dr. Pitzer's deposition

15 transcript to find the legal bases upon which the plaintiff is

16 objecting, yet plaintiff has failed to attach deposition excerpts

17 for the court's review.  This fact notwithstanding, the court should

18 not have to read through deposition transcripts to ferret out the

19 underlying legal basis for objections stated on the record.

20 Plaintiff's so-called "objections" to deposition testimony of Dr.

21 Pitzer is without merit.  *See also* Defendant's Opposition to

22 Plaintiff's (re-filed) Motion and Memorandum *in limine* for Exclusion

23 of Witnesses and Evidence.

24     <u>Herb Williams:</u> Plaintiff objects "to the testimony of witnesses

25 designated by the defendant."  Document 81, at 2.  Plaintiff

26 includes Mr. Williams among the list of "witnesses designated by the

27

28

8

1  defendant." Plaintiff deposed Mr. Williams on February 23, 2006.

2  Contrary to plaintiff's assertions, defendant did not designate Mr.

3  Williams' deposition testimony for trial. Herb Williams is

4  defendant's liability expert and defendant will call Mr. Williams to

5  testify live at trial. Therefore, plaintiff's objections to

6  designation of Mr. Williams' "deposition testimony" is erroneous and

7  moot.

8      Additionally, the Court's Order for Pre-Trial Proceedings and

9  Final Pre-Trial Conference (Document No. 50) specifies that "The

10 time for the filing of pre-trial motions has expired; however,

11 motions as to known, difficult evidentiary matters will be served

12 and filed not later than August 18, 2006." Plaintiff filed his

13 Objections to Defendant's Deposition Designations on August 25,

14 2006. *See* Document No. 81. The last seven pages of this filing is

15 devoted to argument in support of exclusion of Mr. Williams'

16 proposed trial testimony. Plaintiff's *Daubert* briefing should have

17 been filed in the form of a Motion *in limine* by the August 18, 2006,

18 deadline for filing such motions. Therefore, plaintiff's motion

19 seeking to exclude Mr. Williams' deposition or trial testimony

20 should be denied as untimely.      Plaintiff's motion to exclude

21 Mr. Williams' testimony should be denied for substantive reasons as

22 well. The plaintiff's entire briefing focuses on lack of training

23 and Mr. Williams' alleged ignorance on this issue. But plaintiff

24 misses the point entirely. Mr. Williams opined in his expert report

25 as follows:

26 / / /

27

28

---

**DEFENDANT'S RESPONSE TO OBJECTIONS TO DEFENDANT'S DEPOSITION DESIGNATIONS**
Daryl Meadows v. Schlumberger Technology Corporation (Case No.3:05-cv-00032-TMB)

1      Therefore, if the well head tech would have been allowed to
       complete his service routine on the tree, in all probability he
2      would have discovered that the swab valve was leaking, and
       could have safely bled the pressure off the lubricator above
3      the swab valve.   In short, regardless of whether the bleed
       valve on the BOP was opened or closed, if the Vetco Gray tech
4      had been allowed to finish his servicing the tree, this
       accident would not have happened.

5

6   *See* Williams expert report and CV, Exhibit B hereto, at 3.

7         In Mr. Williams' opinion then, had the wellhead tech been

8   allowed to finish servicing the tree, he would have discovered the

9   leaking swab valve and the accident wouldn't have happened.   Mr.

10  Williams further opined that "It was the driller's responsibility to

11  coordinate

12  all the work processes being conducted on the rig during his shift

13  and to conduct the pre-job meetings as required to communicate with

14  all parties involved."   *Id.*

15        Mr.   Williams   reviewed   an   extensive   list   of   documents   in

16  preparation for drafting his expert opinions, including numerous

17  depositions and discovery responses, the Nabors' Driller's Book, and

18  Nabors Health and Safety Manual.   *See Id.*, at 5.   His opinion is

19  that the driller on a drilling rig is like a "traffic cop" who "must

20  decide   what   activities   take   priority   and   identify   the   potential

21  conflicts that may occur, and control the work accordingly."   *Id.*,

22  at 2.   "It is [the driller's] job to coordinate all activities that

23  take   place   on   the   rig   during   his   shift.     All   non-contractor

24  personnel who come onto the rig must check with the driller before

25  conducting any type of work."   *Id.*   Mr. Williams bases his opinions

26  on over thirty-five years of service in the oil patch in which he

27

28                                    10

1    has worked for a variety of contract drilling and service companies

2    including all positions from roustabout to tool pusher. *See* Id. At

3    6-7.

4        In short, reviewing the safety policies and procedures of two

5    of the three service contractors who were doing work on Nabors'

6    drilling rig on October 16, 2003, at the time of this incident

7    (*i.e.*, Schlumberger and Vetco Gray), would not change Mr. Williams'

8    opinion that the driller is like a "traffic cop," and when one or

9    more service contractors step foot onto a drilling rig, the driller

10    <u>must</u> coordinate the activities of the various contractors. When

11    work happens on a drilling rig, there is simply no exception to this

12    rule.

13

14    DATED: <u>September 1, 2006</u>        GRACE HOLLIS LOWE

15                                         HANSON & SCHAEFFER
                                        Attorneys for Defendant

16

17                      By:    <u>s/ Shannon W. Martin</u>
                               Shannon W. Martin

18                                One Ridgegate, Ste. 215
                               Temecula, CA 92590

19                                Telephone: 951-676-3445
                               Facsimile: 951-616-9294

20                                Email: <u>smartin@gracehollis.com</u>
                               ASBA No. 0105028

21

22    I certify that on September 1, 2006, a copy
      of the foregoing was served by ECF on:

23    Robert A. Sparks  sparkslawoffice@yahoo.com

24    and by mail on:
      Mark Colbert, Esq.

25

26    By:    <u>s/Shannon W. Martin</u>
             Grace Hollis Lowe
             Hanson & Schaeffer

27

28                                     11

---