Shannon W. Martin
ASBA No. 0105028
GRACE HOLLIS LOWE HANSON & SCHAEFFER, LLP
One Ridgegate, Ste. 215
Temecula, CA 92590
(951) 676-3445
(951) 676-9294- Fax
smartin@gracehollis.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DARYL MEADOWS,  )<br>  )<br>         Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>SCHLUMBERGER TECHNOLOGY  )<br>CORPORATION, a foreign  )<br>corporation,  )<br>  )<br>         Defendant.  )<br>_____) | Case No. 3:05-cv-00032-TMB<br><br>**Defendant's Response to Objections to Defendant's Exhibits** |

Defendant Schlumberger Technology Corporation hereby responds to plaintiff's Objections to Defendant's Exhibits.  Pursuant to the Order for Pre-Trial Proceedings and Final Pre-Trial Conference at Docket No. 50, Schlumberger's "arguments and authorities in favor of admission" of each exhibit for which the plaintiff has an objection are listed below.

Exhibit B:  Plaintiff states the following objection to defendant's Exhibit B: "See Plaintiff's objections to defendant's designation of this deposition."  According to the Order for Pre-Trial Proceedings and Final Pre-Trial Conference at Docket No. 50, "Objections will be concise, and appropriate authorities will be

1

**DEFENDANT'S RESPONSE TO OBJECTIONS TO DEFENDANT'S EXHIBITS**
**Daryl Meadows v. Schlumberger Technology Corporation (Case No.3:05-cv-00032-TMB)**

cited." Plaintiff has failed to comply with the Court's Order in this regard as his objection is not concise, nor has he cited to appropriate authorities.

That being said, defendant listed Mr. Wood's deposition transcript and video in compliance with D.Ak.LR 39.3 which provides, "Depositions and deposition excerpts that are to be used for any purpose at trial must be marked as exhibits and included on an exhibit list as provided by this rule."

Defendant has filed a motion to permit presentation of Mr. Wood's testimony in open court by contemporaneous video transmission from Oklahoma, or in the alternative, to allow Mr. Wood's testimony to be captured by videotape deposition prior to trial. In the event the court grants defendant's motion, then defendant will not seek to introduce Mr. Wood's video and will only use Mr. Wood's deposition transcript for impeachment purposes as may be warranted by trial testimony. *See* Id. If, on the other hand, the Court denies defendant's motion, then defendant has designated Mr. Wood's entire video-taped discovery deposition, which is permitted under Fed. R. Civ. P. 32 (a)(3)(B).

*See also* Defendant's Response to Objections to Deposition Designations for substantive response regarding the admissibility of Mr. Wood's entire deposition.

Exhibit I: Plaintiff states the following objection to defendant's Exhibit I: "See Plaintiff's objections to defendant's designation of this deposition." According to the Order for Pre-Trial Proceedings and Final Pre-Trial Conference at Docket No. 50, "Objections will be concise, and appropriate authorities will be cited." Plaintiff has failed to comply with the Court's Order in

2

**DEFENDANT'S RESPONSE TO OBJECTIONS TO DEFENDANT'S EXHIBITS**
**Daryl Meadows v. Schlumberger Technology Corporation (Case No.3:05-cv-00032-TMB)**

1  this regard as his objection is not concise, nor has he cited to
2  appropriate authorities.
3      That being said, defendant listed Mr. Tilbury's deposition
4  transcript and video in compliance with D.Ak.LR 39.3 which
5  provides, "Depositions and deposition excerpts that are to be used
6  for <u>any purpose</u> at trial must be marked as exhibits and included on
7  an exhibit list as provided by this rule."
8      Defendant has subpoenaed Mr. Tilbury for live testimony at
9  trial, and is expecting that Mr. Tilbury will testify in person in
10 which case his deposition would not be used except to refresh
11 recollection/impeach as may be warranted by trial testimony.
12 However, in the event that Mr. Tilbury is unable to appear at the
13 trial for reasons unknown at this time, defendant has designated
14 Mr. Tilbury's entire video-taped discovery deposition, which would
15 be permitted under Fed. R. Civ. P. 32 (a)(3).
16     *See also* Defendant's Response to Objections to Deposition
17 Designations for substantive response regarding the admissibility
18 of Mr. Tilbury's entire deposition.
19     <u>Exhibit U:</u>  Plaintiff states the following objection to
20 defendant's Exhibit U: "See Plaintiff's objections to defendant's
21 designation of this deposition."
22     Herb Williams is defendant's liability expert.  Defendant
23 listed Mr. Williams' deposition transcript and video in compliance
24 with D.Ak.LR 39.3 which provides, "Depositions and deposition
25 excerpts that are to be used for <u>any purpose</u> at trial must be
26 marked as exhibits and included on an exhibit list as provided by
27 this rule."
28     Defendant has coordinated with Mr. Williams to appear and

3

**DEFENDANT'S RESPONSE TO OBJECTIONS TO DEFENDANT'S EXHIBITS**
**Daryl Meadows v. Schlumberger Technology Corporation (Case No.3:05-cv-00032-TMB)**

1  testify at trial, and defendant expects that Mr. Williams will
2  testify at trial in which case Mr. Williams deposition transcript
3  would not be used except to refresh recollection/impeach as may be
4  warranted by trial testimony.  However, in the event that Mr.
5  Williams' is unable to appear at the trial for reasons unknown at
6  this time, defendant has designated Mr. Williams' entire video-
7  taped discovery deposition, which would be permitted under Fed. R.
8  Civ. P. 32 (a)(3).
9      *See also* Defendant's Response to Objection to Deposition
10 Designation for substantive response regarding the admissibility of
11 Mr. Williams' entire deposition.
12     <u>Exhibit V:</u>  Defendant agrees that expert reports constitute
13 hearsay and would be cumulative of an expert's trial testimony.
14 Defendant has identified Mr. Williams expert report but does not
15 intend to seek admission into evidence.  Any use of Mr. Williams'
16 report will be limited to refreshing witness recollection as may be
17 warranted by trial testimony.  *See* Fed. R. Evid. 612.
18     As to plaintiff's objection regarding the substance of Mr.
19 Williams' testimony, please see Defendant's Response to Objections
20 to Defendant's Deposition Designations.
21     <u>Exhibit X:</u> Plaintiff objects to defendant's use at trial of a
22 model Well Tree, which defendant intends to use purely as a
23 demonstrative aid.  The model was marked as an exhibit at the
24 parties exhibit review hearing and plaintiff had an opportunity to
25 review the model at that time.  The model was not disclosed in
26 routine discovery as it is purely a demonstrative aid.  Moreover,
27 Fed. R. Civ. P. 26 requires disclosure of "tangible things that are
28 in the possession, custody, or control of the party" and

4

**DEFENDANT'S RESPONSE TO OBJECTIONS TO DEFENDANT'S EXHIBITS**
**Daryl Meadows v. Schlumberger Technology Corporation (Case No.3:05-cv-00032-TMB)**

1  Schlumberger did not have the model well tree in its possession,
2  custody, or control until the week that exhibit lists were to be
3  filed pursuant to the Court's Order.  The model well tree belongs
4  to BPXA Exploration Alaska, Inc., and BPXA is not a party to this
5  lawsuit.  Finally, this incident involves a very complicated set of
6  facts, which will be difficult for the jury to visualize without
7  the use of a demonstrative aid such as the model well tree.  The
8  demonstrative aid will be useful to demonstrate oral testimony.
9  Defendant does not intend to introduce the model well tree into
10 evidence.

11      <u>Exhibit AP:</u>  Plaintiff states the following objection to
12 defendant's Exhibit AP: "See Plaintiff's objections to defendant's
13 designation of this deposition."  According to the Order for Pre-
14 Trial Proceedings and Final Pre-Trial Conference at Docket No. 50,
15 "Objections will be concise, and appropriate authorities will be
16 cited."  Plaintiff has failed to comply with the Court's Order in
17 this regard as his objection is not concise, nor has he cited to
18 appropriate authorities.

19      That being said, Dr. Pitzer is defendant's medical expert.
20 Defendant listed Dr. Pitzer's deposition transcript and video in
21 compliance with D.Ak.LR 39.3 which provides, "Depositions and
22 deposition excerpts that are to be used for <u>any purpose</u> at trial
23 must be marked as exhibits and included on an exhibit list as
24 provided by this rule."

25      Defendant has coordinated with Dr. Pitzer to appear and
26 testify at trial, and defendant expects that Dr. Pitzer will
27 testify at trial in which case Dr. Pitzer's deposition transcript
28 would not be used except to refresh recollection/impeach as may be

5

**DEFENDANT'S RESPONSE TO OBJECTIONS TO DEFENDANT'S EXHIBITS**
**Daryl Meadows v. Schlumberger Technology Corporation (Case No.3:05-cv-00032-TMB)**

1  warranted by trial testimony.  However, in the event that Dr.
2  Pitzer is unable to appear at the trial for reasons unknown at this
3  time, defendant has designated Dr. Pitzer's entire video-taped
4  discovery deposition, which would be permitted under Fed. R. Civ.
5  P. 32 (a)(3).
6      *See also* Defendant's Response to Objection to Deposition
7  Designation for substantive response regarding the admissibility of
8  Dr. Pitzer's entire deposition.  *And see* Defendant's Opposition to
9  Plaintiff's (re-filed) Motion and Memorandum *in limine* for
10 Exclusion of Evidence and Witnesses for substantive response to
11 plaintiff's objections regarding admissibility of Dr. Pitzer's
12 supplemental opinions.
13     Exhibit AR:  Any use of Dr. Pitzer's report dated September
14 13, 2005, will be limited to refreshing witness recollection as may
15 be warranted by trial testimony.  *See* Fed. R. Evid. 612.  Defendant
16 will not seek to introduce this report into evidence.
17     Exhibit AS:  Defendant agrees that expert reports constitute
18 hearsay and would be cumulative of an expert's trial testimony.
19 Defendant has identified Dr. Pitzer's expert report but does not
20 intend to seek admission into evidence.  Any use of Dr. Pitzer's
21 expert report dated January 8, 2006, will be limited to refreshing
22 witness recollection as may be warranted by trial testimony.  *See*
23 Fed. R. Evid. 612.
24     Exhibit AT:  Defendant agrees that expert reports constitute
25 hearsay and would be cumulative of an expert's trial testimony.
26 Defendant has identified Dr. Pitzer's expert report but does not
27 intend to seek admission into evidence.  Any use of Dr. Pitzer's
28 supplemental report dated February 4, 2006, will be limited to

6

**DEFENDANT'S RESPONSE TO OBJECTIONS TO DEFENDANT'S EXHIBITS**
**Daryl Meadows v. Schlumberger Technology Corporation (Case No.3:05-cv-00032-TMB)**

refreshing witness recollection as may be warranted by trial testimony.  *See* Fed. R. Evid. 612.

Regarding admissibility of Dr. Pitzer's supplemental opinions, please see defendant's Opposition to Plaintiff's (re-filed) Motion and Memorandum *in limine* for Exclusion of Evidence and Witnesses.

<u>Exhibit AU</u>:  Defendant agrees that expert CV's constitute hearsay and would be cumulative of an expert's trial testimony concerning qualifications.  Defendant has identified Dr. Pitzer's CV and expert reports but does not intend to admit these items into evidence.  Any use of Dr. Pitzer's CV or expert reports will be limited to refreshing witness recollection as may be warranted by trial testimony.  *See* Fed. R. Evid. 612.

<u>Exhibit AV</u>:  Plaintiff states the following objection to defendant's Exhibit AV: "See Plaintiff's objections to defendant's designation of this deposition."  According to the Order for Pre-Trial Proceedings and Final Pre-Trial Conference at Docket No. 50, "Objections will be concise, and appropriate authorities will be cited."  Plaintiff has failed to comply with the Court's Order in this regard as his objection is not concise, nor has he cited to appropriate authorities.

That being said, defendant listed Mr. Jackson's deposition transcript and video in compliance with D.Ak.LR 39.3 which provides, "Depositions and deposition excerpts that are to be used for <u>any purpose</u> at trial must be marked as exhibits and included on an exhibit list as provided by this rule."

Mr. Jackson is the plaintiff's expert economist, and plaintiff perpetuated Mr. Jackson's trial testimony on March 29, 2006.  The Plaintiff has listed Mr. Jackson in his Final Witness

7

1 List as a witness he "will in fact call at trial." Defendant
2 introduced several exhibits during Mr. Jackson's deposition, and
3 thus, his deposition transcript and video have been identified for
4 the limited purpose of establishing the foundation, as may be
5 necessary, for admissibility of such deposition exhibits.

6 <u>Exhibit BA:</u>  Plaintiff states the following objection to
7 defendant's Exhibit BA: "See Plaintiff's objections to defendant's
8 designation of this deposition."  According to the Order for Pre-
9 Trial Proceedings and Final Pre-Trial Conference at Docket No. 50,
10 "Objections will be concise, and appropriate authorities will be
11 cited."  Plaintiff has failed to comply with the Court's Order in
12 this regard as his objection is not concise, nor has he cited to
13 appropriate authorities.

14 That being said, defendant listed Ms. Kelsay's deposition
15 transcript and video in compliance with D.Ak.LR 39.3 which
16 provides, "Depositions and deposition excerpts that are to be used
17 for <u>any purpose</u> at trial must be marked as exhibits and included on
18 an exhibit list as provided by this rule."

19 Ms. Kelsay is the plaintiff's vocational rehabilitation
20 expert, and plaintiff perpetuated Ms. Kelsay's trial testimony on
21 March 27, 2006.  The Plaintiff has listed Ms. Kelsay in his Final
22 Witness List as a witness he "will in fact call at trial."
23 Defendant introduced several exhibits during Ms. Kelsay's
24 deposition, and thus, her deposition transcript and video have been
25 identified for the limited purpose of establishing the foundation,
26 as may be necessary, for admissibility of such deposition exhibits.

27 <u>Exhibit BH:</u> The plaintiff objects to the admissibility of
28 Fenix Constructors Employment Records for several reasons,

8

**DEFENDANT'S RESPONSE TO OBJECTIONS TO DEFENDANT'S EXHIBITS**
**Daryl Meadows v. Schlumberger Technology Corporation (Case No.3:05-cv-00032-TMB)**

1  including Fed R. Evid. 401, 402, 403, 801, and 802.

2      Plaintiff worked for Fenix as a Project Superintendent for
3  approximately three years prior to going to work for Nabors Alaska
4  Drilling, Inc. in 2001. During that time, Mr. Grant Owen was Mr.
5  Meadows' direct supervisor, and Mr. Owen will authenticate and
6  verify the validity of the Fenix employment records, and that such
7  records were kept in the ordinary course of business. *See* Fed. R.
8  Evid. 803 (6).

9      The plaintiff and his experts have testified that plaintiff is
10 not capable of engaging in gainful employment in a similar capacity
11 to that which he previously engaged with Nabors and/or Fenix
12 primarily due to plaintiff's medical condition. Plaintiff assumes
13 that he could not perform the job duties that he previously held
14 with Fenix but he never actually contacted Mr. Owen following the
15 incident giving rise to this dispute to see if Mr. Owen would hire
16 him back with accommodation for his alleged injuries.
17 Additionally, plaintiff's vocational rehabilitation expert,
18 Margaret Kelsay, has never contacted Mr. Owen, nor did she review
19 the Fenix records prior to drafting her expert report in this case.
20 The Fenix records and Mr. Owen's testimony are exceedingly relevant
21 to the issue of whether Mr. Meadows has failed to mitigate his
22 losses.

23     Lastly, Mr. Owen will not testify on the issue of whether Mr.
24 Meadows actually has the physical ability to perform the same type
25 of work assignments that he formerly held with Fenix. To the
26 contrary, Mr. Owen will testify concerning the Fenix records and
27 his professional opinion of Mr. Meadows. Most importantly, Mr.
28 Owen will testify as to whether Mr. Meadows would have been

9

1  eligible for rehire with Fenix as a Project Superintendent had he
2  ever went to Mr. Owen (following the incident) and asked for his
3  old job back.  Assuming that Mr. Meadows would have been eligible
4  for rehire, Mr. Owen will testify as to whether he/Fenix would have
5  accommodated for Mr. Meadows' alleged injuries, *i.e.,* Fenix' custom
6  and practice for hiring/accommodating people with disabilities.

DATED: Septebmer 1, 2006            GRACE HOLLIS LOWE
                                    HANSON & SCHAEFFER
                                    Attorneys for Defendant

                               By:  s/ Shannon W. Martin
                                    Shannon W. Martin
                                    One Ridgegate, Ste. 215
                                    Temecula, CA 92590
                                    Telephone: 951-676-3445
                                    Facsimile: 951-616-9294
                                    Email: smartin@gracehollis.com
                                    ASBA No. 0105028

I certify that on September 1, 2006, a copy of the foregoing was served by ECF on:

Robert A. Sparks  sparkslawoffice@yahoo.com

and by mail on:
Mark Colbert, Esq.

By:    s/Brewster Jamieson
       Lane Powell

10

**DEFENDANT'S RESPONSE TO OBJECTIONS TO DEFENDANT'S EXHIBITS**
**Daryl Meadows v. Schlumberger Technology Corporation (Case No.3:05-cv-00032-TMB)**