Robert A. Sparks
Law Office of Robert A. Sparks
1552 Noble Street
Fairbanks, Alaska  99701
Phone:  (907) 451-0875

Attorney for Plaintiff


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA


| | | |
|---|---|---|
| DARYL MEADOWS | ) | |
| | ) | |
| Plaintiff, | ) | Case No. A05-0032 CIV |
| | ) | |
| vs. | ) | |
| | ) | |
| SCHLUMBERGER TECHNOLOGY CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFF MEADOWS' MEMORANDUM REGARDING ADMISSION OF EXHIBITS

Plaintiff Daryl Meadows, by and through his counsel of record, Robert A. Sparks, hereby provides the court and opposing counsel with Plaintiff Meadow's Memorandum for Admission of Exhibits:

1. Exhibit 6: Plaintiff has objected to Defendant's plan to call Mr. Woods via contemporaneous video transmission. A video deposition exists and should be used for trial testimony.

2. Exhibits were admitted at the trial video-deposition of Plaintiff's expert witness Dr. Shade without objection by

Defendant, except its objection that Dr. Schade was not a treating physician. Exhibit 1, Dr. Schade deposition p. 37 - 39, 45, 47.

3. These exhibits are marked as illustrative of the expert's testimony.

4. These exhibits are marked as illustrative of the expert's testimony.

5. Dr. Shade is Plaintiff Meadows' current treating physician, in addition to providing an expert witness report in this case. Dr. Shade testified in his video-deposition as to treatment that he performed on Plaintiff Meadows, including a temporary spinal cord simulator implant on March 21, 2006. See Exhibit 1, Dr. Shade deposition at page 21-30, 25-26. Dr. Shade testified that two weeks following the deposition an operation was planned to implant a permanent spinal cord simulator into Plaintiff Meadows back. See Exhibit 1, Dr. Shade deposition at pages 28-29. Dr. Shade's testimony establishes that the care provided to Plaintiff Meadows was medically reasonable and that the amounts billed by the treatment providers were medically reasonable, as a result of the injury Plaintiff Meadows suffered in Alaska that is the subject of this lawsuit. Exhibit 1, Dr. Shade deposition at pages 21, 23 30, 37 - 47.

Any controversion of the medical bills under the Worker's

Compensation Act is completely irrelevant to any issues in this case. The reason the medical bills were controverted was because Plaintiff Meadows changed doctors to Dr. Schade without permission of the employer. Plaintiff Meadows was in dire need of treatment for his RSD that his employer, Nabors, through its worker's compensation adjuster, had unreasonably refused to provide, despite several doctors diagnosis that Plaintiff Meadows suffered from RSD. The only doctor that Plaintiff Meadows has ever seen that did not diagnosis him with RSD or CRPS I, is Defendant's expert, Dr. Pitzer.

6. Plaintiff agrees to use the video deposition for substantive testimony. FRCP 32

7. This evidence is necessary to rebut Defendant's attacks on Plaintiff Meadows' credibility and Dr. Shade's credibility. These post-surgical photos show the serious consequences of the surgery undergone by Plaintiff Meadows earlier this year. The 15 photos are necessary to show the jury the extent and consequences of Plaintiff Meadows' surgery and the time that it took for him to begin to recover from the surgery. Plaintiff Meadows will lay the foundation for authentication and admission of these photos.

8. Exhibit 188: This document was provided to Plaintiff by B.P. Alaska, through its attorney, Shannon Martin, in this case,

together with other notes made by other BP, Nabors and Schlumberger employees. The author of the note, Dave Handpick, was listed on Defendant's witness list, until Defendant recently amended its list and removed Mr. Hendrick, following the filing of Defendant's objections to Plaintiff's exhibits. Plaintiff has filed an amended witness list including Mr. Hendrick, and has delivered a trial subpoena to Defendant's attorney, which is the only address ever provided to Plaintiff by Defendant for Mr. Hendrick. Defendant should be required to produce Mr. Hendrick for trial to allow Plaintiff to lay a foundation for introduction of these notes. The documents constitute admissions or business records of Defendant Schlumberger, since Mr. Hendrick, is a Schlumberger employee.

9. Exhibit 124-25. These are the deposition notices from Defendant's 30(b)(6) deposition showing the subjects on which the company was required to produce the most knowledgeable party. It is expected that these documents may be useful for impeach of Defendant's employees, who it is expected will attempt to claim that the 30(b)(6) deponent produce by Defendant was not the most knowledgeable witness in the company. The documents are relevant to show the jury which issues the 30(b)(6) witnesses were produced to testify on behalf of the company.

10. Exhibit 129, this is the letter and amended subpoena

for Herb Williams', Defendant's expert's, deposition. It is expected that Mr. Williams may quibble in his trial testimony about documents which were available to him at the deposition as exhibits and this document may be necessary to show that Mr. Williams ignored specific requests to bring relevant documents to the deposition that he admits were in his possession, custody and control. Mr. William's failure to comply with the subpoena is also consciousness of guilt evidence in that it tends to show that Mr. Williams did not bring important documents to his deposition that he was specifically ordered to bring because they were damaging to his faulty analysis and expert opinions.

11. Exhibits 134, 139. Withdrawn.

12. Exhibits 144, 145, and 146 are notes taken by investigators that were relied upon by the participants that prepared the parties' joint report of investigation. These documents are admissible because they either recorded recollections, FRE 803(5), business records of the Defendant, BP or Nabors; FRE 803(6) or admissions or adoptive admission by Schlumberger. FRE 810(d)(2)

13. This illustration shows the factual cycle of Plaintiff Meadows development of CRPS I from his initial injury and the use of pain block injections for temporary relief of the irritation to his sympathetic nerves. This exhibit is illustrative of the

testimony of Dr. Shade and Plaintiff Meadows.

14. Video depositions may be used in court as regular depositions can be used for cross-examination and impeachment purposes.  The Video deposition of Herb Williams is subject to Plaintiff's objection to introduction of his report and conclusions.

15. Mr. Enslow has been subpoenaed by Plaintiff to appear live at trial.  Mr. Enslow's depositions will be used as allowed by FRCP 32.

DATED this 1st day of September, 2006, at Fairbanks, Alaska.

THE LAW OFFICE OF ROBERT A. SPARKS

/s/ Robert A. Sparks
Robert A. Sparks
Attorney for Plaintiff
1552 Noble Street
Fairbanks, Alaska 99701
(907) 451-0875
Fax: (907) 451-9385
E-mail: sparkslawoffice@yahoo.com
Membership No.: 8611139


CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of September, 2006,  a copy of forgoing was served by E-Mail on:
Shannon W. Martin

Brewster Jamieson

and by regular mail to:
Mark Colbert, Esq

By: /s/ Robert A. Sparks


Meadows v. Schlumberger
page 6

_____