Brewster H. Jamieson, ASBA No. 8411122
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone:  907-277-9511
Facsimile:  907-276-2631
Email:         jamiesonb@lanepowell.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DARYL MEADOWS,<br><br>                                      Plaintiff,<br><br>v.<br><br>SCHLUMBERGER TECHNOLOGY COPORATION, a foreign corporation,<br><br>                                      Defendant. | Case No. 3:05-cv-00032-TMB<br><br>**REPLY RE:**<br>**MOTION TO PERMIT PRESENTATION OF WITNESS (JIM WOOD'S) TESTIMONY IN OPEN COURT BY CONTEMPORANEOUS TRANSMISSION FROM OKLAHOMA; OR, IN THE ALTERNATIVE, TO ALLOW MR. WOOD'S TRIAL TESTIMONY TO BE CAPTURED BY <u>VIDEOTAPE DEPOSITION PRIOR TO TRIAL</u>** |

Defendant Schlumberger Technology Corporation, by and through counsel, hereby replies to its motion for contemporaneous transmission of the trial testimony of Jim Wood.  For the following reasons, plaintiff's opposition[1] should be rejected and the motion granted.

Plaintiff first argues that there is no showing that Schlumberger had any reasonable belief that Mr. Wood would appear in person to testify at trial.  Putting aside the fact that plaintiff makes no showing that "reasonable belief" is the appropriate standard in this situation, plaintiff's assertion is demonstrably incorrect.  On August 15, 2006, Jim Wood advised Schlumberger's counsel, Shannon Martin, that it would be impractical for him to travel to Anchorage to attend trial because of his work commitments in Oklahoma.  *See* Declarations of Jim Wood and Shannon Martin submitted in

---

[1] Plaintiff has filed a single combined opposition to Schlumberger's Rule 43(a) motions regarding Jim Wood and Grant Owen.  Because Schlumberger filed two separate motions for these witnesses, Schlumberger believes it is more proper to file two separate replies.  Therefore, the reply to the motion regarding Mr. Owen will be filed separately.

support of Schlumberger's Motion.  Thus, the undisputed evidence is that Schlumberger reasonably believed that Mr. Wood would be able to appear in person for trial, and only found out on August 15 that Mr. Wood would not be able to do so.  Mr. Wood is an exceptionally important witness to Schlumberger's defense.  Schlumberger filed the instant Motion in the interest of accommodating Mr. Wood's work commitments.

Additionally, plaintiff cites to *Air Turbine Technology, Inc. v. Atlas Copco AB*, 410 F.3d 701 (Fed. Cir. 2005) to support the notion that Schlumberger waited until the "last possible minute" to file its Motion.  However, in that case, the court denied ATT's Motion for video teleconference, stating that "ATT should not have waited until one month before trial to file its motion." *Id.* At 713-14.  Here, of course, Schlumberger not only filed its motion two months before trial (as opposed to one month in *Air Turbine*), but filed its motion promptly after learning on August 15 that Mr. Wood would not be able to attend the trial in person.  *Air Turbine* is thus distinguishable on its facts because Schlumberger's motion was timely.  At best, *Air Turbine* only establishes that district courts have the discretion to order contemporaneous transmission under Rule 43(a), which Schlumberger has never contested.  However, nothing in *Air Turbine* would prevent this Court from exercising its discretion to allow contemporaneous transmission of Mr. Wood's testimony.

Further regarding case authority, plaintiff questions whether *Beltran-Tirado v. Immigration and Naturalization Service*, 213 F.3d 1179 (9th Cir. 2000), established that "geographical limitation" is a sufficient cause to allow contemporaneous transmission.  However, the "geographical limitation" language was not a phrase invented by Schlumberger; instead, that phrase was used by the court in *Federal Trade Commission v. Swedish Match North America, Inc.*, 197 F.R.D. 1 (D.D.C. 2000), in interpreting *Beltran*.  *See* 197 F.R.D. at 2 (noting that the Ninth Circuit "has already suggested that geographic limitation is sufficient cause" for contemporaneous video transmission).  Plaintiff has made no showing that the *FTC* court misconstrued *Beltran*.

Of course, Schlumberger's Motion was not based solely on "geographic limitation" or mere inconvenience, but on the fact that Mr. Wood simply will not be able to attend trial in person

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

because of his work schedule. Thus, even a narrow interpretation of Rule 43(a) would allow his testimony by contemporaneous transmission.

Plaintiff also complains that Schlumberger will gain an "advantage" if Mr. Wood's testimony is allowed by contemporaneous video transmission. But plaintiff forgets that Schlumberger could subpoena Mr. Wood and force him to appear in person at trial. Schlumberger thus gains no "advantage" by presenting Mr. Wood by video transmission versus in person. More importantly, Schlumberger has no interest in making Mr. Wood's life miserable by forcing him to travel to Alaska and miss work. Indeed, the very point of Rule 43(a) is to accommodate important witnesses like Mr. Wood who are willing to testify but cannot attend trial by allowing their contemporaneous video transmission. In fact, the Advisory Committee Notes to Rule 43 quoted by plaintiff state that live testimony is to be preferred. Because Mr. Wood's live testimony in person is not possible without great disruption to Mr. Wood's life, the next best alternative is to allow live testimony by video transmission. This is, of course, the very purpose of Rule 43(a)'s contemporaneous transmission provision.

Plaintiff also argues that Mr. Wood's video-taped deposition has already been taken, which should be sufficient for trial. But Schlumberger never intended to play Mr. Wood's video-taped deposition in lieu of his trial testimony. Questions asked during a discovery deposition are broad and form the basis for trial testimony including impeachment. Mr. Wood has been on Schlumberger's witness list since case inception – Schlumberger has always planned to call Mr. Wood for trial. The only issue is whether his testimony can be heard by contemporaneous transmission from Oklahoma versus live. Either way the plaintiff will be able to confront Mr. Wood and follow up with cross-examination, and thus, the plaintiff is adequately protected either way. Plaintiff simply cannot show that he will be negatively impacted by contemporaneous transmission. Plaintiff is desperately trying to gain tactical advantage by arguing for preclusion of an important witness' testimony without any showing of prejudice, and without any basis in law or fact.

Plaintiff also argues that a perpetuation deposition should not be allowed because his counsel should not have to forego trial preparation "while they travel across the country completing

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

depositions." Opposition, at pp. 9-10. This argument is belied by the fact that plaintiff's co-counsel Mark Colbert's office is in Oklahoma, the very same state in which Mr. Wood lives. In fact, Mr. Colbert has attended virtually every out-of-state deposition in this case with the exception of Schlumberger's 30(b)(6) witness, Graeme Lawrie, which took place in Seattle.[2]

       Plaintiff has presented no credible or persuasive evidence to show why contemporaneous transmission would be inappropriate under the circumstances. Good cause exists for allowing Mr. Wood's testimony though contemporaneous transmission because Mr. Wood's work commitments would make it impractical for him to travel to Alaska during trial. Compelling circumstances exist because Mr. Wood is an exceptionally important witness to Schlumberger's defense. Schlumberger should not have to forfeit its right to present live testimony of an important witness simply because plaintiff's counsel insists on being unreasonable.

       Finally, Schlumberger has investigated the technical requirements for contemporaneous video transmission, and is assured that contemporaneous video transmission of Mr. Wood's testimony from Oklahoma can be arranged for trial. Attached hereto is the declaration of Jennifer Heck, paralegal for Schlumberger's counsel. Ms. Heck has been in contact with both John Haley, who is in charge of video conferencing for the U.S. District Court of Alaska, and a video conferencing business in Oklahoma regarding setting up contemporaneous video transmission in this matter. Ms. Heck has found out that contemporaneous video transmission for Mr. Wood can be held from a conference room in Tulsa, Oklahoma, which is a one hour drive from Mr. Wood's place of residence in Miami, Oklahoma. Therefore, Ms. Heck has reserved a conference room in Tulsa for Mr. Wood to appear for contemporaneous video transmission at trial. Assuming there are no technical barriers to having Mr. Wood testify at trial by contemporaneous video transmission from Oklahoma, the jury will be able to physically observe Mr. Wood testifying live on video, which is

---

[2] For example, Mr. Colbert has attended eight out-of-state depositions including seven in Oklahoma and one in Colorado as follows: Margaret Kelsay, Donald Jackson, Dr. Schade (discovery depositions, February 2006), Jim Wood (October 2005), Margaret Kelsay, Donald Jackson, Dr. Schade (trial perpetuation depositions, March 2006), Dr. Pitzer (Colorado, February 2006).

**Reply Re Motion to Permit Presentation of Witness (Jim Wood's) Testimony in Open Court by Contemporaneous Transmission From Oklahoma, or, in the Alternative, to Allow Mr. Wood's Trial Testimony to be Captured By Videotape Deposition Prior to Trial**
*Daryl Meadows v. Schlumberger Technology Corporation* (Case No. A05-0032 CV (JKS))    Page 4 of 5

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

the next best alternative to Mr. Wood appearing in person. *See* Heck Declaration regarding testing that has been scheduled to occur within the next week.

## CONCLUSION

For the reasons stated above, Schlumberger respectfully requests that the Court grant its motion for contemporaneous video transmission from Oklahoma. In the alternative, Schlumberger respectfully requests that the Court allow Mr. Wood's trial testimony to be captured by videotaped deposition prior to trial.

DATED this 4th day of September, 2006.

> LANE POWELL LLC
> Attorneys for Defendant
>
> By  s/ Brewster H. Jamieson
>    Brewster H. Jamieson, ASBA No. 8411122
>    301 West Northern Lights Boulevard, Suite 301
>    Anchorage, Alaska 99503-2648
>    Telephone: 907-277-9511
>    Facsimile:  907-276-2631
>    Email:  jamiesonb@lanepowell.com

I certify that on September 4, 2006, a copy of the foregoing was served by ECF on:

Robert A. Sparks  sparkslawoffice@yahoo.com

and by mail on:  Mark Colbert, Esq.

  s/Brewster H. Jamieson
115223.0018/156444.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

**Reply Re Motion to Permit Presentation of Witness (Jim Wood's) Testimony in Open Court by Contemporaneous Transmission From Oklahoma, or, in the Alternative, to Allow Mr. Wood's Trial Testimony to be Captured By Videotape Deposition Prior to Trial**
*Daryl Meadows v. Schlumberger Technology Corporation* **(Case No. A05-0032 CV (JKS))**    Page 5 of 5