Brewster H. Jamieson, ASBA No. 8411122
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone:  907-277-9511
Facsimile:  907-276-2631
Email:       jamiesonb@lanepowell.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DARYL MEADOWS,<br><br>                                    Plaintiff,<br><br>v.<br><br>SCHLUMBERGER TECHNOLOGY COPORATION, a foreign corporation,<br><br>                                    Defendant. | Case No. 3:05-cv-00032-TMB<br><br>**REPLY RE:<br>MOTION TO PERMIT PRESENTATION OF WITNESS (GRANT OWEN'S) TESTIMONY IN OPEN COURT BY CONTEMPORANEOUS TRANSMISSION FROM OKLAHOMA; OR, IN THE ALTERNATIVE, TO ALLOW MR. OWEN'S TRIAL TESTIMONY TO BE CAPTURED BY <u>VIDEOTAPE DEPOSITION PRIOR TO TRIAL</u>** |

Defendant Schlumberger Technology Corporation, by and through counsel, hereby replies to its motion for contemporaneous transmission of the trial testimony of Grant Owen.  For the following reasons, plaintiff's opposition[1] should be rejected and the motion granted.

Plaintiff first argues that there is no showing that Schlumberger had any reasonable belief that Mr. Owen would appear in person to testify at trial.  Putting aside the fact that plaintiff makes no showing that "reasonable belief" is the appropriate standard in this situation, plaintiff's assertion is demonstrably incorrect.  With the motion Schlumberger submitted the declarations of Grant Owen and Shannon Martin which stated: (1) In their early conversations, Mr. Owen assured Mr. Martin that he would be available to testify at trial; (2) Mr. Martin understood Mr. Owen to mean that he would

---

[1] Plaintiff has filed a single combined opposition to Schlumberger's Rule 43(a) motions regarding Jim Wood and Grant Owen.  Because Schlumberger filed two separate motions for these witnesses, Schlumberger believes it is more proper to file two separate replies.  Therefore, the reply to the motion regarding Mr. Wood will be filed separately.

be available to appear in person at trial; (3) Mr. Owen did not mention to Mr. Martin that he would not be able to testify in person at trial; and (4) in their telephone conversation on August 10, 2006, Mr. Owen stated that he assumed his trial testimony would be conducted telephonically from Ardmore, Oklahoma, and that under no circumstances could he appear in person at trial because of his job commitments.  Plaintiff puts forward absolutely no evidence to the contrary; that is, plaintiff points to no evidence to support his contention that Schlumberger's counsel had an unreasonable belief that Mr. Owen might be willing to travel to Anchorage for the trial.  Therefore, the undisputed evidence is that Schlumberger believed that Mr. Owen would appear in person at trial, and only found out on August 10 that Mr. Owen would not be able to do so.

For this same reason, plaintiff's claim that the timing of the motion prejudices him is groundless.  Plaintiff fails to address the fact that Schlumberger only found out on August 10 that Mr. Owen would not be able to testify in person, and filed its motion promptly thereafter.  Therefore, contrary to plaintiff's assertion, Schlumberger in no way waited until the "last possible minute" to file its motion.  Because of this fact, plaintiff's citation to *Air Turbine Technology, Inc. v. Atlas Copco AB*, 410 F.3d 701 (Fed. Cir. 2005), does not help him.  One of the reasons why the district court in that case denied testimony by video teleconference was because "ATT should not have waited until one month before trial to file its motion." *Id.* at 714.  ATT admitted that its motion was untimely. *Id.* at 713.  Thus, ATT in that case was obviously dilatory in moving for contemporaneous transmission.  That is not the situation in the instant motion, where Schlumberger not only filed its motion two months before trial (as opposed to one month in *Air Turbine*), but filed its motion promptly after learning on August 10 that Mr. Owen could not attend trial in person because of his work schedule.  *Air Turbine* is thus distinguishable on its facts because Schlumberger's motion was timely.  At best, *Air Turbine* only establishes that district courts have the discretion to order contemporaneous transmission under Rule 43(a), which Schlumberger has never contested.  However, nothing in *Air Turbine* would prevent this Court from exercising its discretion to allow contemporaneous transmission of Mr. Owen's testimony.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Reply Re: Motion to Permit Presentation of Witness (Grant Owen's) Testimony in Open Court by Contemporaneous Transmission From Oklahoma, or, in the Alternative, to Allow Mr. Owen's Trial Testimony to be Captured By Videotape Deposition Prior to Trial
*Daryl Meadows v. Schlumberger Technology Corporation* (Case No. 3:05-cv-00032-TMB)          Page 2 of 6

Further regarding case authority, plaintiff questions whether *Beltran-Tirado v. Immigration and Naturalization Service*, 213 F.3d 1179 (9th Cir. 2000), established that "geographical limitation" is a sufficient cause to allow contemporaneous transmission. However, the "geographical limitation" language was not a phrase invented by Schlumberger; instead, that phrase was used by the court in *Federal Trade Commission v. Swedish Match North America, Inc.*, 197 F.R.D. 1 (D.D.C. 2000), in interpreting *Beltran*. *See* 197 F.R.D. at 2 (noting that the Ninth Circuit "has already suggested that geographic limitation is sufficient cause" for contemporaneous video transmission). Plaintiff has made no showing that the *FTC* court misconstrued *Beltran*.

Of course, Schlumberger's ultimate point in the motion was that the motion was not based solely on "geographic limitation" or mere inconvenience, but on the fact that Mr. Owen simply will not be able to attend trial in person because of his work schedule. Thus, even a narrow interpretation of Rule 43(a) would allow his testimony by contemporaneous transmission.

Plaintiff then calls into question the relevancy of Mr. Owen's testimony, but plaintiff's counsel's unsupported opinion of relevancy is hardly dispositive. As is established by the declarations of Mr. Owen and Mr. Martin (which have not been contradicted by any evidence from plaintiff), Mr. Owen's testimony is highly relevant to plaintiff's damages and lost earning capacity claims. Mr. Owen is an impeachment witness who will contradict plaintiff's testimony that he is not able to work. Mr. Owen will establish that Fenix Construction accommodates persons with disabilities, that plaintiff would have been eligible for his former position with Fenix even with his disabilities, and that if plaintiff had applied for his former position with his disabilities he would have been considered for the position. Mr. Owen's testimony will also impeach the testimony of plaintiff's vocational rehabilitation expert, Margaret Kelsay. Ms. Kelsay is of the opinion that plaintiff could not have found work at Fenix in the same position he had before; Mr. Owen will testify to the contrary. In addition, Mr. Owen's testimony will help Schlumberger to establish that

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

Ms. Kelsay's opinions are not supportable because she failed to consider that Fenix would accommodate plaintiff's disability.[2]

Plaintiff also complains that Schlumberger will gain an "advantage" if Mr. Owen is allowed to be presented by contemporaneous video transmission. But plaintiff forgets that Schlumberger could subpoena Mr. Owen and force him to appear at trial. Schlumberger, however, gains no "advantage" by presenting Mr. Owen by video transmission because it could simply force him to testify in person. Of course, Schlumberger has no interest in making Mr. Owen's life miserable by forcing him to travel to Alaska and miss work. Indeed, the very point of Rule 43(a) is to accommodate important witnesses like Mr. Owen who are willing to testify but cannot attend trial by allowing their contemporaneous video transmission. In fact, the Advisory Committee Notes to Rule 43 quoted by plaintiff state that live testimony is to be preferred. Because Mr. Owen's live testimony in person is not possible without great disruption to Mr. Owen's life, the next best alternative is to allow live testimony by video transmission. This, of course, is the very purpose of Rule 43(a)'s contemporaneous transmission provision. It therefore cannot be said that Schlumberger is "advantaged" by using Rule 43(a) in the way it was designed in order to present Mr. Owen's testimony to the jury in the best alternative to in-person testimony.

Plaintiff also argues that a perpetuation deposition should not be allowed because his counsel should not have to forego trial preparation "while they travel across the country completing depositions." Opposition, at pp. 9-10. This argument is belied by the fact that plaintiff's co-counsel Mark Colbert's office is in Ardmore, Oklahoma, <u>the very same town in which Mr. Owen lives</u>. In

<p style="margin-left: 2em; font-style: italic; writing-mode: vertical-rl;">LANE POWELL LLC<br>301 West Northern Lights Boulevard, Suite 301<br>Anchorage, Alaska 99503-2648<br>Telephone 907.277.9511  Facsimile 907.276.2631</p>

---

[2] Plaintiff's objection to having Mr. Owen testify has nothing to do with any concern that the standards of Rule 43(a) have not been met. Instead, the real reason is that plaintiff simply wants to keep from the jury all testimony and evidence relating to his employment with Fenix. This is made abundantly clear by plaintiff's objection to the introduction at trial of Fenix's records of plaintiff's work history and duties. *See* Plaintiff's Objection to Defendant's Exhibits (Docket No. 82), at pp. 3-5 regarding Schlumberger's Exhibit BH.

**Reply Re: Motion to Permit Presentation of Witness (Grant Owen's) Testimony in Open Court by Contemporaneous Transmission From Oklahoma, or, in the Alternative, to Allow Mr. Owen's Trial Testimony to be Captured By Videotape Deposition Prior to Trial**
*Daryl Meadows v. Schlumberger Technology Corporation* (Case No. 3:05-cv-00032-TMB)          Page 4 of 6

fact, Mr. Colbert has attended virtually every out-of-state deposition in this case with the exception of Schlumberger's 30(b)(6) witness, Graeme Lawrie, which took place in Seattle.[3]

       Plaintiff has presented no credible or persuasive evidence to show why contemporaneous transmission would be inappropriate under the circumstances.  Good cause exists for allowing Mr. Owen's testimony though contemporaneous transmission because Mr. Owen's work commitments would make it impractical for him to travel to Alaska during trial.  Compelling circumstances exist because Mr. Owen is an exceptionally important witness to Schlumberger's defense.  Schlumberger should not have to forfeit its right to present live testimony of an important witness simply because plaintiff's counsel insists on being unreasonable.

       Finally, Schlumberger has investigated the technical requirements for contemporaneous video transmission, and is assured that contemporaneous video transmission of Mr. Owen's testimony from Oklahoma can be arranged for trial.  Attached hereto is the declaration of Jennifer Heck, paralegal for Schlumberger's counsel.  Ms. Heck has been in contact with both John Haley, who is in charge of video conferencing for the U.S. District Court of Alaska, and a video conferencing business in Oklahoma regarding setting up contemporaneous video transmission in this matter.  Ms. Heck has found out that contemporaneous video transmission for Mr. Owen can be held from a conference room in Oklahoma City, which is a little more than an hour drive from Mr. Owen's place of residence in Ardmore, Oklahoma.  Therefore, Ms. Heck has reserved a conference room in Oklahoma City for Mr. Owen to appear for contemporaneous video transmission at trial.  Assuming there are no technical barriers to having Mr. Owen to testify at trial by contemporaneous video transmission from Oklahoma, the jury will be able to physically observe Mr. Owen testifying live on video, which is the next best alternative to Mr. Owen appearing in person.  *See* Heck Declaration regarding testing that has been scheduled to occur within the next week.

---

[3] For example, Mr. Colbert has attended eight out-of-state depositions including seven in Oklahoma and one in Colorado as follows: Margaret Kelsay, Donald Jackson, Dr. Schade (discovery depositions, February 2006), Jim Wood (October 2005), Margaret Kelsay, Donald Jackson, Dr. Schade (trial perpetuation depositions, March 2006), Dr. Pitzer (Colorado, February 2006).

**Reply Re: Motion to Permit Presentation of Witness (Grant Owen's) Testimony in Open Court by Contemporaneous Transmission From Oklahoma, or, in the Alternative, to Allow Mr. Owen's Trial Testimony to be Captured By Videotape Deposition Prior to Trial**
*Daryl Meadows v. Schlumberger Technology Corporation* (Case No. 3:05-cv-00032-TMB)    Page 5 of 6

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

## CONCLUSION

For the reasons stated above, and in the motion, Schlumberger respectfully requests that the Court grant its motion for contemporaneous video transmission from Oklahoma. In the alternative, Schlumberger respectfully requests that the Court allow Mr. Owen's trial testimony to be captured by videotaped deposition prior to trial.

DATED this 4th day of September, 2006.

> LANE POWELL LLC
> Attorneys for Defendant
>
> By  s/ Brewster H. Jamieson
>   301 West Northern Lights Boulevard, Suite 301
>   Anchorage, Alaska  99503-2648
>   Tel: 907-277-9511
>   Fax: 907-276-2631
>   Email:  jamiesonb@lanepowell.com
>   ASBA No. 8411122

I certify that on September 4, 2006, a copy of the foregoing was served by ECF on:

Robert A. Sparks  sparkslawoffice@yahoo.com

and by mail on:   Mark Colbert, Esq.

   s/Brewster H. Jamieson
115223.0018/156443.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska  99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631