Robert A. Sparks
Law Office of Robert A. Sparks
1552 Noble Street
Fairbanks, Alaska  99701
Phone:  (907) 451-0875

Attorney for Plaintiff

        IN THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DARYL MEADOWS ) | |
| ) | |
| Plaintiff, ) | Case No. A05-0032 CIV |
| ) | |
| vs. ) | |
| ) | |
| SCHLUMBERGER TECHNOLOGY ) | |
| CORPORATION ) | |
| ) | |
| Defendant. ) | |
| _____) | |
| _____) | |

<u>PLAINTIFF MEADOWS' REPLY TO DEFENDANT'S OPPOSITION TO</u>
<u>PLAINTIFF'S MOTION IN LIMINE FOR EXCLUSION</u>
<u>OF WITNESSES AND EVIDENCE</u>

    Defendant Schlumberger Technology Corporation's Opposition to Plaintiff Meadows Motion In Limine fails to address the issues raised in Plaintiff Meadows' Motion regarding exclusion of 11 lay witnesses Defendant intentionally failed to list in its lay witness list in this case.  Defendant's Opposition provides no legal authorities authorizing Defendant to intentionally fail to list witnesses on its final lay witness list.  Plaintiff Meadows objects to Defendant calling witnesses who not listed on its

Meadows v. Schlumberger
page 1

final lay witness list in this case and to preclude Defendant from introduction of testimony from its medical expert regarding video-evidence that was not timely disclosed to Plaintiff's attorneys. Plaintiff Meadows withdraws any objection to admission of the Defendant's surveillance videotapes at trial.

There is no dispute lay witness discovery in this case ended during November 2005 and that the parties' final lay witness lists in this case were due to be filed on January 6, 2006. Docket 22. Defendant Schlumberger admits that it intentionally did not disclose to Plaintiff Meadows or list 11 private investigators on its lay witness list and intentionally withheld that information until Defendant filed its amended witness lists 31 and 33 days following the lay witness list deadline.

Further, Defendant admits providing additional information to its medical expert, Dr. Pitzer, subsequent to completion of Dr. Pitzer's expert witness report in this case, and does not deny that it did not make the supplemental report, and information upon which the supplemental report was based, reasonably available to Plaintiff Meadow's counsel prior to Dr. Pitzer's discovery deposition in this case on February 7, 2006. See Defendant's Opposition at p. 6-7.

**ARGUMENT**

Pursuant to F.R.C.P. 16(f):

> If a party or party's attorney fails to obey a scheduling or pretrial order, . . ., the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B)(C),(D) . . ..

F.R.C.P. 16(f). Rule 37(b)(2)(B) provides authority for this Court to refuse "to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence." Id.

Defendant Schlumberger has admitted that it intentionally failed to timely list 11 private investigator lay witnesses on its final lay witness list in this case, because it intended to conceal its investigation of Plaintiff. Defendant Schlumberger also refused Plaintiff Meadows' attorney's reasonable offer that Defendant Schlumberger pay the additional costs and attorney's fees of producing and deposing Defendant's late listed witnesses. See Plaintiff Exhibit 2 Sparks letter to Martin 2/9/06; Plaintiff Exhibit 3 Martin Letter to Sparks 2/10/06.

Plaintiff Meadows has been prejudiced by Defendant's actions in failing to timely list its investigator witnesses, because lay discovery had long ended at the time of Defendant's disclosures and continuing with lay witness discovery regarding the defendant's new witnesses would be time-consuming and expensive, because all of the witnesses are located outside of Alaska.

Defendant's bad faith and wilful conduct in failing to list

lay witnesses of which it was aware on the date the final lay witness lists were due in this case was a bad faith intentional violation of the Court's Pre-trial order and the court should preclude Defendant from calling its late listed witnesses. See Wong v. Regents of University of California, 410 F.3d 1052, 1060-61 (9th Cir. 2005).

The Ninth Circuit in Wong considered on appeal a district court order sanctioning the plaintiff by exclusion of a late disclosed expert witness. Id. at 1060-61. The Ninth Circuit held that where the Plaintiff should have been reasonably aware of the necessity of an expert to prove the essential elements of his case, that "[i]t was not unfair for the district court to expect him to prepare to do so, and to identify the witnesses he needed for that purpose, on a timely basis." Id. Defendant's intentional conduct in the present case presents even more compelling justification why Defendant's late listed witnesses should be excluded.

Defendant also intentionally delayed the production of its medical expert witness, Dr. Neil Pitzer's supplemental expert report, and intentionally failed to timely disclose all of the surveillance videos in its possession that allegedly supported Dr. Pitzer's supplemental report. Defendant's action prevented Plaintiff Meadows' counsel from being prepared to effectively

cross-examine Dr. Pitzer on the subjects of the surveillance videos and his supplemental reports at the discovery deposition for Dr. Pitzer on February 7, 2006.  Plaintiff Meadows medical expert was also denied any reasonable opportunity to review any of these materials prior to Dr. Schade's discovery deposition on February 3, 2006.

Defendant Schlumberger obtained an unfair advantage by failing to reveal its surveillance evidence and Dr. Pitzer's supplemental report to Plaintiff's counsel in a reasonable manner prior to Dr. Schade's and Dr. Pitzer's depositions.  Defendant had an obligation to fully disclose its expert report and supporting materials, reasonably prior to its taking Plaintiff's expert, Dr. Schade's discovery deposition and prior to Plaintiff Meadow's taking Defendant's expert, Dr. Pitzer's deposition.

Defendant should not be allowed to profit from its abusive practices and this court should prohibit Defendant from using Dr. Pitzer's supplemental report and any testimony by Dr. Pitzer on the issue of the videotape surveillance evidence.  The only reasonable alternative to exclusion of Dr. Pitzer's supplemental report, would be to require Defendant to bear the costs and attorney's fees involved in Plaintiff Meadow's attorney's travel to Colorado to re-depose Dr. Pitzer regarding his supplemental report and to depose the 11 undisclosed witnesses.

Meadows v. Schlumberger
page 5

<u>Conclusion</u>

Plaintiff Meadows respectfully requests that this Court grant Plaintiff's Motion In Limine and strike Defendant's 11 private investigators[1] from the Defendant's late filed witness lists.  Plaintiff further requests that the Court strike Dr. Pitzer's supplemental report from evidence, because of Defendant's failure to reasonably and timely disclose the evidence supporting the report to allow effective cross-examination at Dr. Pitzer's deposition and because the report would not be helpful to the jury.

DATED this _5th day of August, 2006, at Fairbanks, Alaska.

THE LAW OFFICE OF ROBERT A. SPARKS

<u>/s/ Robert A. Sparks</u>
Robert A. Sparks
Attorney for Plaintiff
1552 Noble Street
Fairbanks, Alaska 99701
(907) 451-0875
Fax: (907) 451-9385
E-mail: <u>sparkslawoffice@yahoo.com</u>
Membership No.: 8611139

---

[1] Ben Cox, Robert Cox, Scott Crowe, Ali Elner, Cody Green, Michael Hayes, Blake Honeycutt, Jon Hull, Jay Rider, Lance West and Joe Wolf

Meadows v. Schlumberger
page 6

CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of September, 2006,  a copy of forgoing was served by E-Mail on:
Shannon W. Martin
Brewster Jamieson
Lane Powell LLC
and by regular mail to:
Mark Colbert, Esq

By: /s/ Robert A. Sparks
_____

Meadows v. Schlumberger
page 7