LAW OFFICES

# ROBERT A. SPARKS

ATTORNEY AT LAW
1552 NOBLE STREET
FAIRBANKS, ALASKA 99701
PH: (907) 451-0875
FAX: (907) 451-9385

**RECEIVED**

FEB 13 2006

**LANE POWELL PC**

February 9, 2006

Shannon W. Martin
Lane Powell LLC
301 West Northern Lights Boulevard Suite 301
Anchorage, Alaska 99503-2648

Re: Meadows v. Schlumberger Technology Corp.

Dear Mr. Martin:

    Your Client intentionally failed to comply with Plaintiff's discovery requests for documents and information that had been provided by you to Dr. Pitzer for formulation of his opinions in this case.

    You admit that you have still failed to provide us with copies of all of the surveillance materials relied upon by Dr. Pitzer, and that the remaining materials were not produced or disclosed until the afternoon prior to Dr. Pitzer's deposition in Colorado. Mr. Colbert was already traveling to Colorado when his office received these documents in Ardmore, Oklahoma. Due to your Client's violation of the discovery rules, Mr. Colbert did not have any opportunity to review either the videos or the documents prior to Dr. Pitzer's deposition.

    You falsely represented in Schlumberger's prior discovery requests that your Client would provide us with any documents or materials provided to Dr. Pitzer, with the production of Dr. Pitzer's report.

    You intentionally sandbagged Plaintiff's medical expert by failing to timely disclose this information that Defendant obviously felt was important about Plaintiff's medical condition.

    You intentionally failed to disclose information to Plaintiff Meadows that we had specifically requested.

    If the videos were merely "impeachment" evidence you would not have provided them to your medical expert for his review and production of the supplemental medical report based on the videos. The use of the materials by Dr. Pitzer takes the

EXHIBIT M
PAGE 1 OF 2

Mr. Martin Letter
February 9, 2006
page 2 of 2

materials beyond "impeachment" evidence and clearly within the scope of your Client's Rule 26 disclosure obligations.

    Please let me know whether your Client objects to scheduling an second discovery deposition of Dr. Pitzer, with your client either paying to fly Dr. Pitzer to Ardmore, Oklahoma for the deposition or paying for attorney travel time for Mark Colbert from Ardmore, Oklahoma to the site of the deposition and the return trip.

    Please let me know whether your client objects to paying for the travel expenses and related lodging and transportation expenses to fly the investigators to Fairbanks, Alaska for their depositions. Since it was your client's decision to not timely disclose the investigators or the videos, I do not believe I should suffer any prejudice by having to travel to conduct depositions that could have been conducted prior to the close of discovery or shortly thereafter.

    Please let me know if your Client is willing to stipulate to a protective order that Defendant may not use the discovery deposition of Plaintiff's medical expert to cross-examine Plaintiff's expert regarding any issues raised by Defendant's undisclosed surveillance videos.

    Since your Client's intentional failure to disclose this important information has caused my Client to suffer tremendous prejudice, if your client cannot agree to these additional conditions (in addition to the items stated in your letter), we intend to file a Motion for Protective Order with the court seeking exclusion of this evidence and Dr. Pitzer's testimony.

    Please let me know if you have any questions.

Sincerely

THE LAW OFFICE OF ROBERT A. SPARKS

Robert A. Sparks

cc: Mark Colbert

EXHIBIT M
PAGE 2 OF 2