Brewster H. Jamieson, ASBA No. 8411122
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone:  907-277-9511
Facsimile:  907-276-2631
Email:         jamiesonb@lanepowell.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DARYL MEADOWS,<br><br>                            Plaintiff,<br><br>v.<br><br>SCHLUMBERGER TECHNOLOGY COPORATION, a foreign corporation,<br><br>                            Defendant. | Case No. 3:05-cv-00032-TMB<br><br>**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S AMENDED WITNESS LIST AND TO QUASH SUBPOENA RE DAVE HENDRICK** |

COMES NOW defendant Schlumberger Technology Corp., by and through counsel, and moves to strike plaintiff's Amended Witness List and to quash plaintiff's subpoena for Dave Hendrick in the above-captioned matter.

## I. INTRODUCTION

In recent weeks, this court has seen a flurry of motions related to pre-trial issues that most often are resolved by agreement between counsel.  For instance, Schlumberger has been forced to file several motions to accommodate the testimony of out of state witnesses who have legitimate scheduling conflicts, and who truly would be unduly burdened by having to appear live at trial.  Docket Nos. 61 and 62.  Plaintiff has opposed each of these motions (and every reasonable compromise proposed by Schlumberger before the motions were filed), insisting that the court exercise its discretion in such a way as to grant plaintiff a tactical "advantage" in the form of seriously inconveniencing witnesses as well increasing the cost of litigation, without regard to whether plaintiff would be prejudiced in any way by granting the simple relief requested.  We do not

believe that a court would or should allow its procedures to be exploited in this manner—the goal of the Civil Rules should be to allow the parties to put on their cases in a reasonable and efficient manner.

This motion, then, is prophylactic in nature: in the unlikely event that this court exercises its discretion in the manner sought by plaintiff, then it should also, by the same token, grant this motion. If, however, the court is inclined to exercise its discretion to allow the parties to try their cases in an efficient and reasonable way, then this motion should, by the same token, be denied.

## II. FACTUAL BACKGROUND

The Court's Order for Pre-Trial Proceedings and Final Pre-Trial Conference explicitly states that each party's final witness list "may include only persons who have been previously disclosed as potential witnesses in a timely filed prior witness list." Docket No. 50, p. 2. "Only those witnesses so listed will be permitted to testify at trial."

Plaintiff Meadows amended his Final Witness List on August 30, 2006, for the sole purpose of adding a witness (Dave Hendrick) who was not previously named in plaintiff's prior witness lists. Dave Hendrick is a Schlumberger Health Environmental and Safety Manager and was one of several members of an investigation team that investigated the incident giving rise to this lawsuit. The incident investigation file is several hundred pages thick, and contains among other documents, draft investigation reports, witness statements and interview notes. This file was disclosed early in the discovery phase of this lawsuit, and Dave Hendrick was listed in all of defendant's prior witness lists. *See* Docket No. 26, p. 4; Docket No. 31, p. 5; Docket No. 32, p. 5; *see also* Exhibit A, Defendant's Supplemental Disclosure Statement, dated November 29, 2005. The plaintiff did not depose Mr. Hendrick during the discovery phase of this case; nor has the plaintiff ever listed Mr. Hendrick as a witness in any prior witness list. *See, e.g.,* Dockets Nos. 28 and 66.

Pursuant to Court Order, Schlumberger filed its Final Witness List on August 18, 2006, which included Dave Hendrick among other witnesses. *See* Docket No. 63. On August 18, 2006, plaintiff Meadows filed his Final Witness List, which, like all his previously-filed witness lists, did not include Mr. Hendrick. *See* Docket No. 66. On August 25, 2006, plaintiff filed his Amended

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Exhibit List. *See* Docket No. 77. Plaintiff's Exhibit No.118 lists "Dave Hendrick's interview notes." *Id.*

Defendant filed its objections to plaintiff's Exhibit List on August 25, 2006. Regarding Exhibit No. 118, defendant raised the following objection:

> Exhibit 118, Object to hearsay under Fed. R. Evid. 801 and 901. The author's notes have not been authenticated or identified in this case as belonging to Dave Hendrick. Moreover, the author's notes are hearsay and are not covered under any hearsay exception.

*See* Docket No. 79.

By letter, dated August 25, 2006, plaintiff's counsel Robert Sparks wrote a letter to defendant's counsel Shannon Martin, stating the following:

> I would like to schedule your deposition to explore the authenticity of Plaintiff's Exhibit No. 118, since your office provided it to the plaintiff. I would be able to conduct this deposition next week, please let me know what day would be available for you. Please let me know immediately if I should file a motion with the court.

*See* Exhibit B.

Defendant's counsel received Mr. Sparks' letter on Monday, August 28, 2006, and responded that same day as follows: "Regarding Mr. Sparks' letter, dated August 25, 2006, requesting to take my deposition, file a motion with the Court." *See* Exhibit C.

On August 30, 2006, Schlumberger filed an Amended Witness List to exclude Mr. Hendrick. Docket No. 88-1. It did so to comply with the Court's order, which states that "[t]his final witness list will disclose those witnesses whom the party *will in fact* call at trial." Docket No. 50, p. 2 (emphasis added); Docket 88-1.

Later that very same day (August 30), plaintiff amended his Final Witness List to designate Mr. Hendrick as his witness for the first time in this case. Docket 89-1, p. 5. Plaintiff's Amended Final Witness List states that Mr. Hendrick will testify regarding the following subjects: "Investigation of Incident" and "Statements taken by Mr. Hendrick." Docket 89-1, p. 5.

Also on August 30, 2006, plaintiff's counsel faxed a letter to defendant's co-counsel, Brewster Jamieson, forewarning that plaintiff would be issuing a subpoena for Dave Hendrick, and

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

requesting that Mr. Jamieson accept service of the subpoena and witness check on Mr. Hendrick's behalf.  *See* Exhibit D.  On August 31, 2006, a process server attempted service of the subpoena on Mr. Jamieson, but office staff rejected service of the subpoena.  A short time later, while the office staff were eating lunch in the conference room, the process server surreptitiously left the subpoena on the front ledge at Lane Powell's offices.  As of September 6, 2006, the original subpoena and witness check have been returned to Mr. Sparks.  *See* Exhibit E.

### III.  ARGUMENT

Courts routinely enforce orders requiring parties to list witnesses on prior witness lists by preventing them from calling witnesses listed in an untimely manner to testify at trial.  Last year, Judge Sedwick denied permission to call a witness at trial when the party had not listed him prior to its final witness list.  *See Hanson Industries, Inc. v. Alaska Marine Transport & Salvage, Inc.*, 2005 WL 1220938, *2 (D. Alaska 2005).  And the Ninth Circuit last week upheld the District Court's refusal to allow a party's expert to testify when the expert was not listed on the party's "initial" final witness list and the party later sought to add the expert.  *See Metcalf v. Bochco*, 2006 WL 2472193, *3 (9th Cir. August 28, 2006) (Slip Copy).

Here, plaintiff simply neglected to name Dave Hendrick on any prior witness list, and plaintiff never bothered to depose Mr. Hendrick.  Plaintiff noticed a 30(b)6 deposition of Schlumberger for November 21, 2005, and Schlumberger produced Graeme Lawrie as the person most knowledgeable concerning the incident investigation.  Mr. Lawrie oversaw the investigation on behalf of Schlumberger.  Plaintiff did not request (formally or informally) that Schlumberger produce anyone else in connection with his 30(b)6 notice of Schlumberger.  For example, plaintiff did not express any formal legal objections on the record during Mr. Lawrie's deposition that Schlumberger should have produced Mr. Hendrick (or someone else) in connection with his 30(b)6 notice of Schlumberger; plaintiff did not write a letter asking Schlumberger to produce anyone else in connection with his 30(b)6 notice; plaintiff did not move to compel Schlumberger to produce anyone else in connection with his 30(b)6 notice; and, finally, plaintiff has never requested that Schlumberger produce Dave Hendrick for a deposition.  Accordingly, the interview notes purportedly authored by Mr. Hendrick (plaintiff's Exhibit No. 118) have never been authenticated and constitute

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

pure hearsay.[1]  Plaintiff's eleventh hour attempt to add Mr. Hendrick to his witness list should be rejected.

Nor may plaintiff claim that he relied on defendant calling Mr. Hendrick at trial so that he could cross-examine Mr. Hendrick regarding the authenticity of interview notes purported to be his. Final witness lists do not provide opposing parties with a "backup" witness list for witnesses a party simply forgot to name in his own witness lists.  Moreover, any assumption by plaintiff that defendant would "open the door" on direct for him to inquire on cross into the subject of interview notes purportedly authored by Mr. Hendrick is similarly unreasonable.  Parties are mutually required to furnish witness lists and cannot simply default to another party's witness list.

And plaintiff clearly understands this.  As reflected in his (initial) Final Witness List, plaintiff listed five witnesses that are also listed on defendant's Final Witness List – Robert Tilbury, James Lott, John Hayes, Sheri Hall, and Darryl Meadows.  *See* Docket Nos. 63 and 66.  However, plaintiff did not list Mr. Hendrick as a witness at any time before he filed his untimely Amended Final Witness List on August 30, 2006.

When it comes right down to it, Schlumberger believes that parties should behave reasonably in preparing for trial; that "give and take" between counsel is integral to pretrial preparation, and that parties should work together at all costs to avoid clogging the court's docket with motions smelling of gamesmanship.  Attorneys especially should rise above "tit for tat" and endeavor to work together to minimize inconvenience to witnesses.  Certainly if prejudice is ever truly an issue then counsel should act to protect their client's interests, including filing motions, as may be necessary.  Schlumberger regrets having to file the instant motion and believes the parties should have and could have worked through this issue if plaintiff's counsel had shown even a modicum of reasonableness in dealing with these types of issues.  Unfortunately, this has been far from the case.

---

[1] Nor are the notes admissible as party admissions or business records.  First, such an argument assumes the notes were authored Mr. Hendrick.  Second, the author of the notes is recording interviews with various employees including Vetco Gray, Schlumberger, and Nabors, and thus, the notes constitute double hearsay.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

For example, as set forth in Section II above, in response to Schlumberger's objection to plaintiff's Exhibit No. 118, Mr. Sparks had the audacity to threaten the deposition of Schlumberger's counsel, Shannon Martin. Presumably plaintiff's counsel hoped to gain insight from Mr. Martin into his privileged discussions with Mr. Hendrick, Schlumberger's HES Manager for Alaska. Plaintiff's counsel could not possibly have a good faith basis for deposing Mr. Martin at this stage in this proceeding, particularly in light of the fact that plaintiff neglected to list Mr. Hendrick as a witness.

Yet another example of plaintiff's patently unreasonable behavior is his position on Schlumberger's request to permit Grant Owen and Jim Wood to testify in open court by contemporaneous transmission from Oklahoma. Mr. Martin first broached this issue with Mr. Sparks by email dated August 10, 2006. *See* Exhibit F hereto. Mr. Martin stressed to Mr. Sparks that Schlumberger was having logistical difficulties arranging for Mr. Owen's trial testimony. *Id.* In response to Mr. Martin's suggestion to perpetuate Mr. Owen's trial testimony, Mr. Sparks responded as follows: "I believe that the deadline for taking depositions in this case ended with the close of discovery. I have forwarded your message to Mr. Colbert for a second opinion. I will let you know what his response is."[2] Id. If Mr. Colbert ever gave a second opinion on this issue, it was never conveyed to counsel for Schlumberger.

On August 15, 2006, Mr. Martin made a second attempt to resolve the issue concerning Mr. Owen's availability for trial without court action, and sent a letter to plaintiffs' counsel requesting that plaintiff non-oppose a motion to allow contemporaneous transmission of Mr. Owen's testimony. *See* Exhibit G, Letter, dated August 15, 2006, from Mr. Martin to Mr. Sparks. Plaintiffs' counsel did not respond. Thus, Schlumberger filed a motion to permit contemporaneous transmission of testimony for both Jim Wood and Grant Owen. *See* Docket Nos. 61 and 62. Even though both witnesses have legitimate pressing work commitments and stand to lose thousands of dollars if compelled to attend trial in Alaska, plaintiff opposed these motions without any showing of actual prejudice. The unreasonableness of plaintiff's position on this issue is further borne out by his recent subpoena of plaintiff's witness Don Enslow, a BP Exploration Alaska, Inc. (BPXA) employee.

---

[2] Mark Colbert is plaintiff's co-counsel from Oklahoma, and has appeared pro hoc vice in this matter.

**Motion to Strike Plaintiff's Amended Witness List and To Quash Subpoena Re Dave Hendrick**
*Daryl Meadows v. Schlumberger Technology Corporation* (Case No. 3:05-cv-00032-TMB)   Page 6 of 8

BPXA's in-house counsel contacted Schlumberger counsel, Shannon Martin, on or about August 25, 2006, to advise that plaintiff had subpoenaed Mr. Enslow for trial. BPXA's in-house counsel further advised that Mr. Enslow had previously-arranged out-of-state commitments during the first week of trial; that he would be traveling to Atlanta to attend important technical committee meetings in connection with BPXA's use of gaseous fire extinguishing systems on the North Slope.

Schlumberger's counsel, Mr. Martin, immediately notified plaintiff's counsel regarding Mr. Enslow's availability for trial, and offered to non-oppose a motion for contemporaneous transmission from Atlanta on condition that plaintiff would non-oppose the Schlumberger's motions to allow contemporaneous transmission of Wood and Owen from Oklahoma. *See* Exhibit H hereto.

Plaintiff's counsel, Robert Sparks, responded with a scathing letter insinuating that that Schlumberger had assisted with or otherwise helped to procure Mr. Enslow's absence for trial. *See* Exhibit I. Schlumberger took the high ground in response to Mr. Sparks' unfounded insinuations of collusion, and even deferred to Mr. Spark's request for additional information seeking proof of the legitimacy of Mr. Enslow's travel plans. *See* Exhibit J, Letter, dated August 28, 2006, from Mr. Sparks to Mr. Martin; *and see* Exhibit K, Email from Mr. Martin to Mr. Sparks attaching additional information pursuant to Mr. Sparks' request. Additionally, Schlumberger advised plaintiffs' counsel that Mr. Enslow would be returning to Alaska on October 15, 2006, and would be available to provide testimony in person during the second week of trial, and that Schlumberger would stipulate to allow Mr. Enslow to testify out of order. *See* Exhibit L, Letter, dated August 28, 2006, from Mr. Martin to Mr. Sparks. Once again, plaintiffs' counsel declined all reasonable offers without any showing of actual prejudice and responded by email as follows: "I am sorry that this makes it impossible for Mr. Enslow to attend the meeting in Atlanta, but trials are inconvenient for everyone." *See* Exhibit M.

In sum, plaintiff would like to amend his final witness list to add Dave Hendrick even though he is undoubtedly too late. Plaintiff demands that BPXA employee Don Enslow appear in person for trial on the date and time specified in Enslow's subpoena, and refuses to bend even an inch to accommodate Mr. Enslow's legitimate out-of-state commitments during the first week of trial. This is true notwithstanding Schlumberger's willingness to allow Mr. Enslow to testify out of

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

order during the second week of trial. Plaintiff wants to take, take, take, yet give nothing in return. Plaintiff professes strict compliance with the civil rules and pretrial order when it suits his case, yet would ask for "wiggle room" to suit his own agenda. Schlumberger believes the court should exercise its discretion to grant or deny motions upon a showing of <u>actual prejudice</u>, and not on the basis of hyper-technicalities. The parties should be permitted to put on their respective cases, and to present all relevant, admissible evidence to the jury.

## IV. CONCLUSION

Plaintiff failed to list Mr. Hendrick as a witness on his Preliminary or Final Witness Lists. He cannot now, at the eleventh hour, designate or compel him to testify at trial for the purpose of authenticating inadmissible interview notes purportedly authored by him. If the Court is inclined to adopt the approach urged by Meadows' counsel in other motions, then it should also strike Plaintiff's Amended Final Witness List and quash the subpoena for Mr. Hendricks to testify at trial.

DATED this 6th day of September, 2006.

                        LANE POWELL LLC
                        Attorneys for Defendant


By s/ Brewster H. Jamieson
   Brewster H. Jamieson, ASBA No. 8411122
   301 West Northern Lights Boulevard, Suite 301
   Anchorage, Alaska 99503-2648
   Telephone: 907-277-9511
   Facsimile: 907-276-2631
   Email: jamiesonb@lanepowell.com

I certify that on September 6, 2006, a copy of the foregoing was served by ECF on:

Robert A. Sparks  sparkslawoffice@yahoo.com

and by mail on:  Mark Colbert, Esq.

  s/Brewster H. Jamieson
115223.0018/156477.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301 Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631