RECEIVED
SEP 14 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DARYL MEADOWS,<br><br>           Plaintiff,<br><br>v.<br><br>SCHLUMBERGER TECHNOLOGY CORPORATION, a foreign corporation,<br><br>           Defendant. | Case No. 3:05-cv-00032-TMB<br><br>**MOTION TO PERMIT PRESENTATION OF WITNESS (DON ENSLOW'S) TESTIMONY IN OPEN COURT BY CONTEMPORANEOUS TRANSMISSION FROM ATLANTA; OR, IN THE ALTERNATIVE, TO ALLOW MR. ENSLOW'S TRIAL TESTIMONY TO BE CAPTURED BY VIDEOTAPE DEPOSITION PRIOR TO TRIAL** |

  BP Exploration (Alaska), Inc. ("BPXA") hereby moves the Court pursuant to FRCP 43(a) for an order allowing the testimony of Don Enslow, a BPXA employee, to be presented in open court at trial by contemporaneous video or audio transmission from Atlanta, Georgia. Plaintiff wants Mr. Enslow to appear at trial on October 10, 11, or 12, 2006, and has subpoenaed Mr. Enslow to appear at trial. However, Mr. Enslow will be attending a pre-arranged business meeting in Atlanta on the days plaintiff wants him to testify, and it will not be possible for Mr. Enslow to be present in Anchorage in order to testify in person. Mr. Enslow should be allowed to present his testimony by contemporaneous transmission from Atlanta. In the alternative, BPXA moves the Court to allow the parties to take the videotaped deposition of Mr. Enslow to be presented at trial.

## FACTS

  Submitted herewith is the declaration of Mr. Enslow, which establishes the following:

  Mr. Enslow is currently employed by BPXA as Senior Safety Consultant. He resides in Anchorage, Alaska.

  Plaintiff's counsel has stated that he wants Mr. Enslow to testify at trial on October 10, 11 or 12, 2006, and has subpoenaed Mr. Enslow to appear at trial. However, from October 9 through October 12 Mr. Enslow will be in Atlanta, Georgia, attending a meeting of the National Fire Protection Association (NFPA) Technical Committee for Gaseous Fire Extinguishing Systems (GFE). An itinerary showing the dates of Mr. Enslow's travel is attached to this declaration.

BP EXPLORATION (ALASKA) INC.
900 East Benson Blvd.
Anchorage, Alaska 99508
(907) 564-4106 / Facsimile (907) 564-4031

Mr. Enslow is a member of the NFPA Technical Committee for GFE, which is very important for BPXA in Alaska. The committee is responsible for the NFPA 12 (Standard on Carbon Dioxide Extinguishing Systems), NFPA 12 A (Standard on Halon 1301 Extinguishing Systems), and NFPA 2001 (Clean Agent Extinguishing Systems). In Alaska, BPXA has one of the largest volumes of Halon 1301 Fire Extinguishing Systems in service in the United States. It is therefore very important to BPXA and Mr. Enslow's job that he attend this meeting.

The GFE Technical Committee meeting was announced on August 17, 2006, before plaintiff served Mr. Enslow with the subpoena. Attached to Mr. Enslow's declaration is the announcement of the meeting. In addition, Mr. Enslow set his travel plans to attend the meeting before he was served with the subpoena. Because of Mr. Enslow's pre-arranged travel for the Technical Committee meeting, he will be in Atlanta on October 10, 11, and 12 when plaintiff wants Mr. Enslow to testify. Thus, it will not be possible for Mr. Enslow to personally appear in court in Anchorage on those dates.

Mr. Enslow is listed in plaintiff's Amended Final Witness List as a 30(b)(6) deponent. He is not listed on Schlumberger's Amended Final Witness List. Plaintiff conducted Mr. Enslow's deposition on August 30, 2005. Mr. Enslow's deposition was not videotaped.

Finally, Mr. Enslow is willing and able to testify in open court at trial in this case by contemporaneous video or audio transmission from Atlanta at a mutually agreed time and place. In the alternative, Mr. Enslow is also willing and able to have his videotaped deposition taken in Anchorage prior to trial, again at a mutually agreed time and place.

Additional facts are as follows:

Following service of the subpoena on Mr. Enslow, BPXA's in-house counsel, John Cyr, contacted Schlumberger's counsel to notify of the subpoena, and Mr. Enslow's unavailability for trial. Mr. Martin immediately notified plaintiff's counsel regarding Mr. Enslow's unavailability for trial, and offered to non-oppose a motion for contemporaneous transmission from Atlanta on condition that plaintiff would non-oppose Schlumberger's motions to allow contemporaneous transmission of Jim Wood and Grant Owen from Oklahoma. *See* Exhibit A hereto, Letter from

BP EXPLORATION (ALASKA) INC.
900 East Benson Blvd.
Anchorage, Alaska 99508
(907) 564-4106 / Facsimile (907) 564-4031

Mr. Martin to Mr. Sparks, dated August 25, 2006. Mr. Sparks responded with a scathing letter insinuating that that Schlumberger had assisted with or otherwise helped to procure Mr. Enslow's absence for trial. *See* Exhibit B, Letter from Mr. Sparks to Mr. Martin, dated August 25, 2006.

Schlumberger then complied with Mr. Sparks' request for additional information seeking proof of the legitimacy of Mr. Enslow's travel plans. *See* Exhibit C, Letter, from Mr. Sparks to Mr. Martin, dated August 28, 2006; *and see* Exhibit D, email from Mr. Martin to Mr. Sparks, dated August 28, 2006, attaching additional information pursuant to Mr. Sparks' request. Additionally, Schlumberger advised plaintiffs' counsel that Mr. Enslow would be returning to Alaska on October 15, 2006, that he would be available to provide testimony in person during the second week of trial, and that Schlumberger would stipulate to allow Mr. Enslow to testify out of order during Schlumberger's case in chief. *See* Exhibit E, Letter from Mr. Martin to Mr. Sparks, dated August 28, 2006, . Mr. Sparks declined Schlumberger's reasonable offers:

> After considering this matter and confering with Mr. Colvert, we have decided that Mr. Enslow needs to be available to testify on October 10, 11 or possibly the 12th, depending on the pace of the trial and the time required to select the jury and to make opening statements. It is more likely that Mr. Enslow would be needed on October 11, but it if [sic] difficult to accurately predict at this time. I am sorry that this makes it impossible for Mr. Enslow to attend the meeting in Atlanta, but trials are inconvenient for everyone.

*See* Exhibit F, August 31, 2006, email from Mr. Sparks.

## ARGUMENT

FRCP 43(a) provides that this Court may "for good cause shown in compelling circumstances and upon appropriate safeguards, permit presentation of testimony in open court by contemporaneous transmission from a different location."

Here, "good cause" and "compelling circumstances" exist because Mr. Enslow had plans to attend Technical Committee meetings in Atlanta before he was ever subpoenaed in this case. Mr. Enslow is BPXA's Senior Safety Consultant, and BPXA has one of the largest volumes of Halon 1301 Fire Extinguishing Systems in service in the United States. Plaintiff has not kept Mr. Enslow or BPXA apprised of the trial date in this matter. In fact, the subpoena served in late August 2006

BP EXPLORATION (ALASKA) INC.
900 East Benson Blvd.
Anchorage, Alaska 99508
(907) 564-4106 / Facsimile (907) 564-4031

was Mr. Enslow's first notice of the October trial date. Mr. Enslow's attendance at the Technical Committee meetings is very important to BPXA. It would be exceptionally inconvenient to Mr. Enslow and prejudicial to BPXA, a non-party to this proceeding, if Mr. Enslow is compelled to cancel his registration and travel plans to attend the Technical Committee meetings.

The Advisory Note Committee Note to the 1996 Amendment to FRCP 43(a) (which added the "contemporaneous transmission" provision) provides in part: "Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial. The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons." However, the Ninth Circuit and other courts have indicated that "geographical limitation" is a sufficient cause to allow contemporaneous transmission under Rule 43(a). *See Beltran-Tirado v. Immigration and Naturalization Service*, 213 F.3d 1179, 1186 (9th Cir. 2000) (holding that there was "reason" to arrange for telephonic testimony because the witness lived in Missouri while the hearing was held in San Diego, and finding that the testimony would have been admissible in a civil proceeding under Rule 43(a)); *Federal Trade Commission v. Swedish Match North America, Inc.*, 197 F.R.D. 1, 2 (D.D.C. 2000) (good cause for contemporaneous video transmission was shown by serious inconvenience of requiring the witness, a resident of Oklahoma, to appear at a hearing in Washington, D.C.; the court also noting that the Ninth Circuit "has already suggested that geographic limitation is sufficient cause"). The circumstances in this matter are just as, if not more, "compelling" than the situations in *Beltran* and *Federal Trade Commission* where the courts allowed testimony at trial by contemporaneous transmission.

Moreover, in this case it is not merely "inconvenient" for Mr. Enslow to attend trial in person. Plaintiff served his subpoena on Mr. Enslow after the GFE Technical Committee meeting had been announced and after Mr. Enslow had made his travel plans for the meeting. Thus, even under the language of the Advisory Committee Note to Rule 43(a), contemporaneous transmission is justified in this case.

Regarding the nature of the contemporaneous transmission, the Advisory Committee Notes state that Rule 43 allows both video transmission or audio transmission without video images,

BP EXPLORATION (ALASKA) INC.
900 East Benson Blvd.
Anchorage, Alaska 99508
(907) 564-4106 / Facsimile (907) 564-4031

**Motion to Permit Presentation of Witness (Don Enslow's) Testimony in Open Court
by Contemporaneous Transmission From Atlanta, or, in the Alternative, to Allow
Mr. Enslow's Trial Testimony to be Captured By Videotape Deposition Prior to Trial**
*Daryl Meadows v. Schlumberger Technology Corporation* (Case No. A05-0032 CV (JKS))   Page 4 of 6

although "[v]ideo transmission ordinarily should be preferred when the cost is reasonable in relation to the matters in dispute, the means of the parties, and the circumstances that justify transmission." Mr. Enslow is willing and able to appear from Atlanta by video transmission, which is the next-best alternative to in-person testimony, as this will give the jury and the court the opportunity to directly observe his demeanor, emotions and expressions. However, Mr. Enslow would also be willing and able to testify by audio transmission as an alternative if it is not possible to arrange video transmission.

In the alternative, should the Court determine that contemporaneous video or audio transmission of Mr. Enslow's testimony at trial is not warranted, then the Court is requested to order that Mr. Enslow's videotaped deposition may be held in Anchorage, prior to his trip to Atlanta, so that the plaintiff may present the video at trial in lieu of live testimony.

BPXA has not been dilatory in bringing this motion, nor will this motion prejudice the plaintiff in any way. Trial is still nearly a month away, and there will be plenty of time to arrange the details of the contemporaneous transmission, or to take Mr. Enslow's videotaped deposition (if that alternative is ordered by the Court).

In sum, plaintiff is being unreasonable for the sake of being unreasonable. Plaintiff noticed and conducted Mr. Enslow's deposition in August 2005, and unlike every other deponent in this case, plaintiff neglected to videotape Mr. Enslow's deposition. Moreover, the plaintiff is calling Mr. Enslow at trial, not Schlumberger, yet plaintiff did not bother to keep Mr. Enslow apprised of the trial date. Therefore, how can plaintiff reasonably expect that Mr. Enslow would keep his calendar free for this trial? And even though Mr. Enslow is not Schlumberger's witness, Schlumberger was willing to stipulate to allow Mr. Enslow to testify out of order during the second week of trial and during its case-in-chief. Incredibly, plaintiff declined, insisting that Mr. Enslow appear on October 10, 11, or 12. After all, "trials are inconvenient for everyone." *See* Exhibit F. Finally, as discussed, plaintiff refused to bend/cooperate notwithstanding Schlumberger's offer to non-oppose a motion to allow contemporaneous transmission from Atlanta.

BP EXPLORATION (ALASKA) INC.
900 East Benson Blvd.
Anchorage, Alaska 99508
(907) 564-4106 / Facsimile (907) 564-4031

## CONCLUSION

BPXA is not asking plaintiff to forego presenting Mr. Enslow's testimony to the jury. However, because of Mr. Enslow's pre-arranged business trip out of state he will simply not be available to testify in person on the dates plaintiff wants him to testify. Mr. Enslow is willing and able to testify live in open court through contemporaneous video or audio transmission. Therefore, for the reasons stated above, BPXA respectfully requests that the Court grant its motion for contemporaneous video or audio transmission from Atlanta. In the alternative, BPXA respectfully requests that the Court allow Mr. Enslow's trial testimony to be captured by videotaped deposition prior to trial.

DATED this 14th day of September, 2006.

By /s/ Gregory L. Youngmun
Gregory L. Youngmun, ASBA No. 8310160
BP Exploration (Alaska), Inc., Law Department

BP EXPLORATION (ALASKA) INC.
900 East Benson Blvd.
Anchorage, Alaska 99508
(907) 564-4106 / Facsimile (907) 564-4031

I certify that on September 14, 2006, a copy of the foregoing was served by Linda S. Mowrer by mail and hand on:

Robert A. Sparks, Esq. (mail)
Mark Colbert, Esq. (mail)
Shannon Martin, Esq. (hand)
Brewster Jamieson, Esq. (hand)

/s/ Linda S. Mowrer