Robert A. Sparks
Law Office of Robert A. Sparks
1552 Noble Street
Fairbanks, Alaska  99701
Phone:  (907) 451-0875

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| DARYL MEADOWS | ) | |
| | ) | |
| Plaintiff, | ) | Case No. A05-0032 CIV |
| | ) | |
| vs. | ) | |
| | ) | |
| SCHLUMBERGER TECHNOLOGY CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFF MEADOWS' OPPOSITION TO DEFENDANT'S MOTION
TO STRIKE PLAINTIFF'S AMENDED WITNESS LIST AND
TO QUASH SUBPOENA RE DAVE HENDRICK

Plaintiff Daryl Meadows, by and through his counsel of record, Robert A. Sparks, the Law Office of Robert A. Sparks, and opposes Defendant's present Motion to Strike.  See Defendant's Memorandum at 2.  Defendant cannot show that it would suffer any prejudice by allowing Plaintiff to amend his witness list to add a witness employed by Defendant who was listed on Defendant's trial witness list in this case.

Meadows v. Schlumberger
page 1

## **FACTS**

    As Defendant admits at page 2 of its Memorandum, Plaintiff's proposed witness, Dave Hendrick, is a Schlumberger employee, involved in the incident investigation in this case. See Opposition at p. 2. Defendant also admits that it included Mr. Hendick in its final witness list in this case. See Opposition at 2.

    Defendant's exhibit objections included an objection to Plaintiff's exhibit, Plaintiff's No. 118, which consists of documents which were part of the incident investigation file produced by the Defendant in this case. See Opposition at 2. Plaintiff filed his Amended Witness list, including Mr. Hendrick, after Defendant had filed objections to Plaintiff's exhibit No. 118. Plaintiff believes that the notes contained in Exhibit 118, were authored by Mr. Hendrick and have become important to the case because they confirm that the Vetco-Gray employee, Mr. Lott, did not move or cycle the valves when he arrived at the rig prior to the incident injuring Plaintiff Meadows.

    Mr. Hendrick's address has been previously listed by Defendant's as c/o their attorney's office in prior witness lists. See Defendant's Exhibit "A" Defendant's Supplemental Disclosure Statement. Despite Defendant's failure to provide Plaintiff Meadows with any address at which to serve Mr.

Meadows v. Schlumberger
page 2

Hendrick, Defendant's attorney's refused to accept service of the subpoena for Mr. Hendrick and returned a subpoena for Mr. Hendrick that was delivered to Defendant's attorney's office.

## ARGUMENT

Plaintiff Meadows added Mr. Hendrick to the witness list in this case in response to Defendant's objections to admission of an interview document, Exhibit 118, created by its employee Dave Hendrick during the investigation of the incident in this case. Defendant's objection to this exhibit had not been previously anticipated by Plaintiff.

The document is a record of statements made by a Schlumberger employee, Mr. Hendrick, in the course of his job and may constitute an admission by Defendant.  FRE 801(d)(2).  The statement may also be admissible as a present sense impression, FRE 803(1), or as a business record of the Defendant, FRE 803(6) or it may be admissible as an adoptive admission, because it was relied upon by Defendant, and BP Alaska and Nabors, in their creation of the investigation report in this case.

Plaintiff's proposed witness, Mr. Hendrick, works for Defendant here in Anchorage.  It is not expected that the issues involving admission of exhibit 118 will either delay the trial to any significant extent or involve any matters that are not directly relevant to the resolution of Plaintiff Meadows' claims

against Defendant Schlumberger herein.

Plaintiff is not asking Defendant's counsel to fly to Oklahoma to attend depositions this month, or to accommodate any last minute attempt to present selected Defendant's witnesses' testimony via the new, highly expensive and largely untested medium of simultaneous video transmission. Plaintiff simply asks to add one witness to his witness list who works in Anchorage, Alaska, for Defendant that Defendant had already listed on Defendant's final witness list for this case. There is no showing of any prejudice to Defendant from allowing Plaintiff to add Mr. Hendrick to Plaintiff's list.

Defendant's Motion to Strike Plaintiff's Amended Witness List should be denied in all respects.

DATED this _____ day of September, 2006, at Fairbanks, Alaska.

THE LAW OFFICE OF ROBERT A. SPARKS

/s/ Robert A. Sparks
Robert A. Sparks
Attorney for Plaintiff
1552 Noble Street
Fairbanks, Alaska 99701
(907) 451-0875
Fax: (907) 451-9385
E-mail: sparkslawoffice@yahoo.com
Membership No.: 8611139

Meadows v. Schlumberger
page 4

CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of September, 2006,  a copy of forgoing was served by E-Mail on:
Shannon W. Martin
Grace Hollis


Brewster Jamieson
Lane Powell LLC

and by regular mail to:
Mark Colbert, Esq

By: /s/ Robert A. Sparks

_____




Meadows v. Schlumberger
page 5