Shannon W. Martin
ASBA No. 0105028
GRACE HOLLIS LOWE HANSON & SCHAEFFER, LLP
One Ridgegate, Ste. 215
Temecula, CA 92590
(951) 676-3445
(951) 676-9294- Fax
smartin@gracehollis.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DARYL MEADOWS, | Case No. 3:05-cv-00032-TMB |
| Plaintiff, | |
| vs. | **REPLY RE MOTION TO STRIKE PLAINTIFF'S AMENDED WITNESS LIST AND TO QUASH SUBPOENA RE DAVE HENDRICK** |
| SCHLUMBERGER TECHNOLOGY CORPORATION, a foreign corporation, | |
| Defendant. | |

COMES NOW defendant Schlumberger Technology Corp., by and through counsel, and hereby replies to plaintiff's Opposition to Schlumberger's Motion to Strike Plaintiff's Amended Witness List and to Quash Subpoena Re Dave Hendrick.

The Court's Order for Pre-Trial Proceedings and Final Pre-Trial Conference explicitly states that each party's final witness list "may include only persons who have been previously disclosed as potential witnesses in a timely filed prior witness list." Docket No. 50, p. 2. "Only those witnesses so listed will be permitted to testify at trial." *Id.*

Plaintiff points to no civil rule, advisory committee note, statute, regulation, or case, that would allow a party to amend a Final Witness List just six weeks before trial for the limited purpose of adding a witness who such party failed to name in all prior witness lists. Plaintiff's argument that Schlumberger "cannot show prejudice" does not provide a compelling basis for allowing a party to blatantly ignore the discovery rules and the Pre-Trial Order, and then ask for an exception without providing the court with any facts or special circumstances to explain such neglect.[1]

Plaintiff argues that defendant "admits" that Mr. Hendrick is a Schlumberger employee involved in the incident investigation; that defendant "admits" to including Mr. Hendrick on its witness lists, including its Final Witness List; that "Despite defendant's failure to provide Plaintiff Meadows with any address at which to serve Mr. Hendrick, Defendant's attorneys refused to accept service of the subpoena for Mr. Hendrick..."[2]  Opposition, at 2-3.  Plaintiff succinctly reiterates the position that Schlumberger has taken in this

---

[1] As explained in Schlumberger's Motion, courts routinely enforce orders requiring parties to list witnesses on prior witness lists by preventing them from calling witnesses listed in an untimely manner to testify at trial. Last year, Judge Sedwick denied permission to call a witness at trial when the party had not listed him prior to its final witness list. *See Hanson Industries, Inc. v. Alaska Marine Transport & Salvage, Inc.*, 2005 WL 1220938, *2 (D. Alaska 2005). And the Ninth Circuit a couple of weeks ago upheld the District Court's refusal to allow a party's expert to testify when the expert was not listed on the party's "initial" final witness list and the party later sought to add the expert. *See Metcalf v. Bochco*, 2006 WL 2472193, *3 (9th Cir. August 28, 2006) (Slip Copy). Additionally,

[2] As Schlumberger's Health Environmental and Safety Manager for Alaska, Mr. Hendrick is part of the client "control group" for Schlumberger, and defendant named Mr. Hendrick in all of its prior witness lists as c/o Lane Powell, and asserted the attorney-client privilege on behalf of Mr. Hendrick. When plaintiff attempted to serve a subpoena on Lane Powell to effectuate service on Mr. Hendrick, Lane Powell rejected service. Defendant had no duty to provide the plaintiff with the home address and phone number for its client.

litigation with regard to Mr. Hendrick, yet fails to include any explanation or argument to support an order allowing him to amend his Final Witness List.[3]

Throughout the pendency of this litigation, Mr. Hendrick has been listed on all of Schlumberger's witness lists as a Schlumberger Manager who was involved in the incident investigation. *See* Docket No. 26, p. 4; Docket No. 31, p. 5; Docket No. 32, p. 5; *see also* Exhibit A to Motion to Strike (Defendant's Supplemental Disclosure Statement, dated November 29, 2005). The plaintiff therefore has had ample notice and opportunity to name Mr. Hendrick on his own witness list, and to depose Mr. Hendrick, though he never has. The mere fact that defendant has chosen <u>not</u> to call Mr. Hendrick at trial (and therefore amended its own witness list to comply with the Pre-Trial Order providing that the "final witness list will disclose those witnesses whom the party will *in fact* call at trial") does not provide a legal basis for the plaintiff to amend his witness list at the eleventh hour to include a witness not previously disclosed in prior lists.

Plaintiff makes a feeble attempt to show that he should be allowed to amend his final witness list because "Plaintiff believes that the notes contained in Exhibit 118, were authored by Mr. Hendrick and have become important to the case because they confirm that the

---

[3] Nor is this situation even remotely similar to the context in which Schlumberger amended its own witness list in February 2006 to include the names of the Winston investigators. Schlumberger had a good faith basis for withholding the names of the Winston investigators until after Dr. Schade's deposition as Rule 26 expressly exempts impeachment evidence from the mandatory disclosure rule, and plaintiff never affirmatively requested the names of investigators. *See* Fed. R. Civ. P. 26(a)(1)(A) ("unless solely for impeachment") and (a)(3) ("other than solely for impeachment"). Plaintiff has no good faith basis for not previously naming Mr. Hendrick, and under Rule 26, he was required to do so.

3

**REPLY RE MOTION TO STRIKE PLAINTIFF'S AMENDED WITNESS LIST AND TO QUASH SUBPOENA RE DAVE HENDRICK**

Vetco-Gray employee, Mr. Lott, did not move or cycle the valves when he arrived at the rig prior to the incident injuring plaintiff Meadows." Opposition, at 2.

Notwithstanding plaintiff's failure to depose Mr. Hendrick during discovery in the interest of authenticating such "important" evidence, the interview notes purportedly belonging to Mr. Hendrick "confirm" nothing.

The author of these notes recorded his or her interviews with employees from Vetco Gray, Schlumberger, and Nabors. *See* Plaintiff's Proposed Exhibit No. 118, Interview Notes, attached hereto as Exhibit A. Plaintiff's Opposition refers to a select portion of the interview notes wherein the author/interviewer records statements purportedly made by Vetco Gray employee, James Lott, as follows:

"Did not cycle SSV/verified it was closed."

"Did not know SLB was working on the BOPS."

"Driller told him not to touch the swab."

*Id.*

Plaintiff interprets these statements as "confirming" that Mr. Lott "did not move or cycle *the valves* when he arrived on the rig prior to the incident." However, the interview notes say only that Mr. Lott "[D]id not cycle the SSV." The "SSV" is the surface safety valve, which is located below the swab valve on the well tree. The interview notes by no means "confirm" that Lott did not cycle the swab valve, as plaintiff would surmise.

Plaintiff ignores the authentication problem, and argues that the interview notes may be admissible under Fed. R. Evid. 801 and 803. However, the interview notes record what James Lott, the interviewee, purportedly told the author/interviewer. Thus, the author/interviewer

4

is not the "declarant" of the statement plaintiff seeks to admit, James Lott is, and James Lott's employer, Vetco Gray, is not a party to this lawsuit. Therefore, the author/interviewer's notes recording statements that James Lott, the declarant, purportedly made do not constitute party admissions under Fed. R. Evid. 801(d)(2)(A).

Nor are the notes admissible under Fed. R. Evid. 801(d)(2)(B) as an adoptive admission by Schlumberger. Schlumberger did not investigate this accident by itself, nor did it lead the investigation, BP Exploration Alaska, Inc. (BPXA) did. Plaintiff's employer, Nabors Alaska Drilling, Inc., also joined in the investigation. The final investigation report was therefore a culmination of findings from three companies, not just one. There is no evidence that Schlumberger has ever manifested an adoption or belief in the truth of any particular statement contained in the interview notes purportedly belonging to Mr. Hendrick.

To the contrary, Schlumberger's position in this lawsuit is that this accident resulted from a number of missteps on the part of the Nabors' driller, Jim Wood; that because of Mr. Wood's failure to coordinate and communicate with the subcontractors on his rig, the Schlumberger crew and the Vetco Gray employee, James Lott, were made "sitting ducks"; that this accident would not have happened if Vetco Gray/Lott was allowed to complete servicing on the well tree before Schlumberger continued its work on the BOP. And even if the driller/Mr. Wood told Mr. Lott "not to touch the swab valve" (as stated in the interview notes), other evidence suggests that Mr. Lott may have cycled the swab valve. By no means has Schlumberger manifested or adopted a belief in the truth of statements Mr. Lott purportedly made to the interviewer/author of the notes that plaintiff

is seeking to admit.

Nor are the interview notes admissible as under the "present sense impression" or business records exceptions to the hearsay rule.

The "present sense impression" exception requires that "The statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." Fed. R. Evid. 803(1).

First, the interview notes contain double hearsay: the interviewer's handwritten notes, and the recorded statements of witnesses interviewed, *i.e.,* James Lott. Second, the author of the interview notes is not the "declarant" of statements purportedly made by James Lott/the interviewee. Finally, the accident investigation took place days after the oilfield accident and not "while the declarant [Lott] was perceiving the event or condition, or immediately thereafter."

Regarding the business records exception, the same basic problems arise. James Lott is the "declarant" of the statements plaintiff seeks to admit, not Dave Hendrick. The interview notes are double hearsay, and therefore even if the interviewer's notes arguably meet the criteria of this exception, the actual statements of interviewees contained therein do not, as such statements are hearsay, and are not "kept in the course of a regularly conducted business activity." *See* Fed. R. Evid. 803(6).

Finally, plaintiff argues that the issues involving admission of plaintiff's proposed Exhibit No. 118 will not "delay the trial" or "involve any matters that are not relevant to the resolution of plaintiff Meadows claims against Defendant Schlumberger herein." Opposition, at 3-4. Plaintiff boasts that he's "simply" asking "to

add one witness to his witness list who works in Anchorage, Alaska for that defendant has already been listed on defendant's final witness list for this case. *Id.,* at 4.  Quite simply, plaintiff is ignoring one significant fundamental problem:

He filed this lawsuit on February 18, 2005, and he filed his Final Witness List on August 18, 2006.  At no time between the filing of the complaint and the filing of his Final Witness List did plaintiff name or list Dave Hendrick on any witness list or disclosure, including his Final Witness List filed August 18, 2006.  Plaintiff provides absolutely no excuse for such neglect.  Plaintiff should not be allowed to "ride the coattails" of Schlumberger to cure his own inexcusable neglect.

Schlumberger's Motion to Strike Plaintiff's Amended Witness List and to quash the subpoena re Dave Hendrick should be granted.

DATED: September 21, 2006

GRACE HOLLIS LOWE
HANSON & SCHAEFFER
Attorneys for Defendant

By: s/ Shannon W. Martin
Shannon W. Martin
One Ridgegate, Ste. 215
Temecula, CA 92590
Telephone:  951-676-3445
Facsimile:  951-616-9294
Email: smartin@gracehollis.com
ASBA No. 0105028

I certify that on September 21, 2006, a copy of the foregoing was served by ECF on:

Robert A. Sparks   sparkslawoffice@yahoo.com

and by mail on:
Mark Colbert, Esq.

By:    S/Shannon W. Martin
       GRACE HOLLIS LOWE
       HANSON & SCHAEFFER

7

**REPLY RE MOTION TO STRIKE PLAINTIFF'S AMENDED WITNESS LIST AND TO QUASH SUBPOENA RE DAVE HENDRICK**