**INSTRUCTION TO PRECEDE THE OATH TAKEN BY JURORS**

## JURY INSTRUCTION NO. 1

## EMPANELING THE JURY

You have been chosen as jurors in this case. _____ of you have been selected as alternates. Before I give the juror's oath to you, I want to impress upon you the seriousness and importance of being a member of a jury. Trial by jury is a fundamental right in Alaska. It assures that each case will be decided by citizens who are fairly selected, who come to a case without bias, and who will attempt to render a fair verdict upon the evidence presented.

You took one oath before your qualifications to be jurors were examined. Now, you are called upon to take a second oath. By this oath, you will swear or affirm that you will decide the case on the evidence presented according to the law that I will give you.

When you state the oath, you accept serious and important obligations. The jury system depends on the honesty and the integrity of individual jurors. You affirm that your answers to questions put to you concerning your qualifications to sit on this jury were complete and correct. You affirm that you are truly impartial in this case. You affirm that there is nothing to your knowledge that I or the parties should know about your ability to sit as a juror in this case. If any of you believe you should not take this oath or there is something that I or the parties should know that we do not know, please raise your hand. I will have you give your information to me and to the parties privately.

I will now administer the oath.

(Insert oath here).

**Alaska Pattern Civil Jury Instruction 1.01**

**INSTRUCTIONS TO BE GIVEN AFTER JURORS TAKE THE OATH
BUT BEFORE OPENING STATEMENTS**

## JURY INSTRUCTION NO. 2

## DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

**Ninth Circuit Model Instruction 1.1**

**JURY INSTRUCTION NO. 3**

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Meadows claims that he was injured in an oilfield accident while employed by Nabors Alaska Drilling, Inc., and that such bodily harm is due to the negligence of defendant Schlumberger. Plaintiff wants compensation for such harm.

Defendant Schlumberger claims that the oilfield accident resulted from to negligence of Nabors Alaska Drilling, Inc., and that such negligence was not the legal cause of plaintiff's alleged harm.

I will later define "negligence" and "legal cause" for you.

**Ninth Circuit Model Instruction 1.2**

**JURY INSTRUCTION NO. 4**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers stipulate.

**Ninth Circuit Model Instruction 1.3**

**JURY INSTRUCTION NO. 5**

**WHAT IS NOT EVIDENCE**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**Ninth Circuit Model Instruction 1.4**

**JURY INSTRUCTION NO. 5**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## JURY INSTRUCTION NO. 6

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Ninth Circuit Model Instruction 1.6**

**JURY INSTRUCTION NO. 7**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and the lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Ninth Circuit Model Instruction 1.7**

**JURY INSTRUCTION NO. 8**

**CREDIBILITY OF WITNESSES**

Every person who testifies under oath is a witness. You, as jurors, are the sole judges of the credibility of the witnesses.

In deciding whether to believe a witness and how much weight to give a witness' testimony, you may consider anything that reasonably helps you to evaluate the testimony. Among the things that you should consider are the following:

(1)      the witness' appearance, attitude, and behavior on the stand and the way the witness testifies;

(2)      the witness' age, intelligence, and experience;

(3)      the witness' opportunity and ability to see or hear the things the witness testifies about;

(4)      the accuracy of the witness' memory;

(5)      any motive of the witness not to tell the truth;

(6)      any interest that the witness has in the outcome of the case;

(7)      any bias of the witness;

(8)      any opinion or reputation evidence about the witness' truthfulness;

(9)      any prior criminal convictions of the witness which relate to honesty or veracity; and

(10)     the consistency of the witness' testimony and whether it is supported or contradicted by other evidence.

You should bear in mind that inconsistencies and contradictions in a witness' testimony, or between a witness' testimony and that of others, do not necessarily mean that you should disbelieve the witness.  It is not uncommon for people to forget or remember things incorrectly and this may explain some inconsistencies and contradictions.  It is not uncommon for two honest people to witness the same event and see or hear things differently. It may be helpful when you evaluate inconsistencies and contradictions to consider whether they relate to important or unimportant facts.

If you believe that part of a witness' testimony is false, you may choose to distrust other parts also, but you are not required to do so.  You may believe all, part, or none of the testimony of any witness. You need not believe a witness even if the witness' testimony is uncontradicted. However, you should act reasonably in deciding whether you believe a witness and how much weight to give to the witness' testimony.

**Alaska Pattern Jury Instruction No. 1.07**

## JURY INSTRUCTION NO. 9

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own; Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] [matron] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

**Ninth Circuit Model Instruction 1.9**

## JURY INSTRUCTION NO. 10

## NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

**Ninth Circuit Model Instruction 1.10**

**JURY INSTRUCTION NO. 11**

**TAKING NOTES**

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**Ninth Circuit Model Instruction 1.11**

## JURY INSTRUCTION NO. 12

## OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

**Ninth Circuit Model Instruction 1.12**

**JURY INSTRUCTION NO. 13**

**PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Ninth Circuit Model Instruction 1.13**

**INSTRUCTIONS TO BE GIVEN AFTER OPENING STATEMENTS
AND BEFORE PRESENTATION OF EVIDENCE**

**JURY INSTRUCTION NO. 14**

**WHAT IS EVIDENCE**

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

**Ninth Circuit Model Instruction 3.2**

## JURY INSTRUCTION NO. 14

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. [In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.]

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Ninth Circuit Model Instruction 3.3**

**JURY INSTRUCTION NO. 15**

**RELATIONSHIP OF EXHIBITS TO TESTIMONY**

You may have exhibits, such as documents, pictures, or objects, to consider as evidence. In deciding how much to rely on an exhibit in reaching a verdict, you should examine its contents and consider how it relates to other evidence in the case. Keep in mind that exhibits are not necessarily better evidence than testimony from witnesses.

**Alaska Pattern Civil Jury Instruction 1.10**

## JURY INSTRUCTION NO. 16

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION TO PROCEED FIRST RECESS**

## JURY INSTRUCTION NO. 17

## CAUTIONARY INSTRUCTION—FIRST RECESS

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [marshal] [bailiff] [clerk] [law clerk] to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

**Ninth Circuit Model Instruction 2.1**

**INSTRUCTION AT FIRST BENCH CONFERENCE**

**JURY INSTRUCTION NO. 18**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Ninth Circuit Model Instruction 2.2**

**INSTRUCTION BEFORE FIRST VIDEOTAPE DEPOSITION TESTIMONY**

## JURY INSTRUCTION NO. 19

## VIDEOTAPE DEPOSITIONS

The deposition testimony of [a witness] [some witnesses] was shown to you on videotape.

[When a deposition is taken, the witness takes an oath that is identical in purpose to the oath given to the witnesses who testify before you in the courtroom. All parties are given an opportunity to ask questions of a witness during a deposition [although some parties may have chosen not to ask any questions].]

The law does not distinguish between videotape depositions and live testimony. Both are valid forms of testimony. Deposition testimony should be weighed by you as you would any other testimony.

**Alaska Pattern Jury Instruction No. 2.14**

**INSTRUCTIONS TO BE GIVEN AFTER CLOSING ARGUMENT**

## JURY INSTRUCTION NO. 20

## CLOSING INSTRUCTIONS – GENERAL REMARKS

Members of the jury, you have now heard and seen all of the evidence in the case and you have heard argument about the meaning of the evidence.  We have reached the stage of the trial where I instruct you about the law to be applied.

It is important that each of you listen carefully to the instructions.  Your duty as jurors does not end with your fair and impartial consideration of the evidence.  Your duty also includes paying careful attention to the instructions so that the law will properly and justly be applied to the parties in this case.  You will have a copy of my instructions with you when you go in to the jury room to deliberate and to reach your verdict.  But it is still absolutely necessary for you to pay careful attention to the instructions now.  Sometimes the spoken word is clearer than the written word, and you should not miss the chance to hear the instructions.  I will give them to you as clearly as I can in order to assist you as much as possible.

The order in which the instructions are given has no relation to their importance.  The length of instructions also has no relation to importance.  Some concepts require more explanation than others, but this does not make longer instructions more important than shorter ones.  All of the instructions are important and all should be carefully considered.  You should understand each instruction and see how it relates to the others given.

**Alaska Pattern Jury Instruction No. 2.01**

## JURY INSTRUCTION NO. 21

## CLOSING INSTRUCTIONS — INSTRUCTIONS BY COURT

Do not assume that I have any views about the case because of the instructions that I am now giving you.  What I am telling you in these instructions is the law that applies to all parties appearing before the court.  Nothing that I say or do should lead you to think that I favor or disfavor any party.  I try to be fair and impartial, just as you are required to be.  But if anything that I have said or done during the trial or in these instructions has caused you to believe that I favor or disfavor any party, I now instruct you that it is your duty to disregard my actions. You must decide the case without favoritism or prejudice on the basis of the evidence and the law as it is explained to you.

**Alaska Pattern Jury Instruction No. 2.02**

**JURY INSTRUCTION NO. 22**

**CLOSING INSTRUCTIONS - JUDICIAL NOTICE**

The court has determined that certain facts must be accepted as true, because they are beyond reasonable dispute. This determination is called "judicial notice." The following facts must be taken as true in this case: [AMA Model Code of Ethics and similar rules proscribing against contingent physician fee arrangements]. It is up to you to decide how much weight to give these facts in light of the other evidence.

**Alaska Pattern Jury Instruction No. 2.20**

## JURY INSTRUCTION NO. 23

## CLOSING INSTRUCTIONS – CREDIBILITY OF WITNESSES

You have heard a number of witnesses testify in this case. You must decide how much weight to give the testimony of each witness.

In deciding whether to believe a witness and how much weight to give a witness's testimony, you may consider anything that reasonably helps you to evaluate the testimony. Among the things that you should consider are the following:

(1)     the witness's appearance, attitude, and behavior on the stand and the way the witness testified;

(2)     the witness's age, intelligence, and experience;

(3)     the witness's opportunity and ability to see or hear the things the witness testified about;

(4)     the accuracy of the witness's memory;

(5)     any motive of the witness not to tell the truth;

(6)     any interest that the witness has in the outcome of the case;

(7)     any bias of the witness;

[(8)     any opinion or reputation evidence about the witness's truthfulness;]

[(9)     any prior criminal convictions of the witness which relate to honesty or veracity;]

(10)    the consistency of the witness's testimony and whether it was supported or contradicted by other evidence.

You should bear in mind that inconsistencies and contradictions in a witness' testimony, or between a witness's testimony and that of others, do not necessarily mean that you should disbelieve the witness. It is not uncommon for people to forget or to remember things incorrectly and this may explain some inconsistencies and contradictions. It is also not uncommon for two

honest people to witness the same event and see or hear things differently.  It may be helpful when you evaluate inconsistencies and contradictions to consider whether they relate to important or unimportant facts.

If you believe that part of a witness's testimony is false, you may also choose to distrust other parts of that witness's testimony, but you are not required to do so.  You may believe all, part, or none of the testimony of any witness.  You need not believe a witness even if the witness's testimony is uncontradicted.  However, you should act reasonably in deciding whether you believe a witness and how much weight to give to the witness's testimony.

You are not required to accept testimony as true simply because a number of witnesses agree with each other.  You may decide that even the unanimous testimony of witnesses is erroneous.  However, you should act reasonably in deciding whether to reject uncontradicted testimony.

When witnesses are in conflict, you need not accept the testimony of a majority of witnesses.  You may find the testimony of one witness or of a few witnesses more persuasive than the testimony of a larger number.

**Alaska Pattern Civil Jury Instruction No. 2.08**

**JURY INSTRUCTION NO. 24**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Ninth Circuit Model Civil Jury Instruction 3.5**

**JURY INSTRUCTION NO. 25**

**CHARTS AND SUMMARIES IN EVIDENCE**


Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Ninth Circuit Model Civil Jury Instruction 3.10**

## JURY INSTRUCTION NO. 26

## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**Ninth Circuit Model Instruction 3.9**

**JURY INSTRUCTION NO. 27**

**BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE**

Many  [Some] of the instructions that follow ask you to decide whether something is more likely true than not true. Something is more likely true than not true if you believe that the chance that it is true is even the slightest bit greater than the chance that it is not true.  In more familiar language, something is more likely true than not true if you believe that there is a greater than 50 percent chance that it is true.  Fifty-one percent probability is enough; no more is required for you to decide that something is more likely true than not true.

If you believe that the chance that something is true is 50/50 or less, you must decide that it is not true.

**Alaska Pattern Civil Jury Instruction No. 2.04**

**JURY INSTRUCTION NO. 28**

**NEGLIGENCE - WHEN PLAINTIFF ENTITLED TO RECOVER**

The plaintiff, Daryl Meadows, claims that he was harmed because of the negligence of the defendant, Schlumberger Technology Services, Inc., and wants compensation from the defendant for the harm.

In order to find that plaintiff is entitled to recover, you must decide that it is more likely true than not true:

1.    that defendant was negligent;

2.    that such negligence was a legal cause of the plaintiff's harm; and

3.    that the plaintiff was actually harmed.

I will later define negligence and legal cause for you.

**Alaska Pattern Jury Civil Instruction 3.01 (modified)**

**JURY INSTRUCTION NO. 29**

**NEGLIGENCE – ALLOCATION OF FAULT TO NABORS ALASKA DRILLING, INC.**

Defendant Schlumberger claims that the oilfield accident resulted from to negligence of Nabors Alaska Drilling, Inc.  Even though Nabors is not a named party in this lawsuit, you may assign a percentage of fault to Nabors (up to 100%) if you decide that it is more likely true than not true:

1.      that Nabors was negligent;

2.      that such negligence was a legal cause of the plaintiff's harm; and

3.      that the plaintiff was actually harmed.

If you decide that both Nabors and Schlumberger were negligent, then you must assign a percentage share of responsibility to both Schlumberger and Nabors in proportion to the negligence attributable to each (must total 100%).

I will later define negligence and legal cause for you.

**A.S. 09.17.080; Court Order dated October 3, 2005**

**JURY INSTRUCTION NO. 30**

**NEGLIGENCE DEFINED**

I will now define negligence for you.  Negligence is the failure to use reasonable care. Reasonable care is that amount of care that a reasonably prudent person would use under similar circumstances.  Negligence may consist of doing something which a reasonably prudent person would not do, or it may consist of failing to do something which a reasonably prudent person would do.  A reasonably prudent person is not the exceptionally cautious or skillful individual, but a person of reasonable and ordinary carefulness.

In this case, you must decide whether defendant Schlumberger or Nabors or both used reasonable care under the circumstances.

**Alaska Pattern Civil Jury Instruction 3.03A (modified)**

**JURY INSTRUCTION NO. 31**

**LEGAL CAUSE**

I will now define "legal cause" for you. A legal cause of harm is an act or failure to act which is a substantial factor in bringing about the harm. An act or failure to act is a substantial factor in bringing about harm if it is more likely true than not true that:

(1)    the act or failure to act was so important in bringing about the harm that a reasonable person would regard it as a cause and attach responsibility to it; and

(2)    the harm would not have occurred but for the act or failure to act.

**Alaska Pattern Civil Jury Instruction 3.06 (modified)**

**JURY INSTRUCTION NO. 32**

**TACIT ADMISSION**

You have heard evidence that plaintiff's medical expert, Dr. C.M. Schade, inquired with Mr. Meadows regarding a statement contained in Mr. Meadows' employment and/or medical records; that Dr. Schade showed Mr. Meadows this statement; that such statement shows that Mr. Meadows sustained a broken leg prior to the oilfield accident; and that Mr. Meadows did not deny the truth of the statement contained in these records. It is for you to decide whether inquiry was made of Mr. Meadows in regards to this statement. If you decide that inquiry was made, you must decide whether the following things are true: Mr. Meadows understood Dr. Schade's inquiry regarding the statement; was able to deny the statement and failed to do so; and a reasonable person in the same circumstances would have denied the statement if it was false. If you decide that these things all are true, you may treat the silence by Mr. Meadows as an admission of the truth of the statement, *i.e.,* that Mr. Meadows did in fact sustain a broken leg prior to the oilfield accident.

**Alaska Pattern Jury Instruction 1A.06E (modified)**

## JURY INSTRUCTION NO. 33

## DAMAGES – INTRODUCTORY INSTRUCTION; LIABILITY CONTESTED

If you decide in favor of the plaintiff, you must then decide how much money, if any, will fairly compensate the plaintiff. I will list for you the items of loss claimed by the plaintiff. You may not assume because I list an item of loss or explain how to measure a particular loss that you are required to make an award for that loss. For each item of loss you must decide that it is more likely true than not true that:

1.      the plaintiff had such a loss or is reasonably probable to have such a loss in the future, and

2.      the loss was legally caused by the conduct of the defendant or Nabors or both.

If both of these things are more likely true than not true, you must then decide how much money will fairly compensate the plaintiff for that item of loss. If you do not conclude that both of these things are more likely true than not true for a particular item of loss, you may not make an award for that loss.

The items of loss claimed by the plaintiff fall into two categories known as economic losses and non-economic losses.

The items of economic loss claimed by the plaintiff are:

1….]

2….]

I will now explain how to measure each of these claimed items of loss.

**Alaska Pattern Jury Instruction 20.01A (modified)**

**JURY INSTRUCTION NO. 34**

**PAST MEDICAL EXPENSES**


The first item of economic loss claimed by the plaintiff is the reasonable expense of necessary medical care from October 16, 2003 to October 10,2006.  [In fixing this amount, "medical care" includes: (insert any claimed services or items which the Court determines are "medical care", such as nursing care, drugs, etc.).]

**Alaska Pattern Jury Instruction 20.02A**

## JURY INSTRUCTION NO. 35

## FUTURE MEDICAL EXPENSES

The second item of economic loss claimed by the plaintiff is the reasonable expense of necessary medical care reasonably probable to be received in the future.  In order to award damages for a future medical expense, you must find that

(1)     the expense is reasonably necessary;

(2)     the expense is reasonably certain to occur; and

(3)     the evidence provides you with a reasonable basis for estimating the amount of the expense.

[In deciding how long the plaintiff may have medical expenses in the future you may need to consider his current life expectancy.]

[In fixing this amount, "medical care" includes: (insert any claimed services or items which the Court determines are "medical care", such as nursing care, drugs, etc.).]

**Alaska Pattern Jury Instruction 20.02B**

**JURY INSTRUCTION NO. 36**

**PAST EARNINGS**

The third item of economic loss claimed by the plaintiff is the value of (work time) (earnings) (profits) (salaries) lost by the plaintiff from the October 16, 2003 to October 10, 2006.  To calculate this amount, you must deduct federal and state income taxes that would have been paid.

**Alaska Pattern Jury Instruction 20.03**

## JURY INSTRUCTION NO. 37

## LOSS OF FUTURE EARNING CAPACITY

The fourth item of economic loss claimed is the reduction in the ability of the plaintiff to earn money in the future.

You may award the plaintiff a fair amount for any reduction in future ability to earn money that he is reasonably probable to experience.

To calculate this amount, you must determine the difference between the plaintiff's ability to earn money before the injury and his ability to earn money after the injury. To do this you may consider the plaintiff's health, physical and mental abilities; his work habits and occupation before the accident; the nature and extent of his injuries; and how long and to what extent his injuries will affect his earning ability in the future. Your calculation of the plaintiff's ability to earn money before the injury must be based on the plaintiff's life expectancy before the injury occurred.

To decide the plaintiff's earning ability, both before and after the injury, you may consider the wages he earned before and after the injury and any reasonably probable increases in those wages due to promotions or automatic step increases. You must not make any deduction for any future income taxes, and you must not consider any pay increases due to increases in the cost of living.

**Alaska Pattern Jury Instruction 20.04**

## JURY INSTRUCTION NO. 38

### INFLATION AND PRESENT VALUE - FUTURE ECONOMIC LOSSES

Plaintiff claims that he will have economic losses in the future, consisting of [future medical expenses] [and] [loss of future earning capacity]. I will now instruct you on two principles you must apply to calculate an award for a future economic loss.

The first principle is that an award for future economic loss must account for the effect that any future inflation would have on the amount of the future economic loss. [Any award for future medical expenses must be based on the cost of the medical expenses when they are incurred in the future.] [Any award for future loss of earning capacity must account for reasonably probable increases in wages due to inflation.]

The second principle is that any award that you make for future economic loss must be equal to the amount of money that the plaintiff would need to invest <u>today</u> so that the total of the amount invested today plus future investment earnings equals the amount of the future economic loss when it will occur in the future. To make this calculation, you must make three assumptions: (1) that the money you award to the plaintiff for a future economic loss would be available to (him) (her) today; (2) that the plaintiff would invest the money immediately; and (3) that the plaintiff would invest the money in investments that would pay the long-term future interest rates that would be obtained in the best and safest investments.

**Alaska Pattern  Jury Instruction 20.05**

**JURY INSTRUCTION NO. 39**

**NON-ECONOMIC LOSSES**

The (first, second, etc.) item of loss claimed by the plaintiff is for non-economic losses.  You may award the plaintiff a fair amount to compensate the plaintiff for [pain and suffering] [loss of enjoyment of life] [disfigurement] [physical impairment] [and] [inconvenience] resulting from the injury.  Such an award should fairly compensate the plaintiff for the non-economic losses he has experienced from the date of the injury until the date of trial [and for non-economic losses that he is reasonably probable to experience in the future].  [In deciding how long the plaintiff may experience such losses in the future, you may need to consider his current life expectancy.]

The law does not establish a definite standard for deciding the amount of compensation for non-economic losses, and the law does not require that any witness testify as to the dollar value of non-economic losses.  You must exercise your reasonable judgment to decide a fair amount in light of the evidence and your experience.

**Alaska Pattern Jury Instruction 20.06**

**JURY INSTRUCTION NO. 40**

**LIMIT ON NON-ECONOMIC DAMAGES – SEVERE PERMANENT PHYSICAL**

**IMPAIRMENT**

Plaintiff claims that the defendant's conduct caused him/her to have a severe permanent physical impairment. The plaintiff has a severe permanent physical impairment if he/she has a physical condition that substantially and permanently limits one or more of his/her major life activities. Major life activities include functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working.

**Alaska Pattern Jury Instruction 20.07M**

**JURY INSTRUCTION NO. 41**

**FUTURE DAMAGES – NO REDUCTION TO PRESENT VALUE**

As I have instructed you, you may decide it is reasonably probable that the plaintiff will have some future [non-economic] losses resulting from the (accident).  In fixing an amount for future [non-economic] losses, you must disregard the fact that any amount you award the plaintiff may be paid before the actual loss occurs.  You must also disregard the fact that the value of money may change over time.

**Alaska Pattern Jury Instruction 20.10**

**JURY INSTRUCTION NO. 42**

**DAMAGES - MITIGATION**

Mr. Meadows has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

Schlumberger has the burden of proving by a preponderance of the evidence:

1.     That Mr. Meadows failed to use reasonable efforts to mitigate damages; and

2.     The amount by which damages would have been mitigated.

**JURY INSTRUCTION NO. 43**

**CLOSING INSTRUCTIONS — EVALUATION OF EVIDENCE**

The weight to be given the evidence is for you to determine. You must examine the evidence carefully and decide how to evaluate it in light of the law that I have given you in these instructions.

In your deliberations, you must not be governed by mere sentiment, unsupported conjecture, sympathy, passion, prejudice, public opinion, or public feeling. You should consider the evidence in light of your own common sense and observations and experiences in everyday life. But you may not consider other sources of information not presented to you in this court.

**Alaska Pattern Jury Instruction 2.26**

**JURY INSTRUCTION NO. 44**

**JURUR NOTES**

At the beginning of the trial, I told you that it was for you to decide individually whether or not you wanted to take notes. When you begin your deliberations, you may have your notes with you. Remember that one juror's notes are not necessarily to be given more weight in your deliberations than the memory of another juror who chose to consider the evidence carefully without taking notes. When the case is over your notes will be collected and kept as confidential material in the records of the court.

**INSTRUCTION TO PRECEDE THE OATH TAKEN BY JURORS**

## JURY INSTRUCTION NO. 1

## EMPANELING THE JURY

You have been chosen as jurors in this case. _____ of you have been selected as alternates. Before I give the juror's oath to you, I want to impress upon you the seriousness and importance of being a member of a jury. Trial by jury is a fundamental right in Alaska. It assures that each case will be decided by citizens who are fairly selected, who come to a case without bias, and who will attempt to render a fair verdict upon the evidence presented.

You took one oath before your qualifications to be jurors were examined. Now, you are called upon to take a second oath. By this oath, you will swear or affirm that you will decide the case on the evidence presented according to the law that I will give you.

When you state the oath, you accept serious and important obligations. The jury system depends on the honesty and the integrity of individual jurors. You affirm that your answers to questions put to you concerning your qualifications to sit on this jury were complete and correct. You affirm that you are truly impartial in this case. You affirm that there is nothing to your knowledge that I or the parties should know about your ability to sit as a juror in this case. If any of you believe you should not take this oath or there is something that I or the parties should know that we do not know, please raise your hand. I will have you give your information to me and to the parties privately.

I will now administer the oath.

(Insert oath here).

**Alaska Pattern Civil Jury Instruction 1.01**

**INSTRUCTIONS TO BE GIVEN AFTER JURORS TAKE THE OATH
BUT BEFORE OPENING STATEMENTS**

## JURY INSTRUCTION NO. 2

## DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

**JURY INSTRUCTION NO. 3**

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Meadows claims that he was injured in an oilfield accident while employed by Nabors Alaska Drilling, Inc., and that such bodily harm is due to the negligence of defendant Schlumberger.  Plaintiff wants compensation for such harm.

Defendant Schlumberger claims that the oilfield accident resulted from to negligence of Nabors Alaska Drilling, Inc., and that such negligence was not the legal cause of plaintiff's alleged harm.


I will later define "negligence" and "legal cause" for you.

**Ninth Circuit Model Instruction 1.2**

## JURY INSTRUCTION NO. 4

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers stipulate.

**Ninth Circuit Model Instruction 1.3**

## JURY INSTRUCTION NO. 5

## WHAT IS NOT EVIDENCE

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**JURY INSTRUCTION NO. 5**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## JURY INSTRUCTION NO. 6

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Ninth Circuit Model Instruction 1.6**

**JURY INSTRUCTION NO. 7**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and the lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Ninth Circuit Model Instruction 1.7**

**JURY INSTRUCTION NO. 8**

**CREDIBILITY OF WITNESSES**

Every person who testifies under oath is a witness.  You, as jurors, are the sole judges of the credibility of the witnesses.

In deciding whether to believe a witness and how much weight to give a witness' testimony, you may consider anything that reasonably helps you to evaluate the testimony. Among the things that you should consider are the following:

(4)        the witness' appearance, attitude, and behavior on the stand and the way the witness testifies;

(5)        the witness' age, intelligence, and experience;

(6)        the witness' opportunity and ability to see or hear the things the witness testifies about;

(4)        the accuracy of the witness' memory;

(5)        any motive of the witness not to tell the truth;

(6)        any interest that the witness has in the outcome of the case;

(7)        any bias of the witness;

(8)        any opinion or reputation evidence about the witness' truthfulness;

(9)        any prior criminal convictions of the witness which relate to honesty or veracity; and

(10)       the consistency of the witness' testimony and whether it is supported or contradicted by other evidence.

You should bear in mind that inconsistencies and contradictions in a witness' testimony, or between a witness' testimony and that of others, do not necessarily mean that you should disbelieve the witness.  It is not uncommon for people to forget or remember things incorrectly and this may explain some inconsistencies and contradictions.  It is not uncommon for two honest people to witness the same event and see or hear things differently. It may be helpful when you evaluate inconsistencies and contradictions to consider whether they relate to important or unimportant facts.

If you believe that part of a witness' testimony is false, you may choose to distrust other parts also, but you are not required to do so.  You may believe all, part, or none of the testimony of any witness. You need not believe a witness even if the witness' testimony is uncontradicted. However, you should act reasonably in deciding whether you believe a witness and how much weight to give to the witness' testimony.

**Alaska Pattern Jury Instruction No. 1.07**

**JURY INSTRUCTION NO. 9**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own; Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] [matron] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

**Ninth Circuit Model Instruction 1.9**

## JURY INSTRUCTION NO. 10

## NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

**JURY INSTRUCTION NO. 11**

**TAKING NOTES**

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**Ninth Circuit Model Instruction 1.11**

## JURY INSTRUCTION NO. 12

## OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

**Ninth Circuit Model Instruction 1.12**

**JURY INSTRUCTION NO. 13**

**PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Ninth Circuit Model Instruction 1.13**

**INSTRUCTIONS TO BE GIVEN AFTER OPENING STATEMENTS
AND BEFORE PRESENTATION OF EVIDENCE**

**JURY INSTRUCTION NO. 14**

**WHAT IS EVIDENCE**

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

**Ninth Circuit Model Instruction 3.2**

# JURY INSTRUCTION NO. 14

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. [In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.]

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Ninth Circuit Model Instruction 3.3**

**JURY INSTRUCTION NO. 15**

**RELATIONSHIP OF EXHIBITS TO TESTIMONY**

You may have exhibits, such as documents, pictures, or objects, to consider as evidence.  In deciding how much to rely on an exhibit in reaching a verdict, you should examine its contents and consider how it relates to other evidence in the case.  Keep in mind that exhibits are not necessarily better evidence than testimony from witnesses.

**Alaska Pattern Civil Jury Instruction 1.10**

## JURY INSTRUCTION NO. 16

### BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION TO PROCEED FIRST RECESS**

## JURY INSTRUCTION NO. 17

## CAUTIONARY INSTRUCTION—FIRST RECESS

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [marshal] [bailiff] [clerk] [law clerk] to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

**Ninth Circuit Model Instruction 2.1**

**INSTRUCTION AT FIRST BENCH CONFERENCE**

**JURY INSTRUCTION NO. 18**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Ninth Circuit Model Instruction 2.2**

**INSTRUCTION BEFORE FIRST VIDEOTAPE DEPOSITION TESTIMONY**

**JURY INSTRUCTION NO. 19**

**VIDEOTAPE DEPOSITIONS**

The deposition testimony of [a witness] [some witnesses] was shown to you on videotape.

[When a deposition is taken, the witness takes an oath that is identical in purpose to the oath given to the witnesses who testify before you in the courtroom. All parties are given an opportunity to ask questions of a witness during a deposition [although some parties may have chosen not to ask any questions].]

The law does not distinguish between videotape depositions and live testimony. Both are valid forms of testimony. Deposition testimony should be weighed by you as you would any other testimony.

**Alaska Pattern Jury Instruction No. 2.14**

**INSTRUCTIONS TO BE GIVEN AFTER CLOSING ARGUMENT**

## JURY INSTRUCTION NO. 20

## CLOSING INSTRUCTIONS – GENERAL REMARKS

Members of the jury, you have now heard and seen all of the evidence in the case and you have heard argument about the meaning of the evidence. We have reached the stage of the trial where I instruct you about the law to be applied.

It is important that each of you listen carefully to the instructions. Your duty as jurors does not end with your fair and impartial consideration of the evidence. Your duty also includes paying careful attention to the instructions so that the law will properly and justly be applied to the parties in this case. You will have a copy of my instructions with you when you go in to the jury room to deliberate and to reach your verdict. But it is still absolutely necessary for you to pay careful attention to the instructions now. Sometimes the spoken word is clearer than the written word, and you should not miss the chance to hear the instructions. I will give them to you as clearly as I can in order to assist you as much as possible.

The order in which the instructions are given has no relation to their importance. The length of instructions also has no relation to importance. Some concepts require more explanation than others, but this does not make longer instructions more important than shorter ones. All of the instructions are important and all should be carefully considered. You should understand each instruction and see how it relates to the others given.

**Alaska Pattern Jury Instruction No. 2.01**

**JURY INSTRUCTION NO. 21**

**CLOSING INSTRUCTIONS — INSTRUCTIONS BY COURT**

Do not assume that I have any views about the case because of the instructions that I am now giving you. What I am telling you in these instructions is the law that applies to all parties appearing before the court. Nothing that I say or do should lead you to think that I favor or disfavor any party. I try to be fair and impartial, just as you are required to be. But if anything that I have said or done during the trial or in these instructions has caused you to believe that I favor or disfavor any party, I now instruct you that it is your duty to disregard my actions. You must decide the case without favoritism or prejudice on the basis of the evidence and the law as it is explained to you.

**Alaska Pattern Jury Instruction No. 2.02**

**JURY INSTRUCTION NO. 22**

**CLOSING INSTRUCTIONS - JUDICIAL NOTICE**

The court has determined that certain facts must be accepted as true, because they are beyond reasonable dispute. This determination is called "judicial notice." The following facts must be taken as true in this case: [AMA Model Code of Ethics and similar rules proscribing against contingent physician fee arrangements]. It is up to you to decide how much weight to give these facts in light of the other evidence.

**Alaska Pattern Jury Instruction No. 2.20**

**JURY INSTRUCTION NO. 23**

**CLOSING INSTRUCTIONS – CREDIBILITY OF WITNESSES**

You have heard a number of witnesses testify in this case. You must decide how much weight to give the testimony of each witness.

In deciding whether to believe a witness and how much weight to give a witness's testimony, you may consider anything that reasonably helps you to evaluate the testimony. Among the things that you should consider are the following:

(1)     the witness's appearance, attitude, and behavior on the stand and the way the witness testified;

(2)     the witness's age, intelligence, and experience;

(3)     the witness's opportunity and ability to see or hear the things the witness testified about;

(4)     the accuracy of the witness's memory;

(5)     any motive of the witness not to tell the truth;

(6)     any interest that the witness has in the outcome of the case;

(7)     any bias of the witness;

[(8)    any opinion or reputation evidence about the witness's truthfulness;]

[(9)    any prior criminal convictions of the witness which relate to honesty or veracity;]

(10)    the consistency of the witness's testimony and whether it was supported or contradicted by other evidence.

You should bear in mind that inconsistencies and contradictions in a witness' testimony, or between a witness's testimony and that of others, do not necessarily mean that you should disbelieve the witness. It is not uncommon for people to forget or to remember things incorrectly and this may explain some inconsistencies and contradictions. It is also not uncommon for two

honest people to witness the same event and see or hear things differently.  It may be helpful when you evaluate inconsistencies and contradictions to consider whether they relate to important or unimportant facts.

   If you believe that part of a witness's testimony is false, you may also choose to distrust other parts of that witness's testimony, but you are not required to do so.  You may believe all, part, or none of the testimony of any witness.  You need not believe a witness even if the witness's testimony is uncontradicted.  However, you should act reasonably in deciding whether you believe a witness and how much weight to give to the witness's testimony.

   You are not required to accept testimony as true simply because a number of witnesses agree with each other.  You may decide that even the unanimous testimony of witnesses is erroneous.  However, you should act reasonably in deciding whether to reject uncontradicted testimony.

   When witnesses are in conflict, you need not accept the testimony of a majority of witnesses.  You may find the testimony of one witness or of a few witnesses more persuasive than the testimony of a larger number.

**Alaska Pattern Civil Jury Instruction No. 2.08**

**JURY INSTRUCTION NO. 24**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Ninth Circuit Model Civil Jury Instruction 3.5**

**JURY INSTRUCTION NO. 25**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Ninth Circuit Model Civil Jury Instruction 3.10**

**JURY INSTRUCTION NO. 26**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**Ninth Circuit Model Instruction 3.9**

## JURY INSTRUCTION NO. 27

### BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

Many  [Some] of the instructions that follow ask you to decide whether something is more likely true than not true. Something is more likely true than not true if you believe that the chance that it is true is even the slightest bit greater than the chance that it is not true.  In more familiar language, something is more likely true than not true if you believe that there is a greater than 50 percent chance that it is true.  Fifty-one percent probability is enough; no more is required for you to decide that something is more likely true than not true.

If you believe that the chance that something is true is 50/50 or less, you must decide that it is not true.

**Alaska Pattern Civil Jury Instruction No. 2.04**

**JURY INSTRUCTION NO. 28**

**NEGLIGENCE - WHEN PLAINTIFF ENTITLED TO RECOVER**

The plaintiff, Daryl Meadows, claims that he was harmed because of the negligence of the defendant, Schlumberger Technology Services, Inc., and wants compensation from the defendant for the harm.

In order to find that plaintiff is entitled to recover, you must decide that it is more likely true than not true:

1.    that defendant was negligent;

2.    that such negligence was a legal cause of the plaintiff's harm; and

3.    that the plaintiff was actually harmed.

I will later define negligence and legal cause for you.

**Alaska Pattern Jury Civil Instruction 3.01 (modified)**

**JURY INSTRUCTION NO. 29**

**NEGLIGENCE – ALLOCATION OF FAULT TO NABORS ALASKA DRILLING, INC.**

Defendant Schlumberger claims that the oilfield accident resulted from to negligence of Nabors Alaska Drilling, Inc.  Even though Nabors is not a named party in this lawsuit, you may assign a percentage of fault to Nabors (up to 100%) if you decide that it is more likely true than not true:

1.      that Nabors was negligent;

2.      that such negligence was a legal cause of the plaintiff's harm; and

3.      that the plaintiff was actually harmed.

If you decide that both Nabors and Schlumberger were negligent, then you must assign a percentage share of responsibility to both Schlumberger and Nabors in proportion to the negligence attributable to each (must total 100%).

I will later define negligence and legal cause for you.

**A.S. 09.17.080; Court Order dated October 3, 2005**

**JURY INSTRUCTION NO. 30**

**NEGLIGENCE DEFINED**

I will now define negligence for you. Negligence is the failure to use reasonable care. Reasonable care is that amount of care that a reasonably prudent person would use under similar circumstances. Negligence may consist of doing something which a reasonably prudent person would not do, or it may consist of failing to do something which a reasonably prudent person would do. A reasonably prudent person is not the exceptionally cautious or skillful individual, but a person of reasonable and ordinary carefulness.

In this case, you must decide whether defendant Schlumberger or Nabors or both used reasonable care under the circumstances.

**Alaska Pattern Civil Jury Instruction 3.03A (modified)**

**JURY INSTRUCTION NO. 31**

**LEGAL CAUSE**

I will now define "legal cause" for you. A legal cause of harm is an act or failure to act which is a substantial factor in bringing about the harm. An act or failure to act is a substantial factor in bringing about harm if it is more likely true than not true that:

(1)     the act or failure to act was so important in bringing about the harm that a reasonable person would regard it as a cause and attach responsibility to it; and

(2)     the harm would not have occurred but for the act or failure to act.

**Alaska Pattern Civil Jury Instruction 3.06 (modified)**

## JURY INSTRUCTION NO. 32

## TACIT ADMISSION

You have heard evidence that plaintiff's medical expert, Dr. C.M. Schade, inquired with Mr. Meadows regarding a statement contained in Mr. Meadows' employment and/or medical records; that Dr. Schade showed Mr. Meadows this statement; that such statement shows that Mr. Meadows sustained a broken leg prior to the oilfield accident; and that Mr. Meadows did not deny the truth of the statement contained in these records.  It is for you to decide whether inquiry was made of Mr. Meadows in regards to this statement.  If you decide that inquiry was made, you must decide whether the following things are true: Mr. Meadows understood Dr. Schade's inquiry regarding the statement; was able to deny the statement and failed to do so; and a reasonable person in the same circumstances would have denied the statement if it was false.  If you decide that these things all are true, you may treat the silence by Mr. Meadows as an admission of the truth of the statement, *i.e.,* that Mr. Meadows did in fact sustain a broken leg prior to the oilfield accident.

**Alaska Pattern Jury Instruction 1A.06E (modified)**

**JURY INSTRUCTION NO. 33**

**DAMAGES – INTRODUCTORY INSTRUCTION; LIABILITY CONTESTED**

If you decide in favor of the plaintiff, you must then decide how much money, if any, will fairly compensate the plaintiff.  I will list for you the items of loss claimed by the plaintiff.  You may not assume because I list an item of loss or explain how to measure a particular loss that you are required to make an award for that loss.  For each item of loss you must decide that it is more likely true than not true that:

1.     the plaintiff had such a loss or is reasonably probable to have such a loss in the future, and

2.     the loss was legally caused by the conduct of the defendant or Nabors or both.

If both of these things are more likely true than not true, you must then decide how much money will fairly compensate the plaintiff for that item of loss.  If you do not conclude that both of these things are more likely true than not true for a particular item of loss, you may not make an award for that loss.

The items of loss claimed by the plaintiff fall into two categories known as economic losses and non-economic losses.

The items of economic loss claimed by the plaintiff are:

1….]

2….]

I will now explain how to measure each of these claimed items of loss.

**Alaska Pattern Jury Instruction 20.01A (modified)**

**JURY INSTRUCTION NO. 34**

**PAST MEDICAL EXPENSES**


The first item of economic loss claimed by the plaintiff is the reasonable expense of necessary medical care from October 16, 2003 to October 10,2006.  [In fixing this amount, "medical care" includes: (insert any claimed services or items which the Court determines are "medical care", such as nursing care, drugs, etc.).]

**Alaska Pattern Jury Instruction 20.02A**

**JURY INSTRUCTION NO. 35**

**FUTURE MEDICAL EXPENSES**

The second item of economic loss claimed by the plaintiff is the reasonable expense of necessary medical care reasonably probable to be received in the future. In order to award damages for a future medical expense, you must find that

(1) the expense is reasonably necessary;

(2) the expense is reasonably certain to occur; and

(3) the evidence provides you with a reasonable basis for estimating the amount of the expense.

[In deciding how long the plaintiff may have medical expenses in the future you may need to consider his current life expectancy.]

[In fixing this amount, "medical care" includes: (insert any claimed services or items which the Court determines are "medical care", such as nursing care, drugs, etc.).]

**Alaska Pattern Jury Instruction 20.02B**

**JURY INSTRUCTION NO. 36**

**PAST EARNINGS**

The third item of economic loss claimed by the plaintiff is the value of (work time) (earnings) (profits) (salaries) lost by the plaintiff from the October 16, 2003 to October 10, 2006. To calculate this amount, you must deduct federal and state income taxes that would have been paid.

**Alaska Pattern Jury Instruction 20.03**

**JURY INSTRUCTION NO. 37**

**LOSS OF FUTURE EARNING CAPACITY**

The fourth item of economic loss claimed is the reduction in the ability of the plaintiff to earn money in the future.

You may award the plaintiff a fair amount for any reduction in future ability to earn money that he is reasonably probable to experience.

To calculate this amount, you must determine the difference between the plaintiff's ability to earn money before the injury and his ability to earn money after the injury. To do this you may consider the plaintiff's health, physical and mental abilities; his work habits and occupation before the accident; the nature and extent of his injuries; and how long and to what extent his injuries will affect his earning ability in the future. Your calculation of the plaintiff's ability to earn money before the injury must be based on the plaintiff's life expectancy before the injury occurred.

To decide the plaintiff's earning ability, both before and after the injury, you may consider the wages he earned before and after the injury and any reasonably probable increases in those wages due to promotions or automatic step increases. You must not make any deduction for any future income taxes, and you must not consider any pay increases due to increases in the cost of living.

**Alaska Pattern Jury Instruction 20.04**

## JURY INSTRUCTION NO. 38

## INFLATION AND PRESENT VALUE - FUTURE ECONOMIC LOSSES

Plaintiff claims that he will have economic losses in the future, consisting of [future medical expenses] [and] [loss of future earning capacity]. I will now instruct you on two principles you must apply to calculate an award for a future economic loss.

The first principle is that an award for future economic loss must account for the effect that any future inflation would have on the amount of the future economic loss. [Any award for future medical expenses must be based on the cost of the medical expenses when they are incurred in the future.] [Any award for future loss of earning capacity must account for reasonably probable increases in wages due to inflation.]

The second principle is that any award that you make for future economic loss must be equal to the amount of money that the plaintiff would need to invest <u>today</u> so that the total of the amount invested today plus future investment earnings equals the amount of the future economic loss when it will occur in the future. To make this calculation, you must make three assumptions: (1) that the money you award to the plaintiff for a future economic loss would be available to (him) (her) today; (2) that the plaintiff would invest the money immediately; and (3) that the plaintiff would invest the money in investments that would pay the long-term future interest rates that would be obtained in the best and safest investments.

**Alaska Pattern  Jury Instruction 20.05**

**JURY INSTRUCTION NO. 39**

**NON-ECONOMIC LOSSES**

The (first, second, etc.) item of loss claimed by the plaintiff is for non-economic losses.  You may award the plaintiff a fair amount to compensate the plaintiff for [pain and suffering] [loss of enjoyment of life] [disfigurement] [physical impairment] [and] [inconvenience] resulting from the injury.  Such an award should fairly compensate the plaintiff for the non-economic losses he has experienced from the date of the injury until the date of trial [and for non-economic losses that he is reasonably probable to experience in the future].  [In deciding how long the plaintiff may experience such losses in the future, you may need to consider his current life expectancy.]

The law does not establish a definite standard for deciding the amount of compensation for non-economic losses, and the law does not require that any witness testify as to the dollar value of non-economic losses.  You must exercise your reasonable judgment to decide a fair amount in light of the evidence and your experience.

**Alaska Pattern Jury Instruction 20.06**

**JURY INSTRUCTION NO. 40**

**LIMIT ON NON-ECONOMIC DAMAGES – SEVERE PERMANENT PHYSICAL**

**IMPAIRMENT**

Plaintiff claims that the defendant's conduct caused him/her to have a severe permanent physical impairment. The plaintiff has a severe permanent physical impairment if he/she has a physical condition that substantially and permanently limits one or more of his/her major life activities.  Major life activities include functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working.

**Alaska Pattern Jury Instruction 20.07M**

**JURY INSTRUCTION NO. 41**

**FUTURE DAMAGES – NO REDUCTION TO PRESENT VALUE**

As I have instructed you, you may decide it is reasonably probable that the plaintiff will have some future [non-economic] losses resulting from the (accident).  In fixing an amount for future [non-economic] losses, you must disregard the fact that any amount you award the plaintiff may be paid before the actual loss occurs.  You must also disregard the fact that the value of money may change over time.

**Alaska Pattern Jury Instruction 20.10**

**JURY INSTRUCTION NO. 42**

**DAMAGES - MITIGATION**

Mr. Meadows has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

Schlumberger has the burden of proving by a preponderance of the evidence:

1.     That Mr. Meadows failed to use reasonable efforts to mitigate damages; and

2.     The amount by which damages would have been mitigated.

**Ninth Circuit Model Instruction 7.3**

**JURY INSTRUCTION NO. 43**

**CLOSING INSTRUCTIONS — EVALUATION OF EVIDENCE**


The weight to be given the evidence is for you to determine.  You must examine the evidence carefully and decide how to evaluate it in light of the law that I have given you in these instructions.

In your deliberations, you must not be governed by mere sentiment, unsupported conjecture, sympathy, passion, prejudice, public opinion, or public feeling.  You should consider the evidence in light of your own common sense and observations and experiences in everyday life.  But you may not consider other sources of information not presented to you in this court.


**Alaska Pattern Jury Instruction 2.26**

**JURY INSTRUCTION NO. 44**

**JURUR NOTES**

At the beginning of the trial, I told you that it was for you to decide individually whether or not you wanted to take notes. When you begin your deliberations, you may have your notes with you. Remember that one juror's notes are not necessarily to be given more weight in your deliberations than the memory of another juror who chose to consider the evidence carefully without taking notes. When the case is over your notes will be collected and kept as confidential material in the records of the court.

03.09D    SPECIAL VERDICT FORM – ACTION ACCRUING ON OR
          AFTER AUGUST 17, 1997 – NON-PARTIES

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

_____,
                Plaintiff,

v.


_____,
                Defendant.

Case No. _____

SPECIAL VERDICT

We, the jury in the above-entitled case, find the following special verdict submitted to us in the above-captioned case:

**(1)    Was the defendant negligent?**

**Answer "yes" or "no."  Answer:** _____

If your answer to Question No. 1 was "no," do not answer Question No. 2.  Answer Question No. 3.

However, if your answer to Question No. 1 was "yes", answer Question No. 2.

**(2)    Was the negligence of the defendant a legal cause of injury to the plaintiff?**

**Answer "yes" or "no."  Answer:** _____

If your answer to Question No. 2 was "no", answer Question No. 3.

If your answers to both Question No. 1 and Question No. 2 were "yes", write the name of defendant in one of the spaces provided in Question No. 8. Then follow the instructions in Question No. 3.

**(3)    Before you go any further, you must review your answers to the preceding questions.**

The preceding questions included two questions regarding the defendant. For example, questions 1 and 2 relate to defendant Schlumberger Technology Corporation. If you answered "yes" to both questions, you should have listed the name of that defendant in one of the spaces provided in Question No. 8. If so, you must now answer Question No. 4.

If you did not answer "yes" to both questions, you should not have listed any names in the spaces provided in Question No. 7. If so, you are finished with your deliberations, and you must not answer any of the other questions on this form. Your foreperson must sign and date this verdict form.

**(4)    Was Nabors Alaska Drilling, Inc. negligent?**

**Answer "yes" or "no." Answer: _____**

If your answer to Question No. 4 was "no," do not answer Question No. 5. Answer Question No. 6.

However, if your answer to Question No. 4 was "yes," you must now answer Question No. 5.

**(5)    Was the negligence of Nabors Alaska Drilling, Inc. a legal cause of damage to the plaintiff?**

**Answer "yes" or "no." Answer: _____**

If your answer to Question No. 5 was "no", answer Question No. 6.

If your answers to both Question No. 4 and Question No. 5 were "yes", write Nabors Alaska Drilling, Inc. in one of the spaces provided in Question No. 8. Then answer Question No. 6.

**(6)**     **Could the plaintiff have reasonably avoided or mitigated any part of his damages?**

     **Answer "yes" or "no."  Answer:** _____

     If your answer to Question No. 6 was "no", answer Question No. 7.

     If your answer to Question No. 6 was "yes", write the plaintiff's name in one of the spaces provided in Question No. 8.  Then answer Question No. 7.

     **(7)     The instructions to the previous questions on this form told you to enter names in the spaces in Question No. 8 depending on your answers to certain questions.  What are the total damages, if any, to the plaintiff that were legally caused by the negligence of all of the persons who you have listed in the spaces provided in Question No. 8? Include damages that the plaintiff reasonably could have avoided.**

|     |                                        |     |
|-----|----------------------------------------|-----|
| **(a)** | **Past economic loss :**           | $_____ |
| **(b)** | **Past non-economic loss :**       | $_____ |
| **(c)** | **Future economic loss :**         | $_____ |
| **(d)** | **Future non-economic loss :**     | $_____ |
|     | **TOTAL:**                              | $_____ |

     If the total amount entered in response to Question No. 7 is $0, do not answer any further questions.  The foreperson should date and sign the verdict. However, if you have stated any sum of money in answer to Question No. 7, then answer Question No. 8.

     **(8)     The instructions to the previous questions on this form told you to enter names in the spaces below, depending on your answers to certain questions.  For each name that you entered in one of the spaces below, you must determine the percentage of fault for the damages identified in your response to Question No. 7.  The total <u>must</u> be equal to 100%.  Do not add any additional names, and do not assign percentages of fault to anyone other than the names you entered below in response to the questions on this form.  The percentage of fault assigned to the plaintiff should include any failure to avoid or mitigate damages.**

**In determining the percentage of fault for each name on the list, you must consider the nature of their conduct, and the extent of the causal relationship between the conduct and the damages that you have identified in response to Question No. 7.**

**Name**_____    _____%
**Name**_____    _____%
**Name**_____    _____%
**Name**_____    _____%
**Name**_____    _____%
**TOTAL**                                   ____**100%**____


DATED at _____, Alaska, this _____ day of
_____, _____.

_____
Foreperson of the Jury

Alaska Pattern Civil Jury Instruction 2.30

Alaska Pattern Civil Jury Instruction 2.30