are paid by Mr. Meadow's workers compensation carrier.  The worker's compensation carrier has contested or disputed the billings for services provided to Mr. Meadows by Dr. Schade, because it claims that Mr. Meadows changed doctors without required authorization.

4.   I have asked Defendant's attorney, Shannon Martin, for the factual basis for Defendant's allegation that Dr. Schade has provided any medical services to Plaintiff Meadows on a contingent basis.  The only evidence that Mr. Martin was able to specify was the testimony at page 69 of Dr. Schade's deposition in this case and the letter of assurance attached to Defendant's trial brief.

5.   Shortened time is necessary, because Defendant has recently raised this issue, the Pre-trial Conference is scheduled for Friday, September 29, 2006, in this case and the issue needs to be decided prior to trial.

6.   I have corresponded via e-mail with Defendant's attorney, Shannon Martin, and Mr. Martin has indicated that Defendant believes that the letter of assurance and testimony by Dr. Schade support Defendant's allegations.  I informed Mr. Martin that Plaintiff Meadows intended to file a Motion in Limine with the Court on this issue if Defendant did not change its position.  Defendant has not indicated that it has any intent to change its position on this issue.

Affidavit of Robert Sparks in Support of
Plaintiff's Motion in Limine And Shortened Time
Page 2