Robert A. Sparks, Esq.
Law Office of Robert A. Sparks
1552 Noble Street
Fairbanks, Alaska    99701
907-451-0875

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| DARYL MEADOWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SCHLUMBERGER TECHNOLOGY | ) |
| CORPORATION, a foreign corporation, | ) |
| | ) |
| Defendant. | ) |

Case No. A05-0032 CV (TMB)

### PLAINTIFF'S 3rd MOTION IN LIMINE
### Re: ALLEGATION OF CONTINGENT MEDICAL SERVICES

Before the voir dire examination of the jury panel, and out of the presence and hearing of the jury panel, Plaintiff Daryl Meadows, makes this Motion in Limine to exclude frivolous matters pertaining to Plaintiff Meadows medical expert C.M. Schade M.D. that are incompetent, irrelevant, or prejudicial to the material issues in this case, specifically Defendant's frivolous claim that Dr. Schade provided any medical services to Plaintiff Meadows on a contingent basis.  If Defendant Schlumberger Technology injects this matter into the trial of this case through a party, an attorney, or a witness, Defendant will cause irreparable harm to Plaintiff's case, which no jury instruction

would cure.  If this matter is directly or indirectly brought to the attention of the jury, Plaintiff would be compelled to move for a mistrial.  In an effort to avoid prejudice and a possible mistrial, Plaintiff Meadows urges this Motion in Limine.

### A.  Request for Limine

Plaintiff asks the Court, by entering the attached Order, to prohibit Defendant from arguing or stating that Dr. Schade provided any medical services on a contingent basis, without first asking for a ruling from the Court on the admissibility of the evidence, outside the presence of the jury.

Following the receipt of Defendant's trial brief, Plaintiff Meadows' counsel inquired of Defendant's Attorney Shannon Martin as to the factual basis for Defendant's allegation that Dr. Schade provided any treatment to Plaintiff Meadows on a contingent basis, other than the assurance letter attached to Defendant's Trial Brief, Mr. Martin responded by pointing to Page 69 in Dr. Schade's deposition.  See R. Sparks Aff.

Turning to the pages cited by Defendant's attorney, pages 68-69 of Dr. Schade's deposition, the doctor testifies:

> BY MR. MARTIN:
>     Q:  And here is your copy, just to refer to. The letter says, Dr. Schade, per our representation of Daryl in the above-referenced action, which resulted from an explosion on October 16th, '03, this letter guarantees payment of the above-referenced

>            account from the settlement funds obtained
>            in this action.
>            Did you obtain this letter?
> A:   Yes.
> Q:   Is that your understanding, is that you're
>            guaranteed payment for anything you do in
>            the way of treatment?
> A:   Provided there's sufficient funds to pay for
>            it.
> Q:   The next page in that Exhibit E is another
>            letter to you from Mr. Colbert, and it
>            indicates – there's actually – I have three
>            of the same letter.  I'll just take two of
>            those out.  Obviously the one is the only
>            one I'm interested in.  And that sets froth
>            the items required under Rule 26 that should
>            be included in your report; is that right?
> A:   Yes.
> Q:   And then the last item in that Exhibit shows
>            what your fees are.  Do you see that?  It's
>            on your three-page – it looks like a three-
>            page agreement regarding retention of your
>            services.
> A:   I see that.
> Q:   On page 2, your hourly rate is $400 an hour
>            for consulting and review of records, $400
>            an hour for travel to trials, $400 an hour
>            with a four-hour minimum; is that right?
> A:   Yes.
> Q:   You're an expert in this case, correct?
> A:   Yes.

Exhibit A, Dr. Schade Deposition Excerpt.  Attached hereto as Exhibit "B" is a copy of Defendant's exhibit AH, which is the letter of assurance from Mr. Colbert to Dr. Schade, a letter to Dr. Schade regarding his report in this case, and Dr. Schade's expert witness retainer letter.  Exhibit "B".

There is no evidence that any work done in this case by Dr. Schade, either for medical services provided to Daryl

Meadows or expert witness services provided to Mr. Colbert were provided on any contingency. While any payment to Dr. Schade from Plaintiff's recovery in this case is contingent on there being a recovery in this case, there is no evidence that Mr. Meadows obligation to pay Dr. Schade's billings is contingent on any event.

Notably, Defendant did not ask Dr. Schade any questions on this topic at his deposition, except as quoted above. Robert Sparks, Plaintiff Meadows' co-counsel in this case, testifies in his attached affidavit that it is Mr. Sparks' understanding that Dr. Schade is being paid by Mark Colbert for any expert witness work in this case, no matter what the result of the case, and that other than the letter of assurance, Mr. Meadows is personally responsible for the charges for Dr. Schade's medical treatment. <u>See</u> Affidavit of Robert Sparks.

There is no evidence that Dr. Schade agreed to do any work on a contingent basis for either Plaintiff Meadows or Mr. Colbert. Defendant has no factual basis for its allegation that Dr. Schade provided any medical care on a contingent basis and such allegations and implications should be excluded from the trial in this case.

### B.  Prayer

For these reasons, Plaintiff Meadows asks the Court to instruct Defendant Schlumberger and all counsel not to mention,

refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any allegation or suggestion that Dr. Schade has performed any medical services or expert witness services for Daryl Meadows on a contingent basis.

DATED this 27th day of September, 2006, at Fairbanks, Alaska.

THE LAW OFFICE OF ROBERT A. SPARKS

/s/ Robert A. Sparks
Robert A. Sparks
Attorney for Plaintiff
1552 Noble Street
Fairbanks, Alaska 99701
(907) 451-0875
Fax: (907) 451-9385
E-mail: sparkslawoffice@yahoo.com
Membership No.: 8611139

CERTIFICATE OF SERVICE

I hereby certify that on the 27th[st] day of September, 2006, a copy of forgoing was served by E-Mail on:
Shannon W. Martin
Grace Hollis

Brewster Jamieson
Lane Powell LLC

and by regular mail to:
Mark Colbert, Esq

By: /s/ Robert A. Sparks