Robert A. Sparks, Esq.
Law Office of Robert A. Sparks
1552 Noble Street
Fairbanks, Alaska   99701
907-451-0875

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

DARYL MEADOWS,                                        )
                                                      )
         Plaintiff,                                   )
                                                      )
     vs.                                              )
                                                      )
SCHLUMBERGER TECHNOLOGY                               )
CORPORATION, a foreign corporation,                   )
                                                      )
         Defendant.                                   )
_____)
Case No. A05-0032 CV (TMB)

**OPPOSITION TO BP MOTION TO QUASH ENSLOW SUBPOENA**

Plaintiff Daryl Meadows, by and through his attorney, Robert A. Sparks, hereby opposes BP Exploration (Alaska) Inc.'s (BPXA's) "Motion to Permit Presentation of Witness Don Enslow's Testimony in Open Court by Contemporaneous Transmission From Atlanta; Or, In the Alternative, to allow Mr. Enslow's Trial Testimony to be Captured by Videotape Deposition Prior to Trial" (hereinafter "BP Motion to Quash").  While Plaintiff Meadows is very understanding of the difficulties that a subpoena can cause to non-parties, BPXA has simply failed to establish that any valid grounds exist under FRCP 45 to quash or modify Mr. Enslow's trial subpoena in this case.

## FACTS

BPXA's employee Don Enslow was presented as BPXA's 30(b)(6) deposition witness in this case regarding the investigation report prepared regarding the incident injuring Plaintiff Meadows. See Exhibit "A" BPXA 30(b)(6) (Enslow) deposition excerpt. BPXA is the owner of the oil leases on which Defendant Schlumberger was working at the time of the incident in this case.

BPXA failed to even attempt to directly contact Plaintiff Meadows' counsel, prior to filing its instant motion. See BPXA Memorandum at p. 2-3. Instead, BPXA chose to send a message through Defendant Schlumberger's counsel in this case. See BPXA Memorandum at p. 3. The message sent from Defendant's attorney was that:

> Schlumberger would non-oppose any motion you may choose to file under Civil Rule 43 with respect to Mr. Enslow providing that plaintiff Meadows extends the same courtesy to Schlumberger in connection with its pending motions to allow Jim Wood and Grant Owen to testify in open court by contemporaneous transmission from Oklahoma.

See Defendant's Memorandum, document 104, exhibit A, p. 1. Defendant's offer was that Mr. Enslow could not testify unless Plaintiff agreed to the live testimony of Defendant's two Oklahoma witnesses that Defendant had failed to timely depose.

Mr. Enslow has important evidence to present at the trial of

this case concerning the investigation of the incident injuring Plaintiff Meadows and the process of determining the cause of the incident.  See Exhibit "A" BPXA 30(b)(6)(Enslow) excerpt at 1-26.

Mr. Enslow was served by Plaintiff Meadows' process server with a subpoena to testify as a trial witness in this case on August 24, 2006.  See Exhibit "B" return of service with copy of subpoena and check.  Mr. Enslow had approximately 5 ½ weeks of advance notice of his being called as a witness at the trial of this case, from the date of service.

Mr. Enslow does not state in his affidavit that he has ever before attended any meetings of the National Fire Protection Association (NFPA) Technical Committee for Gaseous Fire Extinguishing Systems.  Mr. Enslow does not state in his affidavit how long he has been a member of the committee or whether any other current employee of BPXA is a member or has ever been a member of the committee.  Mr. Enslow does not state whether any BPXA employee regularly attends these meetings or whether any other employee of BPXA has ever attended any of the Technical Committee for Gaseous Fire Extinguishing Systems meetings.  Mr. Enslow does not state what the agenda for the committee meeting is or whether any items on the agenda relate to issues important to BPXA or what days those issues would be heard by the committee.

**ARGUMENT**

     BPXA's reliance on FRCP 43(a) is erroneous. The section of the Federal Rules of Civil Procedure that pertains to compliance with trial subpoenas is Rule 45. See FRCP 45(c).

     Federal Rule of Civil Procedure 45(c) provides for protection of persons subject to subpoenas. Section 1 states that "A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Plaintiff Meadows takes Rule 45(c) very seriously. However, in the present circumstances, Mr. Enslow and BPXA have failed to show that compliance with the subpoena would cause them any undue burden or expense.

     Rule 45(c)(3)(A) provides that:

> On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
>
> (i) fails to allow reasonable time for compliance;
>
> (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
>
> (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
>
> (iv) subjects a person to undue burden.

FRCP 45 (c)(3)(A).

BPXA does not rely on grounds (i), (ii) or (iii) and its explanation that Mr. Enslow is scheduled to be out of town at a conference in Atlanta, Georgia, at the time of trial in this case is insufficient to establish any undue burden to justify quashing or modifying Mr. Enslow's subpoena. Plaintiff's counsel has been unable to locate any reported cases under FRCP 45 where a trial subpoena was modified or quashed, because a witness was scheduled to attend a vacation, conference or convention.

Mr. Enslow's affidavit does not establish how long he has been on the committee, whether he even ever previously attended a committee meeting or whether anyone else at BPXA could attend the committee meeting in his place. BPXA has failed to show that it would cost it even a dollar for Mr. Enslow to attend the first day or two of trial in this case to testify as a live witness.

Further, it is anticipated that Mr. Enslow's testimony will be accompanied by having to view many exhibits. The DEPS system is wonderful, but certainly is not as efficient and quick as hard-copy exhibits with a live witness.

BPXA has failed to show that Mr. Enslow would suffer any undue hardship if he complies with his subpoena and attends the trial in this case. Mr. Enslow's testimony is important to proof of Plaintiff Meadows case. BPXA's motion should be denied in all respects.

DATED this 27th day of September, 2006, at Fairbanks, Alaska.

THE LAW OFFICE OF ROBERT A. SPARKS

/s/ Robert A. Sparks
Robert A. Sparks
Attorney for Plaintiff
1552 Noble Street
Fairbanks, Alaska 99701
(907) 451-0875
Fax: (907) 451-9385
E-mail: sparkslawoffice@yahoo.com
Membership No.: 8611139

CERTIFICATE OF SERVICE

I hereby certify that on the 27th[st] day of September, 2006, a copy of forgoing was served by E-Mail on:
Shannon W. Martin
Grace Hollis

Brewster Jamieson
Lane Powell LLC

Gregory L. Youngmun
BP Exploration (Alaska) Inc.

and by regular mail to:
Mark Colbert, Esq

By: /s/ Robert A. Sparks