Robert A. Sparks
Law Office of Robert A. Sparks
1552 Noble Street
Fairbanks, Alaska  99701
Phone:  (907) 451-0875

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DARYL MEADOWS, | )<br>) |
| Plaintiff, | )<br>) Case No.: A05-032-CV |
| vs. | )<br>) |
| SCHLUMBERGER TECHNOLOGY CORPORATION, | )<br>)<br>) |
| Defendant | )<br>) **REPLY** |

**COMES NOW**, the Plaintiff, Daryl Meadows, and for his Reply to Defendant's Opposition to Plaintiff Meadow's Third Motion in Limine, and shows the Court as follows:

Plaintiff Meadows deposed Dr. Schade by trial deposition on March 30, 2006.  Plaintiff moved to introduce Exhibit No. 89, the medical bill of Dr. Schade.  The Defendant's only objection was that the bill did not represent treatment.  See Exhibit "C" *Page 59 of Dr. Schade's deposition dated March 30, 2006*.  This objection was in direct contradiction to the unobjected testimony of Dr. Schade setting forth his course of treatment with lumbar sympathetic blocks, etc.  There was no objection by the Defendant to the bill based on Defendant's contingency fee argument.

Federal Rules of Civil Procedure, Rule 30 (c) requires that all objections be made on the record. Defendant waived its right to object to introduction of Dr. Schade's testimony when it failed to object at the trial deposition to admission of the testimony. Had the objection been made, Plaintiff would have addressed the issue.

With regard to the merits of this new objection, Dr. Schade testified that the spinal cord stimulation surgery, trial and permanent, was necessary to prevent spreading of the Reflex Sympathetic Dystrophy; moreover, Plaintiff's prognosis is good with the treatment and poor without it. See Exhibit "C" *Page 42-44 of Dr. Schade's March 30, 2006 deposition.*

Attached, hereto is Daryl Meadows *Affidavit* whereby he states his understanding that he is personally responsible for Dr. Schade's treatment billings and all others billings for treatment coordinated through Dr. Schade. See Daryl Meadows Affidavit dated October 3, 2006.

Attached hereto as Exhibit "D" is a copy of a "Notice of Doctor's Lien" signed by Plaintiff Meadows. See Exhibit "D" Agreement. This agreement specifically states that:

> I fully understand that I am directly and fully responsible to said doctor for all of the medical bills submitted by him for services rendered to me and that this agreement is made solely for said doctor's additional protection and in consideration of his awaiting payment. And I further understand that such payment is not contingent on any settlement, judgment, or recovery by which I may eventually recover said fee.

Exhibit "D" "Notice of Doctor's Lien".

Attached hereto is the *Texas Medical Association Code for Physicians and Attorneys of Texas, Fees for Services of Physicians*.  <u>See</u> Exhibit "F" Texas Medical Code  This Rule specifically allows for payment of the physician from the recovery the client may receive and states that while an Attorney may operate on a contingency fee; however, the physician may not. His fee should not be any more or any less than reasonable compensation for the physician's time.  Also, The AMA E-6.01 Contingent Physician Fees cited by Defendant states that the physician's fee should be based on the service provided by the physician.

Defendant has not laid a proper foundation to show that Dr. Schade's fees are any more or any less than reasonable compensation for his time.  Further, there is no argument that Dr. Schade entered into a contingency fee such as 25% of recovery, etc.  Finally, it is uncontested that Mr. Meadows is personally responsible for payment for the medical services provided by Dr. Schade.

Defendant waived its right to object on the contingency fee basis and its argument fails on its merits.  The Court is granted broad authority on its evidentiary rulings and to allow Defendant to state during opening statements and subsequently during trial that Dr. Schade has acted unethically, is not supported by the evidence and would be greatly prejudicial. Pursuant to Federal Rules of Civil Procedure, Rule 403, the probative value of such

evidence and argument is substantially outweighed by its unduly prejudicial effect.  The court has broad latitude in what is considered relevant under Rule 403 and the Plaintiff would respectfully request an order that the Defendant's evidence regarding any alleged contingent medical fee be excluded along with any reference thereto.

DATED this 3rd day of October, 2006, at Fairbanks, Alaska.

THE LAW OFFICE OF ROBERT A. SPARKS

/s/ Robert A. Sparks
Robert A. Sparks
Attorney for Plaintiff
1552 Noble Street
Fairbanks, Alaska 99701
(907) 451-0875
Fax: (907) 451-9385
E-mail: sparkslawoffice@yahoo.com
Membership No.: 8611139

CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of October, 2006,  a copy of forgoing was served by E-Mail on:
Shannon W. Martin
Grace Hollis

Gregory Youngmun
BP Exploration (Alaska)

Brewster Jamieson
Lane Powell LLC

and by regular mail to:
Mark Colbert, Esq

By: /s/ Robert A. Sparks