

**Code for Physicians and Attorneys of Texas**

Designed to achieve a better understanding between the medical and legal professions.

Developed by the TMA Committee on Liaison with the State Bar of Texas and the Committee on Coordination with Other Professional Groups of the State Bar of Texas.

Approved:

_____Texas Medical Association House of Delegates

_____Date: November 17 1990

_____Board of Directors State Bar of Texas

_____Date: September 18 1992

_____Effective Date: September 18 1992

**Preamble**

Doctors of medicine and attorneys at law are guided by long-established principles of ethics which are powerful safeguards for those they serve.

TMA members subscribe to the AMA Principles of Medical Ethics. First responsibility is to the welfare of the patient. This physician-patient relationship is privileged based upon the patient's realization that information which he gives his physician will be held in strict confidence.

The attorney as an officer of the court is sworn to support the law of the land. Under our adversary system of law he is the single-minded advocate of his client's interests. Like the physician the attorney has pledged himself to protect and guard the confidence of his client.

The Code set forth here is meant as a guide for attorneys and physicians in their interprofessional relations. Such a guide is deemed important because more now than ever before physicians and attorneys find their professions serving the interests of the same individual. This Code recognizes that with the growing inter-relationship of medicine and law it is inevitable that physicians and attorneys will be drawn into steadily increasing association. It will achieve its purpose if it promotes the public welfare improves the mutual esteem and practical working relationship of the two professions and facilitates the administration of justice.

http://www.texmed.org/PrintThisPage.aspx?id=3733                     10/02/2006

### Fees for Services of Physicians

The physician is entitled to reasonable compensation for time spent in conferences review of literature professional knowledge preparation of medical reports and for court or other appearances. There are proper and necessary items of expense in litigation involving medical questions. The attorney as an advocate may properly base his fee on contingency of results but as an impartial witness the physician cannot base his charges on the outcome of the case or the amount of damages awarded. The attorney should do everything possible to assure payment for services rendered by the physician to the attorney or his client. When the physician has not been fully paid the attorney should request permission of his client to pay the physician from any recovery which the client may receive. The physician should discuss payment for his services with the attorney in advance and it would be appropriate for the arrangement to be predicated on time spent. Thus the physician should not request nor should the attorney pay any more or any less than reasonable compensation for the physician's time.

---

### Consideration and Disposition of Complaints

The public airing of any complaint or criticism by a member of one profession against the other profession or any of its members is to be deplored. Such complaints or criticisms including complaints of the violation of the principles of this Code should be referred by the complaining physician or attorney to the appropriate association of the other profession. All such complaints or criticisms should be promptly and adequately processed by the association receiving them.

### Implementation of this Code at Local Levels

This Code should in the public interests be appropriately expanded and implemented at local levels as early as practicable for the purpose of improving the interprofessional relationship between the legal and medical professions.

### Interprofessional Esteem

Each of these professions is vitally essential to the very preservation of society. The aims of the two professions are essentially parallel and this necessitates an enlightened understanding and full cooperation at all times. These are obligations which each profession owes to the other in the best interests of the public as well as in the best interests of the separate reputations of the two professions. Each must bear in mind the differences in the capacities and characteristics of the practitioners of both professions and never forget that while law and medicine may each be termed a science each is an inexact science and such inexactness is and always will be accented by the human limitations of its practitioners.

---

1. See Tex. Health and Safety Code Ann. sec. 622.002 (Vernon 1992) regarding restrictions on disclosure of any mental or emotional condition or disorder including alcoholism or other drug addiction; Tex. Rev. Civ. Stat. Ann. art. 4495b, sec. 5.08 (Vernon Supp. 1992) concerning exceptions and restrictions on disclosure of medical information; suits involving patient-child relationships and proceedings concerning abuse and neglect of a resident in an "institution" as defined in the Tex. Health and Safety Code Ann. sec. 242.001 (Vernon 1992); and also the Texas Code of Criminal Procedure art. 38.101. Restrictions on the disclosure of records of alcohol and drug abuse patients being treated in

http://www.texmed.org/PrintThisPage.aspx?id=3733

10/03/2006